1   REBECCA EISEN, State Bar No. 096129
    THERESA MAK, State Bar No. 211435
2   M. MICHAEL COLE, State Bar No. 235538
    MORGAN, LEWIS & BOCKIUS, LLP
3   One Market, Spear Street Tower
    San Francisco, CA  94105-1126
4   Tel: 415.442.1000
    Fax: 415.442.1001
5   reisen@morganlewis.com
    tmak@morganlewis.com
6   mcole@morganlewis.com

7   DARYL S. LANDY, State Bar No. 136288
    MORGAN, LEWIS & BOCKIUS LLP
8   2 Palo Alto Square
    3000 El Camino Real, Suite 700
9   Palo Alto, CA  94306-2212
    Tel: 650.843.4000
10  Fax: 650.843.4001
    dlandy@morganlewis.com
11

    Attorneys for Defendants
12  CBS RADIO INC. (formerly known as "Infinity
    Broadcasting Corporation"), CBS CORPORATION,
13  INFINITY BROADCASTING CORPORATION
    (erroneously sued as "Infinity Broadcasting Inc."),
14  and VIACOM INC.

15                  UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17

18          C  07      2948    JL

19  TERRY SAIDEL and GINA FONG,          Case No.
    individually and on behalf of all others
20  similarly situated,                  NOTICE OF REMOVAL OF ACTION TO
                                         THE UNITED STATES DISTRICT COURT
21                                       FOR THE NORTHERN DISTRICT OF
                Plaintiffs,              CALIFORNIA
22
            vs.
23
    CBS RADIO, INC., a Delaware
24  corporation; CBS CORPORATION, a
    Delaware corporation; INFINITY
25  BROADCASTING, INC., a Delaware
    corporation; VIACOM, INC., a Delaware
26  Corporation; and DOES 1 through 10,
    inclusive,,
27
                Defendants.
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7555952.1                              NOTICE OF REMOVAL

E-filing

1    Defendants CBS Radio Inc. (formerly known as "Infinity Broadcasting Corporation"),

2    CBS Corporation (formerly known as "Viacom Inc."), Infinity Broadcasting Corporation

3    (erroneously sued as "Infinity Broadcasting, Inc."), and Viacom Inc. (collectively, "Defendants")

4    give notice that this action is hereby removed from the Superior Court of the State of California

5    for the County of Alameda, to the United States District Court for the Northern District of

6    California. Defendants remove this matter pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and

7    1453, and state that this Court has jurisdiction over the action pursuant to the Class Action

8    Fairness Act of 2005.

9    As and for their Notice of Removal, Defendants plead as follows:

10    1.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to

11    removal of causes. *See* 28 U.S.C. § 1453.

12    2.    Plaintiffs Terry Saidel and Gina Fong instituted this civil action in the Superior

13    Court of the State of California for the County of Alameda on or about May 3, 2007, with the

14    assigned case number being RG07324137.

15    3.    This action was therefore commenced after the effective date of the Class Action

16    Fairness Act of 2005, Pub. L. No. 109-2 (enacted Feb. 18, 2005) ("CAFA"), *codified at* 28 U.S.C.

17    §§ 1332(d), 1453, and 1711-1715.

18    4.    The Summons and Complaint were served upon Defendants CBS Corporation,

19    CBS Radio Inc., Infinity Broadcasting Corporation (erroneously sued as "Infinity Broadcasting,

20    Inc."), and Viacom Inc. on or about May 8, 2007 by process server. True and correct copies of

21    the Summons, Proofs of Service of Summons, Notices of Service of Process, Civil Case Cover

22    Sheet, and Complaint are attached hereto as **Exhibit A**, and are incorporated by reference herein.

23    5.    On or about May 16, 2007, Defendant CBS Radio Inc. was served with a Notice of

24    a Complex Determination and Case Management hearing, a true and correct copy of which is

25    attached hereto as **Exhibit B**.

26    6.    Defendants' Answer to Plaintiff's Unverified Complaint was filed with the

27    Alameda County Superior Court and served on Plaintiff's counsel on June 5, 2007. A true and

28    correct copy of the Answer is attached hereto as **Exhibit C**.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    7.    Because this Notice of Removal is filed within thirty days of service of the

2    Summons and Complaint upon the Defendants, it is timely under 28 U.S.C. §§ 1446(b) and 1453.

3    8.    This lawsuit was brought by putative representative persons on behalf of a

4    purported class of individuals. Complaint, ¶¶ 1, 21. As such, this matter is a "class action" as

5    that term is defined pursuant to 28 U.S.C. §§ 1332(d) (1) (B) and 1453.[1]

6    9.    This action originally could have been filed in this Court under

7    28 U.S.C. § 1332(d) because this matter was brought as a class action, complete diversity of

8    citizenship exists between one or more members of the class and Defendants, and the amount in

9    controversy exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. Removal is

10   therefore proper pursuant to 28 U.S.C. §§ 1446 and 1453.

11   **I.    DIVERSITY OF CITIZENSHIP EXISTS**

12   10.    Plaintiff Terry Saidel is, and was at the institution of this civil action, and at all

13   times intervening, a citizen and resident of California. Complaint, ¶ 8.

14   11.    Plaintiff Gina Fong is, and was at the institution of this civil action, and at all times

15   intervening, a citizen and resident of California.  Complaint, ¶ 9.

16   12.    Plaintiffs seek to represent a class of account executives who have worked for one

17   or more of the Defendants from May 3, 2003 through May 3, 2007, within the State of California.

18   Complaint, ¶ 21.

19   13.    On December 12, 2005, Defendant Infinity Broadcasting Corporation (erroneously

20   sued as "Infinity Broadcasting, Inc.") changed its name to CBS Radio Inc.  Defendant CBS

21   Radio Inc. (formerly known as Infinity Broadcasting Corporation) is, and was at the time of the

22   institution of this civil action, and at all times intervening, a Delaware corporation with its

23   principal place of business (where the majority of its executive and administrative functions are

24   performed) in New York.  During the period that CBS Radio Inc. was known as Infinity

25   Broadcasting Corporation, it was also a Delaware Corporation with its principal place of business

---

[1] Defendants do not concede, and reserve the right to contest at the appropriate time, Plaintiffs' allegations that this action can properly proceed as a class action.  Defendants further do not concede that Plaintiffs' allegations constitute a cause of action under applicable California law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    (where the majority of its executive and administrative functions were performed) in New York.

2       14.    Effective January 1, 2006, the various business entities previously under the

3    Viacom Inc. umbrella were split into a "new" Viacom Inc. and CBS Corporation, which is the old

4    Viacom corporation renamed.[2]  Defendant CBS Corporation (formerly known as Viacom Inc.) is

5    and was at the time of the institution of this civil action, and at all times intervening, a Delaware

6    corporation with its principal place of business (where the majority of its executive and

7    administrative functions are performed) in New York.   Viacom Inc., as it existed prior to

8    January 1, 2006, was also a Delaware corporation with its principal place of business (where the

9    majority of its executive and administrative functions were performed) in New York.

10       15.    The business activities of the Defendants, at the time of the institution of this civil

11    action, and at all times intervening, did not and do not substantially predominate in any one state.

12       16.    As a result, Defendants are not now, and were not at the time of the institution of

13    this civil action, citizens and/or residents of the State of California within the meaning of the Acts

14    of Congress relating to the removal of causes.

15       17.    Based on the Complaint, therefore, members of the purported class are citizens of

16    a State different from that of Defendants.

17    **II.    THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

18       18.    Pursuant to CAFA, the claims of the individual members in a class action are

19    aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.

20    *See* 28 U.S.C. § 1332(d) (6).

21       19.    In addition, Congress intended for federal jurisdiction to be appropriate under

22    CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the

23    plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g.,

24

25    _____

       [2]  The "new" Viacom Inc. is <u>not</u> a successor to any of the other named Defendants, has no
26    relationship to CBS Radio Inc., and did not employ the named Plaintiffs or putative class
       members, as described in the complaint.  In any event, the "new" Viacom Inc. is, and was at the
27    time of the institution of this civil action, a Delaware corporation with its principal place of
       business (where the majority of its executive and administrative functions are performed) in New
28    York.

1    damages, injunctive relief, or declaratory relief)." (Senate Judiciary Report, S. REP. 109-14, at

2    42.)

3        20.    In the Complaint, Plaintiffs seek to represent a class of all account executives

4    (including, but not limited to, senior account executives, regional account executives, national

5    account executives, and others in a similar job capacity) who have at any time within the past four

6    years been employed by Defendants in California and who were allegedly subjected to

7    Defendants' "business expense reimbursement policy and were not covered by the a collective

8    bargaining agreement."  Complaint, ¶ 21.

9        21.    Plaintiffs allege claims for unreimbursed business expenses pursuant to California

10   Labor Code § 2802 on behalf of themselves and each of the putative class members.  *See*, e.g.,

11   Complaint, ¶¶ 23-30.   Plaintiffs further allege a derivative claim for restitution of alleged

12   unreimbursed business expenses pursuant to California Business and Professions Code § 17200

13   on behalf themselves and each of the putative class members.  *See*, e.g., Complaint, ¶¶ 37-52.

14       22.    Plaintiffs allege that Labor Code § 2802 requires Defendants to "indemnify his or

15   her employee[s] for all necessary expenditures or losses incurred . . . in direct consequence of the

16   discharge of [their] duties."  Complaint, ¶ 24.   Plaintiffs further allege that they and putative

17   class members were not reimbursed for expenses as a result of their use of their motor vehicles,

18   including liability insurance, gas, parking, mileage, and other travel related expenses.

19   Complaint, ¶ 25.   In addition, Plaintiffs allege that they and putative class members were not

20   reimbursed for out-of-pocket expenses for food, beverage, entertainment, and client and

21   prospective client gifts.  Complaint, ¶ 26.   Finally, Plaintiffs allege that they and putative class

22   members incurred other expenses through the use of cell-phones and other communication

23   devices.  Complaint, ¶ 27.

24       23.    For thirteen months over the time period of January 2006 through March of 2007,

25   Plaintiff Gina Fong submitted expense reimbursement reports totaling $2,258.58 or, on average,

26   $173.51 per work month.  Currently, and during each month of the four year statutory period (or

27   48 work month period) prior to the filing of the Complaint, approximately 250 account executives

28   were employed by one or more of the Defendants in California.   Assuming that Plaintiff Fong's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7555952.1                                    5                         NOTICE OF REMOVAL

1    average monthly expenses are typical of each of the other putative class members, as she has

2    alleged, the aggregate expenses for all account executives for alleged unreimbursed business

3    expenses would equal $2,082,120.

4        24.    The Complaint also alleges claims on behalf of the entire putative class of

5    terminated account executives for waiting time penalties pursuant to California Labor Code § 203

6    as well as a derivative claim pursuant to California Business and Professions Code § 17200. *See*,

7    e.g., Complaint, ¶¶ 31-52.

8        25.    Plaintiffs allege that under section 201, discharged account executives must be

9    paid all wages due and owing upon discharge.  Complaint, ¶ 32.  Plaintiffs further allege that

10    pursuant to section 202, all wages due and owing must be paid within 72 hours to those

11    employees who quit.  Complaint, ¶ 33.  Pursuant to section 203, Plaintiffs claim that account

12    executives that were terminated are due waiting time penalties of up to 30 work days at their

13    regular rate of pay as a result of Defendants' alleged failure to reimburse them for necessarily

14    incurred business expenses at termination.  Complaint, ¶¶ 34-35.

15        26.    Plaintiff Saidel is a former account executive who worked until July of 2006.

16    Complaint, ¶ 8.  At the time of his termination, Plaintiff Saidel's compensation was $136,511.00

17    per year.  Plaintiff Fong is also a former account executive who worked through April 2, 2007.

18    Complaint, ¶ 9.  At the time of her termination, Plaintiff Fong's compensation was $95,000.00

19    per year.  Averaging the compensation for Plaintiffs Saidel and Fong, their "daily" rate of pay

20    was $445.21.  If Plaintiffs' compensation is typical of other putative class members, as alleged,

21    and assuming Plaintiffs' can recover on their theories and allegations, then under their theory of

22    the case, the more than 600 former account executives who worked in California within the past

23    four years could recover waiting time penalties for 30 days, and the aggregate amount of recovery

24    would be potentially $ 8,013,780.

25        27.    Further, the Complaint also seeks attorneys' fees.  *See*, Prayer for Relief, ¶ L.

26    Attorneys' fees are properly included in determining the amount in controversy.  *Sanchez v. Wal-*

27    *Mart Stores, Inc.*, 2007 WL 1345706, *2 (E.D.Cal. 2007) ("attorney's fees, if authorized by

28    statute or contract, are also part of the calculation").  Assuming Plaintiffs can recover on their

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7555952.1                          6                      NOTICE OF REMOVAL

1    theories and allegations, under their theory of the case, they would undoubtedly argue that they

2    would be entitled to receive attorneys' fees of approximately 25% of the total recovery or

3    $2,523,975. *Cf. In re Quintus Securities Litigation*, 148 F.Supp.2d 967, 973 (N.D.Cal. 2001)

4    (noting in the class action settlement context, that the benchmark for setting attorneys' fees is 25

5    percent of the common fund).

6           28.    Thus, although Defendants deny Plaintiffs' allegations and deny that they or the

7    class that they purport to represent are entitled to the relief for which they have prayed, based on

8    Plaintiffs' allegations, theories, and prayer for relief, the amount in controversy would exceed the

9    $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2)

10   **III.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

11          29.    As set forth above, this Notice of Removal is filed within thirty days of service of

12   the Summons and Complaint upon Defendants.

13          30.    Venue is proper in this district, pursuant to 28 U.S.C. §1441(a), because it

14   embraces the county in which the removed action has been pending.

15          31.    The Summons and Complaint attached as **Exhibit A**, the Notice of Hearings

16   attached as **Exhibit B**, and the answer, attached hereto as **Exhibit C**, constitute all the process,

17   pleadings, and orders in this case.

18          32.    Defendants will serve Plaintiffs with this Notice of Removal and will file a copy of

19   this Notice of Removal with the clerk of the state court in which the action is pending, as required

20   under 28 U.S.C. § 1446(d).

21          33.    The prerequisites for removal under 28 U.S.C. §§ 1441 and 1453 have been met.

22          34.    If any question arises as to the propriety of the removal of this action, Defendants

23   request the opportunity to present both a brief and oral argument in support of their position that

24   this case is removable.

25   / / /

26   / / /

27   / / /

28   / / /

1    WHEREFORE, Defendants, desiring to remove this case to the United States District

2    Court for the Northern District of California, being the district of said Court for the County in

3    which the action is now pending, pray that the filing of this Notice of Removal shall effect the

4    removal of the suit to this Court.

5

6    Dated: June 6, 2007                          MORGAN, LEWIS & BOCKIUS LLP

7

8                                        By _____

9                                           Rebecca Eisen
                                            Attorneys for Defendants
10                                          CBS RADIO INC. (formerly known as
                                            "Infinity Broadcasting Corporation"), CBS
11                                          CORPORATION, INFINITY
                                            BROADCASTING CORPORATION
12                                          (erroneously sued as "Infinity Broadcasting
                                            Inc."), and VIACOM INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
 SAN FRANCISCO

1-SF/7555952.1                              8                  NOTICE OF REMOVAL

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)



*5677325*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CBS RADIO, INC., a Delaware corporation; CBS CORPORATION, a
Delaware corporation; INFINITY BROADCASTING, INC., a Delaware
corporation; VIACOM, INC., a Delaware Corporation; and DOES 1 through
10, inclusive,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*
FILED ALAMEDA COUNTY

MAY -3 2007

CLERK OF SUPERIOR COURT
BY *Alphonsine Oates*
                    DEPUTY

10
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Terry Saidel and Gina Fong, Iindividually and on behalf of all others similarly
situated, and the general public,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of Alameda County Rene C. Davidson Courthouse 1225 Fallon Street Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):* RG07324137 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Aaron Kaufmann  SBN: 148580                              925-932-6006        925.932.3412 fax
Hinton, Alfert & Sumner
1646 N. California Blvd. Suite 600
Walnut Creek, CA 94596

| DATE: MAY -3 2007 *(Fecha)* | PAT S. SWEETEN | Clerk, by *(Secretario)* | *Alphonsine Oates* | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

*5693168*

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name,* Bar number, and address):
Aaron Kaufmann    SBN: 148580
Hinton, Alfert & Sumner
1646 N. California Blvd. Suite 600
Walnut Creek, CA 94596
TELEPHONE NO.:                      FAX NO. *(Optional)*   (25.932.3412
E-MAIL ADDRESS *(Optional)*: kaufmann@hinton-law.com
ATTORNEY FOR *(Name)*: Terry Saidel, Gina Fong (Plaintiffs)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: .
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: Terry Saidel and Gina Fong

DEFENDANT/RESPONDENT: CBS RADIO Inc.

**PROOF OF SERVICE OF SUMMONS**

FILED
ALAMEDA COUNTY

MAY 11 2007

CLERK OF THE SUPERIOR COURT
By _____
                        Deputy

CASE NUMBER:
RG
BG07324137

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):* CBS Radio, Inc.

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: CSC Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Suite 100, Sacramento, CA 95833
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 5/8/07       (2) at *(time):* 10:45 AM
   b. [ ] **by substituted service.** On *(date):*            at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*            from *(city):*            or [ ] a declaration of mailing is attached.

      (5) [ ]  I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Legal
Solutions·
Plus

Page 1 of 2

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Terry Saidel and Gina Fong | CASE NUMBER: PC07324137 |
|---|---|
| DEFENDANT/RESPONDENT: CBS RADIO Inc. | |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*         (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)     ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)     ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)     ☐ 415.46 (occupant)
        ☐ other:

7. **Person who served papers**
  a. Name:
  b. Address:
  c. Telephone number:
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 5/8/05

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)    ▶    (SIGNATURE)

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, Bar number, and address):*
Aaron Kaufmann   SBN: 148060
Hinton, Alfert & Sumner
1646 N. California Blvd. Suite 600
Walnut Creek, CA 94596
TELEPHONE NO.:                    FAX NO. *(Optional)*    (25.932.3412
E-MAIL ADDRESS *(Optional)*: kaufmann@hinton-law.com
ATTORNEY FOR *(Name)*: Terry Saidel, Gina Fong (Plaintiffs)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: Terry Saidel and Gina Fong

DEFENDANT/RESPONDENT: CBS Corporation

**PROOF OF SERVICE OF SUMMONS**

*5693164*    010

# FILED
ALAMEDA COUNTY

MAY 1 1 2007

CLERK OF THE SUPERIOR COURT
By _____
Deputy

CASE NUMBER:
RG07324137

Ref. No. or File No.:

---

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    a.  [X] summons
    b.  [X] complaint
    c.  [ ] Alternative Dispute Resolution (ADR) package
    d.  [X] Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ] cross-complaint
    f.  [ ] other *(specify documents):*

3.  a. Party served *(specify name of party as shown on documents served):* CBS Corporation

    b.  [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4.  Address where the party was served: CSC Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Suite 100, Sacramento, CA 95833

5.  I served the party *(check proper box)*
    a.  [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 5/8/07   (2) at *(time):* 10:45 AM
    b.  [ ] **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*         from *(city):*         or [ ] a declaration of mailing is attached.

        (5)  [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

---

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Legal
Solutions
Plus

Page 1 of 2

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Terry Saidel and Gina Fong | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CBS Corporation | PC07324137 |

5.  c. [  ]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*              (2) from *(city):*

    (3)  [  ]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed Notice and Acknowledgement of Receipt.)*  (Code Civ. Proc., § 415.30.)

    (4)  [  ]  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. [  ]  **by other means** *(specify means of service and authorizing code section):*

        [  ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a. [  ]  as an individual defendant.

  b. [  ]  as the person sued under the fictitious name of *(specify):*

  c. [  ]  as occupant.

  d. [X]  On behalf of *(specify):*

    under the following Code of Civil Procedure section:

| | |
|---|---|
| [X] 416.10 (corporation) | [  ] 415.95 (business organization, form unknown) |
| [  ] 416.20 (defunct corporation) | [  ] 416.60 (minor) |
| [  ] 416.30 (joint stock company/association) | [  ] 416.70 (ward or conservatee) |
| [  ] 416.40 (association or partnership) | [  ] 416.90 (authorized person) |
| [  ] 416.50 (public entity) | [  ] 415.46 (occupant) |
| | [  ] other: |

7.  **Person who served papers**

  a.  Name:

  b.  Address:

  c.  Telephone number:

  d.  The fee for service was: $

  e.  I am:

    (1)  [  ]  not a registered California process server.

    (2)  [  ]  exempt from registration under Business and Professions Code section 22350(b).

    (3)  [  ]  registered California process server:

      (i)  [  ]  owner  [  ] employee  [  ] independent contractor.

      (ii)  Registration No.:

      (iii)  County:

8.  [  ]  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  [  ]  **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date:   5/8/07

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶

_____
(SIGNATURE)

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Aaron Kaufmann  SBN: 148...0
Hinton, Alfert & Sumner
1646 N. California Blvd. Suite 600
Walnut Creek, CA 94596
TELEPHONE NO.:                           FAX NO. *(Optional):*  (25.932.3412
E-MAIL ADDRESS *(Optional):* kaufmann@hinton-law.com
ATTORNEY FOR *(Name):* Terry Saidel, Gina Fong (Plaintiffs)
SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse
PLAINTIFF/PETITIONER: Terry Saidel and Gina Fong

DEFENDANT/RESPONDENT: Viacom, Inc.

FILED
ALAMEDA COUNTY

MAY 11 2007

CLERK OF THE SUPERIOR COURT
BY _____
CASE NUMBER: _____ (Deputy)
RG07324137

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):* Viacom, Inc.

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: CSC Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Suite 100, Sacramento, CA 95833
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 5/8/07   (2) at *(time):* 10:45 A—
   b. [ ] **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure, § 417.10

| | |
|---|---|
| PLAINTIFF/PETITIONER: Terry Saidel and Gina Fong | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Viacom, Inc. | PC07324137 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1) on *(date):*                   (2) from *(city):*

      (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

      (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

    d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  ☐  as an individual defendant.
    b.  ☐  as the person sued under the fictitious name of *(specify):*
    c.  ☐  as occupant.
    d.  ☒  On behalf of *(specify):*
        under the following Code of Civil Procedure section:

        ☒  416.10 (corporation)         ☐  415.95 (business organization, form unknown)
        ☐  416.20 (defunct corporation)      ☐  416.60 (minor)
        ☐  416.30 (joint stock company/association)  ☐  416.70 (ward or conservatee)
        ☐  416.40 (association or partnership)    ☐  416.90 (authorized person)
        ☐  416.50 (public entity)            ☐  415.46 (occupant)
                                      ☐  other:

7.  **Person who served papers**
    a.  Name:
    b.  Address:
    c.  Telephone number:
    d.  **The fee for service was: $**
    e.  I am:
      (1) ☐  not a registered California process server.
      (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐  registered California process server:
        (i)  ☐  owner    ☐  employee    ☐  independent contractor.
        (ii)  Registration No.:
        (iii)  County:

8.  ☐  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  5/8/07

_____   ▶   _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                 (SIGNATURE)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, Bar number, and address):* | |
|---|---|
| Aaron Kaufmann  SBN: 148580<br>Hinton, Alfert & Sumner<br>1646 N. California Blvd. Suite 600<br><br>Walnut Creek, CA  94596 | **FILED**<br>**ALAMEDA COUNTY**<br><br>MAY 11 2007<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br>Deputy |
| TELEPHONE NO.:                      FAX NO. *(Optional):*  (25.932.3412<br>E-MAIL ADDRESS *(Optional):* kaufmann@hinton-law.com<br>ATTORNEY FOR *(Name):* Terry Saidel, Gina Fong (Plaintiffs) | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA  94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: Terry Saidel and Gina Fong

DEFENDANT/RESPONDENT: Infinity Broadcasting Corporation

CASE NUMBER: RG07324137

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

---

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):* Infinity Broadcasting Corporation
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: CSC Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Suite 100, Sacramento, CA 95833

5. I served the party *(check proper box)*
   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 5/8/07    (2) at *(time):* 10:45 AM
   b. [ ] by substituted service. On *(date):*      at *(time):*      I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*      from *(city):*      or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

 Legal Solutions Plus

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Terry Saidel and Gina Fong | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Infinity Broadcasting Corporation | PC07324137 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*         (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                          ☐ other:

7. **Person who served papers**
  a. Name:
  b. Address:
  c. Telephone number:
  d. **The fee for service was: $**
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
      (i) ☐ owner   ☐ employee   ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 5/8/07

▶

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE )



**CORPORATION SERVICE COMPANY**

JVM / ALL
Transmittal Number: 5135871
Date Processed: 05/08/2007

## Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Anthony Bongiorno<br>CBS Corporation<br>Corporate & Securities<br>51 West 52nd Street (19-13)<br>New York, NY 10019 |
| Copy of transmittal only provided to: | Naomi Waltman<br>Susanne Lowy Esq. |
| Entity: | CBS Corporation<br>Entity ID Number 0169178 |
| Entity Served: | CBS Corporation |
| Title of Action: | Terry Saidel vs. CBS Radio, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court: | Alameda Superior Court, California |
| Case Number: | PC07324137 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 05/08/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Aaron Kaufmann<br>925-932-3412 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



**CORPORATION SERVICE COMPANY**

## Notice of Service of Process

AL2 / ALL
Transmittal Number: 5135974
Date Processed: 05/08/2007

| | |
|---|---|
| Primary Contact: | Anthony Bongiorno<br>CBS Corporation<br>Corporate & Securities<br>51 West 52nd Street (19-13)<br>New York, NY 10019 |
| Copy of transmittal only provided to: | Naomi Waltman<br>Susanna Lowy Esq. |

| | |
|---|---|
| Entity: | CBS Radio Inc.<br>Entity ID Number 2029395 |
| Entity Served: | CBS Radio, Inc. |
| Title of Action: | Terry Saidel vs. CBS Radio, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court: | Alameda Superior Court, California |
| Case Number: | PC07324137 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 05/08/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Aaron Kaufman<br>925-932-6006 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com



**CORPORATION SERVICE COMPANY**

## Notice of Service of Process

AL2 / ALL
Transmittal Number: 5135985
Date Processed: 05/08/2007

| | |
|---|---|
| Primary Contact: | Anthony Bongiorno<br>CBS Corporation<br>Corporate & Securities<br>51 West 52nd Street (19-13)<br>New York, NY 10019 |
| Copy of transmittal only provided to: | Naomi Waltman<br>Susanna Lowy Esq. |

| | |
|---|---|
| Entity: | Infinity Broadcasting Corporation<br>Entity ID Number 2029395 |
| Entity Served: | Infinity Broadcasting Inc. |
| Title of Action: | Terry Saidel vs. CBS Radio, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court: | Alameda Superior Court, California |
| Case Number: | PC07324137 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 05/08/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Aaron Kaufmann<br>925-932-6006 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

*5677317*

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, S, number, and address):*
Aaron Kaufmann  SBN: 148580
Hinton, Alfert & Sumner
1646 N. California Blvd. Suite 600

Walnut Creek, CA  94596
TELEPHONE NO.: 925.932.6006    FAX NO.: 925.932.3412
ATTORNEY FOR *(Name):* Terry Saidel, Gina Fong (Plaintiffs)

FILED ALAMEDA COUNTY

MAY -3 2007

CLERK OF SUPERIOR COURT
BY *Alphonse Chiss*
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA  94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME: Saidel v. CBS Radio, Inc.,et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RG 07 32 413<br>JUDGE:<br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify):* Three

5. This case [X] is  [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 27, 2007

Aaron Kaufmann   SBN: 148580
_____            ▶
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.                 Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 3.220, 3.400-3.403;
Standards of Judicial Administration, § 19

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late Claim
Other Civil Petition

CM-010 [Rev. January 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

|||||||||||||||||||||||||||||
*5677321*

1   AARON KAUFMANN, CA Bar No. 148580
    DAVID P. POGREL, CA Bar No. 203787
2   HINTON, ALFERT & SUMNER
    1646 N. California Blvd., Suite #600
3   Walnut Creek, California 94596
    Telephone: (925) 932-6006
4   Facsimile: (925) 932-3412

5   MORRIS J. BALLER, CA Bar No. 048928
    GOLDSTEIN, DEMCHAK, BALLER,
6   BORGEN & DARDARIAN
    300 Lakeside Drive, Suite 1000
7   Oakland, California 94612
    Telephone: (510) 763-9800
8   Facsimile: (510) 835-1417

9
10  MICHAEL SINGER, CA Bar No. 115301
    CHRISTOPHER OLSEN, CA Bar No. 236928
11  COHELAN & KHOURY
    605 "C" Street, Suite 200
12  San Diego, CA 92101
    Telephone: (619)595-3001
13  Facsimile: (619)595-3000

14  Attorneys for Plaintiffs and the Putative Class

15              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                        FOR THE COUNTY OF ALAMEDA

17

18  TERRY SAIDEL and GINA FONG, individually    Case No.    PC07 32413 7
    and on behalf of all others similarly situated,
19                                                CLASS ACTION
                   Plaintiffs,
20                                                COMPLAINT FOR:
          v.
21                                                (1) FAILURE TO REIMBURSE
    CBS RADIO, INC., a Delaware corporation;      BUSINESS EXPENSES (LABOR
22  CBS CORPORATION, a Delaware corporation;      CODE § 2802);
    INFINITY BROADCASTING, INC., a               (2) WAITING TIME PENALTIES
23  Delaware corporation; VIACOM, INC., a         (LABOR CODE § 203);
    Delaware Corporation; and DOES 1 through 10,  (3) UCL VIOLATIONS (BUS. & PROF.
24  inclusive,                                    CODE § 17200-04)

25                 Defendants.

26                                                DEMAND FOR JURY TRIAL

27  / / /

28  / / /

                              - 1 -
                    CLASS ACTION COMPLAINT

FILED ALAMEDA COUNTY

MAY -3 2007

CLERK OF SUPERIOR COURT
BY _____
DEPUTY

1    Plaintiffs Terry Saidel and Gina Fong ("Plaintiffs"), on behalf of themselves and all others

2    similarly situated (hereinafter "Class Members") complain and allege as follows:

3                              I.    INTRODUCTION

4         1.    This is a class action, under California Code of Civil Procedure § 382, seeking

5    reimbursement for business expenses, and interest thereon; waiting time penalties; declaratory

6    relief; injunctive and other equitable relief; and reasonable attorneys' fees and costs, under

7    California Labor Code §§ 2802, 218.5 and 203 and Code of Civil Procedure § 1021.5, on behalf of

8    Plaintiffs and all other individuals who are or have been employed as radio and radio-related

9    advertising salespeople (hereinafter "Account Executives") by Defendants CBS Radio, Inc., CBS

10   Corporation, Infinity Broadcasting, Inc. and/or Viacom, Inc. (hereinafter "Defendants") in

11   California during the four years prior to the filing of this action and who paid business expenses for

12   which they did not receive reimbursement from Defendants.  Plaintiffs, on behalf of themselves

13   and the Class Members, also seek injunctive relief and restitution of all unjust enrichment

14   Defendants have enjoyed from its failure to reimburse expenses.

15        2.    The "Class Period" is designated as the period from four years prior to the filing of

16   this action through the trial date based upon the allegation that the violations of California's wage

17   and hour laws, as described more fully below, have been ongoing for at least the past four years,

18   are continuing at present, and will continue until enjoined by the Court.

19        3.    Defendants have willfully failed and refused, and continue to fail and refuse, to

20   timely pay business expenses incurred by current and former Account Executives in the regular

21   course of their duties as Defendants' employees, as required by  Labor Code § 2802.

22                              II.    JURISDICTION

23        4.    This Court has jurisdiction over Plaintiffs' and Class Members' claims for business

24   expenses under Labor Code § 2802.

25        5.    This Court has jurisdiction over Plaintiffs' and Class Members' claims for waiting

26   time penalties under Labor Code § 203.

27   ///

28

- 2 -
CLASS ACTION COMPLAINT

6.    This Court has jurisdiction over Plaintiffs' and Class Members' claims for injunctive relief and restitution of ill-gotten gains arising from Defendants' unlawful business practices, under California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17203 and 17204.

### III.    VENUE

7.    Venue as to Defendants is proper in the Superior Court of this County, under Code of Civil Procedure § 395.5. Each of the Defendants is a foreign corporation, maintains corporate offices in New York, and has not filed a designation of principal place of business in California with the California Secretary of State. As such, venue is proper in any county. Further, the unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California and within Alameda County. Defendants have employed numerous Class Members, including Plaintiff Gina Fong, who have incurred un-reimbursed business expenses while conducting Defendants' business in Alameda County during the Class Period.

### IV.    PARTIES

8.    Plaintiff Terry Saidel resides in California. Plaintiff Saidel was employed by Defendants from approximately 1993 to approximately July 2006. During the relevant times herein Plaintiff served as a senior account executive at KNX, a radio station owned by Defendants and located in Los Angeles, California. Plaintiff Saidel was subject to Defendants' unlawful business expense reimbursement policies and/or practices set forth herein.

9.    Plaintiff Gina Fong resides in California, in Alameda County. Plaintiff Fong was employed by Defendants from approximately December 2005 through April 2, 2007. She spent her entire tenure with Defendants working as a senior account executive in Defendants' offices in San Francisco, California. She served Defendants' clients throughout the San Francisco Bay Area, including clients located in Alameda County. Plaintiff Fong was subject to Defendants' unlawful business expense reimbursement policies and/or practices set forth herein.

10.    Defendant CBS Radio, Inc. ("CBS Radio") is a Delaware Corporation and is a wholly-owned subsidiary of Defendant CBS Corporation ("CBS Corp.").

- 3 -
CLASS ACTION COMPLAINT

1       11.    CBS Corp. is a Delaware Corporation. CBS Corp. presently owns and operates

2   approximately 26 radio stations in California and has owned and operated additional stations in

3   California during the Class Period. Plaintiffs and the class of similarly situated Account

4   Executives sold advertising for these CBS radio stations during the Class Period.

5       12.    Defendant Infinity Broadcasting Corporation ("Infinity") was a Delaware

6   Corporation. Plaintiffs allege, based upon information and belief, that CBS Corp. and/or CBS

7   Radio acquired radio stations in California from Infinity. Plaintiff Saidel and other similarly

8   situated Account Executives worked at the Infinity stations both before and after the acquisition by

9   CBS Corp. and/or CBS Radio. Infinity's corporate status is listed with the California Secretary of

10   State as "surrender." However, the name "Infinity Broadcasting" appears on paychecks and/or pay

11   stubs issued to Account Executives in California during the Class Period, including pay stubs

12   issued to Plaintiff Saidel.

13       13.    Viacom Inc. is a Delaware Corporation. From prior to the Class Period up until

14   2006, Viacom was the parent company of CBS Corp. and CBS Radio. Viacom's name also

15   appears on paychecks and/or pay stubs issued to Account Executives, including Plaintiff Saidel,

16   during the Class Period.

17       14.    All of Plaintiffs' claims stated herein are asserted against Defendants and any of

18   their predecessors, successors and/or assigns.

19       15.    The true names and capacities, whether individual, corporate, associate, or

20   otherwise, sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiffs, who

21   therefore sue Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiffs

22   are informed and believe, and based thereon allege, that each of the Defendants designated herein

23   as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs

24   will seek leave of court to amend this Complaint to reflect the true names and capacities of the

25   Defendants designated hereinafter as DOES when such identities become known.

26       16.    Plaintiffs are informed and believe, and based thereon allege, that each Defendant

27   acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint

28

- 4 -
CLASS ACTION COMPLAINT

1    scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are

2    legally attributable to the other Defendants.

## V.    FACTUAL BACKGROUND

4        17.    Defendants operate, and at all times during the liability period have done business,

5    throughout California.

6        18.    Since at least four years prior to the filing of this action, Defendants have

7    maintained a business expense policies and/or practices that deny lawful compensation to their

8    account executives. Those policies and/or practices cause Account Executives to pay for necessary

9    expenses in direct consequence of discharging their sales duties on behalf of Defendants. These

10   expenses include, but are not limited to: maintenance of an automobile and all travel-related

11   expenses, including vehicle insurance, gasoline, parking, and mileage incurred while traveling for

12   business; cellular phones; personal digital assistants (PDA's); restaurant meals, food and beverages

13   provided to Defendants' clients and potential clients; and gifts for Defendants' clients and potential

14   clients. Defendants have maintained these same business expense policies and/or practices or

15   substantially similar ones throughout the Class Period.

16       19.    Defendants are aware that their Account Executives regularly incur business

17   expenses in the discharge of their duties, as employees, in excess of any stipends or

18   reimbursements that may be provided to Account Executives or some of them, but Defendants fail

19   and refuse to reimburse them for such business expenses incurred by Account Executives as they

20   solicit and sell radio and radio-related advertising to Defendants' clients and prospective clients.

21       20.    Plaintiffs and Class Members have been harmed by Defendants' unlawful business

22   expense policies and/or practices in that they were not paid for certain business expenses incurred

23   while employed by Defendants.

## VI.    CLASS ACTION ALLEGATIONS

25       21.    Plaintiffs brings this action, on behalf of themselves and all others similarly situated,

26   as a class action pursuant to Code of Civil Procedure § 382. The Class that Plaintiffs seek to

27   represent is composed of and defined as all persons who have been employed by Defendants in

28   California as account executives, senior account executives, regional account executives, national

- 5 -

CLASS ACTION COMPLAINT

1    account executives, and/or in a similar job capacity (collectively "Account Executives") at any

2    time from four years prior to the filing of this action through trial who were subject to Defendants'

3    business expense reimbursement policy and were not covered by a collective bargaining

4    agreement.

5        22.    This action has been brought and may properly be maintained as a class action

6    under Code of Civil Procedure § 382 because there is a well-defined community of interest in the

7    litigation, e proposed class is easily ascertainable, and Plaintiffs are proper representatives of the

8    Class:

9        a.    Numerosity:  The potential members of the Class as defined are so numerous

10   and so diversely located throughout California, that joinder of all the members of the Class is

11   impracticable.  While the precise number of Class Members has not been determined at this time,

12   Plaintiffs are informed and believe that Defendants have employed more than 100 Account

13   Executives in California subject to Defendants' business expense reimbursement policy at all times

14   during the Class Period and due to employee turnover the number of Class Members is much larger

15   than the number of Account Executive positions at any one time.  Joinder of all members of the

16   proposed class is not practicable.

17       b.    Commonality:  There are questions of law and fact common to the Plaintiffs

18   and the Class that predominate over any questions affecting only individual members of the Class.

19   These common questions of law and fact include, without limitation:

20           (i)    Whether Plaintiffs and Class Members incurred un-reimbursed

21   business expenses in the discharge of their duties as employees, for such items as automobile use

22   and maintenance, parking, use of telephones and mobile communications equipment, meals and

23   gifts for clients of Defendants, and similar business expenses.

24           (ii)    Whether Defendants intended, suffered and permitted, and/or were

25   aware that Plaintiffs and Class Members incur such business expenses in the discharge of their

26   duties as employees.

27           (iii)    Whether Defendants failed and/or refused to reimburse business

28   expenses incurred by Plaintiffs and Class Members in the discharge of their duties.

- 6 -

CLASS ACTION COMPLAINT

1    (iv)    Whether Defendants' failure to reimburse business expenses incurred

2  by Plaintiffs and Class Members was the result of, and/or pursuant to, a business policy or regular

3  practice of Defendants.

4    (v)    Whether Defendants' failure to reimburse business expenses incurred

5  by Plaintiffs and Class Members was willful.

6    (vi)    Whether Plaintiffs and Class Members whose employment with

7  Defendants terminated during the Class Period were owed wages or compensation due from

8  Defendants, in the form of un-reimbursed business expenses, at the time of their termination, which

9  have not been paid.

10    (vii)    Whether Defendants violated Labor Code § 2802 by denying

11  Plaintiffs and Class Members reimbursement for their business expenses.

12    (viii)    Whether Defendants violated Business and Professions Code

13  § 17200 by failing to pay business expenses for Plaintiffs and Class Members.

14    (ix)    Whether Defendants have violated Labor Code §§ 201 and 202, by

15  failing, upon termination, to timely pay Account Executives for the expenses incurred in discharge

16  their sales duties.

17    (x)    The proper formula(s) for calculating restitution, damages, and

18  waiting time penalties owed to Plaintiffs and the Class.

19    c.    Typicality:  Plaintiffs' claims are typical of the claims of the Class.  Both

20  Plaintiffs and Class Members sustained injuries and damages arising out of and caused by

21  Defendants' common course of conduct in violation of law as alleged herein, in similar ways and

22  for the same types of expenses.

23    d.    Adequacy of Representation:  Plaintiffs are members of the Class and will

24  fairly and adequately represent and protect the interests of the Class Members.  Plaintiffs' interests

25  do not conflict with those of Class Members.  Counsel who represent the Plaintiffs are competent

26  and experienced in litigating large wage and hour and other employment class actions, and will

27  adequately devote time and resources to the case and otherwise adequately represent the Class.

28

- 7 -

CLASS ACTION COMPLAINT

e.    Superiority of Class Action:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Class Member has been damaged or may be damaged in the future by reason of Defendants' unlawful policies and/or practices of not reimbursing business expenses.  Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Certifying this case as a class action is superior because Plaintiffs and the Class seek injunctive relief that will affect all class members in a common way, and will also allow for full disgorgement of the ill-gotten gains Defendants have enjoyed by maintaining their unlawful business expense reimbursement policy.    If this action is not certified as a Class Action, it will be impossible as a practical matter for many or most Class Members to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendants, due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

# FIRST CAUSE OF ACTION

## FAILURE TO REIMBURSE FOR BUSINESS EXPENSES
## (LABOR CODE § 2802)

23.    The allegations of Paragraphs 1 through 22 are realleged and incorporated herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and the above-described class of similarly situated Account Executives.

24.    Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

25.    In order to discharge their sales-related duties for Defendants, Plaintiffs and similarly situated Account Executives had to use their own personal motor vehicles for work-

- 8 -
CLASS ACTION COMPLAINT

related travel.  However, Defendants did not fully pay for expenses incurred as a result of Plaintiffs' and similarly situated Account Executives' use of their own motor vehicles for work, including for liability insurance, gas, parking, mileage and other travel related expenses.

26.    Plaintiffs and similarly situated Account Executives also had to pay out of their own money for food, beverage, entertainment and/or other gifts for Defendants' clients and prospective clients as part of their sales-related duties for Defendants.  However, Defendants did not fully pay for or otherwise fully reimburse Plaintiffs and similarly situated Account Executives for such expenses.

27.    Plaintiffs and similarly situated Account Executives also incurred other necessary business expenses in carrying out their sales-related duties, including use of their personal cell phones, and/or similar communication devices.

28.    Plaintiffs and similarly situated Account Executives are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs, under Labor Code § 2802.

29.    As a result of Defendants' violations of Labor Code § 2802, Defendants are also liable for civil penalties and attorneys' fees and costs under Labor Code § 218.5.

30.    Plaintiffs, on behalf of themselves and similarly situated Account Executives, request relief as described below.

## SECOND CAUSE OF ACTION

### WAITING TIME PENALTIES
### (LABOR CODE §§ 201, 202 & 203)

31.    The allegations of Paragraphs 1 through 30 are realleged and incorporated herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and the above-described class of similarly situated Account Executives.

32.    Labor Code § 201 requires an employer who discharges an employee to pay all

- 9 -
CLASS ACTION COMPLAINT

1    compensation due and owing to that employee immediately upon discharge.

2        33.    Labor Code § 202 requires an employer to pay all compensation due and owing

3    to an employee who quits within 72 hours of that employee quitting, unless the employee provides

4    at least 72 hours notice of quitting, in which case all compensation is due at the end of the

5    employee's final day of work.

6        34.    Labor Code § 203 provides that if an employer willfully fails to pay

7    compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable

8    for waiting time penalties in the form of continued compensation of up to 30 work days.

9        35.    Defendants willfully failed and refused to timely pay Account Executives,

10   including Plaintiffs, all wages owed by failing to pay them for necessarily incurred business

11   expenses upon termination. As a result, Defendants are liable to former Account Executives,

12   including Plaintiffs, for waiting time penalties, together with interest thereon and reasonable

13   attorneys' fees and costs, under Labor Code § 203.

14       36.    Plaintiffs, on behalf of all terminated Account Executives, request relief as

15   described below.

16

17                        **THIRD CAUSE OF ACTION**

18              **UNFAIR COMPETITION LAW VIOLATIONS**
                     **(BUS. PROF. CODE § 17200)**
19

20       37.    The allegations of Paragraphs 1 through 36 are realleged and incorporated

21   herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and

22   the above-described class of similarly situated Account Executives.

23       38.    Business & Professions Code § 17200 prohibits unfair competition in the form

24   of any unlawful, unfair, or fraudulent business act or practice.

25       39.    Business & Professions Code § 17204 allows "any person who has suffered

26   injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL.

27       40.    Beginning at an exact date unknown to Plaintiffs, but at least four years prior to

28

                                  - 10 -
                        CLASS ACTION COMPLAINT

the filing of this action, and continuing to the present, Defendants have committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business & Professions Code § 17200, by engaging in the following:

a.      failing to reimburse and indemnify Plaintiffs and similarly situated Account Executives for employment-related business expenses and losses; and

b.      failing to pay all accrued wages to Account Executives upon termination of their employment by not reimbursing them for necessarily incurred business expenses.

41.      The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business and Professions Code § 17200.

42.      As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Defendants have received and continue to hold ill-gotten gains belonging to Plaintiffs and Class Members in the form of unpaid wages and un-reimbursed employee business expenses.  As a direct and proximate result of Defendants' unlawful business practices, Plaintiffs and Class Members have suffered economic injuries including, but not limited to wages, out-of-pocket business expenses, and waiting time penalties.   Defendants have profited from their unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest accrued thereon, and waiting time penalties that should have been paid to Plaintiffs and similarly situated Account Executives.

43.      Plaintiffs and similarly situated Account Executives are entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid business expenses, interest, and waiting time penalties accruing from four years prior to the filing of this action to the date of such restitution.

44.      Plaintiffs and similarly situated Account Executives are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

45.      Plaintiffs' success in this action will enforce important rights affecting the public interest.  In this regard, Plaintiffs sue on behalf of themselves and others similarly situated. Plaintiffs seek and are entitled to reimbursement of business expenses with interest, waiting time

- 11 -
CLASS ACTION COMPLAINT

1    penalties, declaratory and injunctive relief, and any other appropriate remedy.

2        46.    Injunctive relief is necessary and appropriate to prevent Defendants from

3    continuing and repeating its unlawful, unfair and fraudulent business acts and practices alleged

4    above.

5        47.    In order to prevent Defendants from profiting and benefiting from their wrongful

6    and illegal acts and continuing those acts, Plaintiffs request an order requiring Defendants to

7    disgorge all the profits and gains they have reaped and restore such profits and gains to the

8    Account Executives, from whom they were unlawfully taken.

9        48.    Plaintiffs have assumed the responsibility of enforcement of the laws and lawful

10   claims specified herein.  There is a financial burden incurred in pursuing this action which is in the

11   public interest.  Therefore, reasonable attorneys' fees are appropriate pursuant to Code of Civil

12   Procedure § 1021.5.

13       49.    By all of the foregoing alleged conduct, Defendants have committed, and are

14   continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the

15   meaning of Business & Professions Code §17200 *et seq.*

16       50.    As a direct and proximate result of the UCL violations described above, Plaintiffs,

17   other Account Executives have all suffered significant losses and Defendants have been unjustly

18   enriched.

19       51.    Pursuant to Business & Prof. Code §17203, Plaintiffs, and other Account

20   Executives are entitled to  restitution of money acquired by Defendants by means of its unfair

21   business practices, in amounts not yet ascertained but to be ascertained at trial; and Plaintiffs and

22   Class Members are further entitled to injunctive relief against Defendants' continuation of its

23   unfair business practices and a declaration that Defendants' business practices are unlawful, unfair,

24   and/or fraudulent within the meaning of the statute.

25       52.    Plaintiffs, on behalf of themselves and similarly situated Account Executives,

26   request relief as described below.

27   / / /

28   / / /

- 12 -
CLASS ACTION COMPLAINT

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

A.    That the Court determine that this action may be maintained as a class action under Code of Civil Procedure § 382;

B.    That the Court declare that Defendants' business expense policies and/or practices violate California law by not treating all business expenses incurred by Account Executives in the discharge of their duties as employees of Defendants as business costs to be paid or reimbursed by the Defendant employers.

C.    That the Court declare that Defendants' business expense policies and/or practices violate California law by causing a forfeiture of accrued wages.

D.    That the Court declare that Defendants' business expense policies and/or practices violate California law, including Labor Code § 2802, as they deny employees compensation or reimbursement for all expenses incurred during the course of conducting business for their employers.

E.    That the Court find that Defendants have violated Labor Code §§ 201 and 202 for willful failure to reimburse necessarily incurred business expenses upon termination of employment to Plaintiffs and similarly situated Account Executives who have left Defendants' employ.

F.    That the Court find that Defendants have violated Business and Professions Code § 17200 and committed unfair and unlawful business practices by failing to reimburse Account Executives for necessarily incurred business expenses.

G.    That the Court find that Defendants have violated Business and Professions Code § 17200 and committed unfair and unlawful business practices by failing to pay waiting time penalties to Account Executives who have left Defendants' employ.

H.    That the Court find that Defendants' violations as described above were willful.

I.    That the Court award to Plaintiffs and Class Members of the Class all unreimbursed business expenses, and interest thereon, they are owed, subject to proof at trial;

1      J.    That Defendants be ordered and enjoined to pay restitution to Plaintiffs and the

2  Class due to Defendants' UCL violations, pursuant to Business and Professions Code §§ 17200-

3  17205.

4      K.    That Defendants further be enjoined to cease and desist from the unlawful activities

5  alleged herein in violation of Business and Professions Code § 17200.

6      L.    That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs

7  pursuant to Labor Code §§ 2802, 218.5, 203 and Code of Civil Procedure § 1021.5, and/or other

8  applicable law.

9      M.    That the Court award such other and further relief as this Court may deem

10  appropriate.

11  **DEMAND FOR JURY TRIAL**

12      Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to

13  which they have a right to jury trial.

14  Dated: May 2, 2007.             Respectfully submitted,

15                        HINTON, ALBERT & SUMNER

16

17                        By _____
                      AARON KAUFMANN

18                        GOLDSTEIN, DEMCHAK, BALLER, BORGEN &

19                        DARDARIAN

20                        By _____
       for  MORRIS J. BALLER

21                        Attorneys for Plaintiffs

22                        COHELAN & KHOURY

23

24                        By _____
       for  MICHAEL SINGER

25                        Attorneys for Plaintiffs

26

27

28

- 14 -
CLASS ACTION COMPLAINT

# EXHIBIT B

LAW OFFICES OF

# Hinton, Alfert & Sumner
A PROFESSIONAL CORPORATION

PETER J. HINTON
PETER W. ALFERT
SCOTT H. Z. SUMNER
ELISE R. SANGUINETTI
AARON D. KAUFMANN
DAVID P. POGREL
JEREMY N. LATEINER

1646 NORTH CALIFORNIA BOULEVARD
SUITE 600
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE (925) 938-6006
FACSIMILE (925) 938-3412

May 14, 2007

Lawyers Incorporating Service
A Corporation Service Company
P. O. Box 526036
Sacramento, CA  95852

Re:    <u>Saidel & Fong  vs. CBS Radio, et al.</u>
       **Alameda County Superior Court No. PG07324137**
       **Complex Determination Hearing: 6/20/2007**
       **Case Management Hearing: 7/25/2007**

Dear Lawyers Incorporating:

         Enclosed please find a copy of the Notice of Hearing from the Alameda County Superior Court concerning the matter of *Saidel & Fong vs. CBS Radio, et al.*  Please note the following hearing dates:

- Complex Determination Hearing: 6/20/2007 – 2:00 p.m.

- Case Management Hearing: 7/25/2007 – 2:00 p.m.

Very truly yours,

HINTON, ALFERT & SUMNER

Lani Hendricks, Legal Assistant
to AARON KAUFMANN

/lh
Enclosure

Hinton, Alfert & Sumner
Attn: Kaufmann, Aaron
1646 North California Blvd.
Suite 600
Walnut Creek, CA 94596-4113

CBS Radio, Inc., a Delaware
corporation

## Superior Court of California, County of Alameda
### Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Saidel            Plaintiff/Petitioner(s) <br> vs. <br> CBS Radio, Inc., a Delaware corporation <br>            Defendant/Respondent(s) <br> (Abbreviated Title) | No. RG07324137 <br><br> NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:
> Complex Determination Hearing
> Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 06/20/2007    TIME: 02:00 PM    DEPARTMENT: 20
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Case Management Conference:
DATE: 07/25/2007    TIME: 02:00 PM    DEPARTMENT: 20
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 20 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 272-6165. Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 20.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 20.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 20 by e-mail at Dept.20@alameda.courts.ca.gov or by phone at (510) 272-6165.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CONFERENCE CALL SERVICES, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 527-7327, or faxing a service request form to (800) 833-5133. This service is subject to charges by the vendor.

Dated: 05/10/2007

Executive Officer / Clerk of the Superior Court

By _____
                              Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/10/2007.

By _____
                              Deputy Clerk

| SHORT TITLE: Saidel VS CBS Radio, Inc., a Delaware corporation | CASE NUMBER: RG07324137 |
| --- | --- |

ADDITIONAL ADDRESSEES

Saperstein, Goldstein, Demchak & Baller
Attn: Baller, Morris J.
300 Lakeside Drive,
Suite 1000
Oakland, CA   94612


Cohelan & Khoury
Attn: Singer, Michael D.
605 C Street
Suite 200
San Diego, CA   92101-5305



**CORPORATION SERVICE COMPANY**

## Notice of Service of Process

CXT / ALL
Transmittal Number: 5151073
Date Processed: 05/17/2007

| | |
|---|---|
| Primary Contact: | Anthony Bongiorno<br>CBS Corporation<br>Corporate & Securities<br>51 West 52nd Street (19-13)<br>New York, NY 10019 |
| Copy of transmittal only provided to: | Naomi Waltman<br>Susanna Lowry Esq. |
| Entity: | CBS Radio Inc.<br>Entity ID Number 2029395 |
| Entity Served: | CBS Radio, Inc. |
| Title of Action: | Saidel vs. CBS Radio, Inc. |
| Document(s) Type: | Notice of Hearing |
| Nature of Action: | Labor / Employment |
| Court: | Alameda County Superior Court, California |
| Case Number: | RG07324137 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 05/16/2007 |
| Answer or Appearance Due: | 06/20/2007 |
| Originally Served On: | CSC |
| How Served: | Regular Mail |
| Sender Information: | Lani Hendricks<br>925-932-6006 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

# EXHIBIT C

06/05/07 05:33PM ONELE⌐_1 CR-AS MORGAN LEWIS & BOCKI _.54421001 Pg 3/4
⌐——JUN-05-2007 TUE 11:44 AM                    FAX NO.                    P. 02

ENDORSED
FILED
ALAMEDA COUNTY

07 JUN -5 PM 12: 52

CLERK OF THE SUPERIOR COURT
BY BARBARA C. YOUNG, DEPUTY

1 | REBECCA EISEN, State Bar No. 096129
    THERESA MAK, State Bar No. 211435
2 | M. MICHAEL COLE, State Bar No. 235538
    MORGAN, LEWIS & BOCKIUS, LLP
3 | One Market, Spear Street Tower
    San Francisco, CA  94105-1126
4 | Tel: 415.442.1000
    Fax: 415.442.1001
5 | reisen@morganlewis.com
    tmak@morganlewis.com
6 | mcole@morganlewis.com

7 | DARYL S. LANDY, State Bar No. 136288
    MORGAN, LEWIS & BOCKIUS LLP
8 | 2 Palo Alto Square
    3000 El Camino Real, Suite 700
9 | Palo Alto, CA  94306-2212
    Tel: 650.843.4000
10| Fax: 650.843.4001
    dlandy@morganlewis.com
11|
    Attorneys for Defendants
12| CBS RADIO INC. (formerly known as "Infinity
    Broadcasting Corporation"), CBS CORPORATION,
13| INFINITY BROADCASTING CORPORATION
    (erroneously sued as "Infinity Broadcasting Inc."),
14| and VIACOM INC.

15|           SUPERIOR COURT OF THE STATE OF CALIFORNIA

16|                     COUNTY OF ALAMEDA

17|

18| TERRY SAIDEL and GINA FONG,          Case No. RG07324137
    individually and on behalf of all others
19| similarly situated,                  ANSWER TO PLAINTIFFS' UNVERIFIED
                                         COMPLAINT
20|              Plaintiffs,

21|        vs.

22|
    CBS RADIO, INC., a Delaware
23| corporation; CBS CORPORATION, a
    Delaware corporation; INFINITY
24| BROADCASTING, INC., a Delaware          BY FAX
    corporation; VIACOM, INC., a Delaware
25| Corporation; and DOES 1 through 10,
    inclusive,,
26|
                 Defendants.
27|

28|
MORGAN, LEWIS &
BOCKIUS LLP       | 1-SF/7556010.1
A COUNSEL AT LAW
SAN FRANCISCO
                    ────────────────────────────────────────────
                         ANSWER TO UNVERIFIED COMPLAINT

                                    10554999.tif - 6/5/2007 11:46:45 AM

1   REBECCA EISEN, State Bar No. 096129
    THERESA MAK, State Bar No. 211435
2   M. MICHAEL COLE, State Bar No. 235538
    MORGAN, LEWIS & BOCKIUS, LLP
3   One Market, Spear Street Tower
    San Francisco, CA  94105-1126
4   Tel:  415.442.1000
    Fax:  415.442.1001
5   reisen@morganlewis.com
    tmak@morganlewis.com
6   mcole@morganlewis.com

7   DARYL S. LANDY, State Bar No. 136288
    MORGAN, LEWIS & BOCKIUS LLP
8   2 Palo Alto Square
    3000 El Camino Real, Suite 700
9   Palo Alto, CA  94306-2212
    Tel: 650.843.4000
10  Fax: 650.843.4001
    dlandy@morganlewis.com
11
    Attorneys for Defendants
12  CBS RADIO INC. (formerly known as "Infinity
    Broadcasting Corporation"), CBS CORPORATION,
13  INFINITY BROADCASTING CORPORATION
    (erroneously sued as "Infinity Broadcasting Inc."),
14  and VIACOM INC.

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                         COUNTY OF ALAMEDA

17

18  TERRY SAIDEL and GINA FONG,              Case No. RG07324137
    individually and on behalf of all others
19  similarly situated,                       **ANSWER TO PLAINTIFFS' UNVERIFIED
                                              COMPLAINT**
20
                        Plaintiffs,
21
            vs.
22
    CBS RADIO, INC., a Delaware
23  corporation; CBS CORPORATION, a
    Delaware corporation; INFINITY
24  BROADCASTING, INC., a Delaware
    corporation; VIACOM, INC., a Delaware
25  Corporation; and DOES 1 through 10,
    inclusive,,
26
                        Defendants.
27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO       1-SF/7556010.1

ANSWER TO UNVERIFIED COMPLAINT

1    Defendants CBS Radio Inc. (formerly known as "Infinity Broadcasting Corporation"),

2    CBS Corporation (formerly known as "Viacom Inc."), Infinity Broadcasting Corporation

3    (erroneously sued as "Infinity Broadcasting, Inc."), and Viacom Inc. (collectively, "Defendants")

4    hereby answer and respond to Plaintiffs' Complaint as follows:

5        Pursuant to California Code of Civil Procedure section 431.30(d), Defendants deny

6    generally each and every allegation contained in Plaintiffs' Complaint, and deny further that

7    Plaintiffs have been injured in the amount or manner alleged or in any other manner whatsoever.

8        WHEREFORE, Defendants assert the following affirmative defenses and pray for

9    judgment as set forth below.

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Cause of Action)

12    1.    As a separate affirmative defense to the Complaint and to every cause of action

13    alleged therein, Defendants allege that the Complaint fails to state facts sufficient to constitute a

14    cause of action against them.

### SECOND AFFIRMATIVE DEFENSE
#### (Statutes of Limitations)

17    2.    As a separate affirmative defense to the Complaint and to every cause of action

18    alleged therein, Defendants allege that Plaintiffs' claims, and the claims of each putative member

19    of the purported class defined in the Complaint, are barred in whole or in part by the applicable

20    statutes of limitations, including, but not limited to, the California Labor Code section 203,

21    California Code of Civil Procedure sections 338 and 340, and California Business and

22    Professions Code section 17208.

### THIRD AFFIRMATIVE DEFENSE
#### (Estoppel)

25    3.    As a separate affirmative defense to the Complaint and to every cause of action

26    alleged therein, Defendants allege that Plaintiffs' Complaint is barred in whole or in part by the

27    doctrine of estoppel.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7556010.1                              2

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

4.      As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendants allege that Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint, or some of them, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

## FIFTH AFFIRMATIVE DEFENSE
### (Accord And Satisfaction, Payment)

5.      As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendants alleges that Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

## SIXTH AFFIRMATIVE DEFENSE
### (Release)

6.      As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendants allege that Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint, or some of them, are barred in whole or in part because said claims have been released by the individual(s) in question.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure To Exhaust Internal and Administrative Remedies)

7.      As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendants allege that Plaintiffs' statutory claims, and the claims of each putative member of the purported class defined in the Complaint, are barred to the extent they failed to exhaust their internal and/or administrative remedies.

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

8.      As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendants allege that Plaintiffs' Complaint is barred in whole or in part by the doctrine of laches.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7556010.1                                3

ANSWER TO UNVERIFIED COMPLAINT

### NINTH AFFIRMATIVE DEFENSE
#### (Unclean Hands)

9.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Plaintiffs' claims, and the claims of the putative members of the purported class, are barred in whole or in part by their unclean hands and/or inequitable or wrongful conduct.

### TENTH AFFIRMATIVE DEFENSE
#### (Lack Of Standing)

10.     As a separate affirmative defense to the Complaint and to the third cause of action alleged therein, Defendants allege that the named Plaintiffs and each of the putative members of the purported class as defined in the Complaint lack standing to bring claims brought pursuant to California Business and Professions Code Section 17200 against Defendant or to seek injunctive relief against Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Adequate Remedy At Law)

11.     As a separate affirmative defense to the Complaint and to the third cause of action alleged therein, the Defendants allege that Plaintiffs' causes of action and those of the purported class brought pursuant to California Business and Professions Code Section 17200, are barred in that Plaintiffs and the purported class have an adequate remedy at law.

### TWELFTH AFFIRMATIVE DEFENSE
#### (Failure to Mitigate Damages)

12.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Plaintiffs' monetary claims, and the claims of the putative members of the purported class, are barred in whole or in part because they have not appropriately nor adequately mitigated their alleged damages.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Setoff and Recoupment)

13.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendants allege that if Plaintiffs or any putative members of the purported class defined in the Complaint have sustained any damages, although such is not admitted hereby or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7556010.1

4

ANSWER TO UNVERIFIED COMPLAINT

1    herein and is specifically denied, Defendants are entitled under the equitable doctrine of setoff and

2    recoupment to offset all obligations of the Plaintiffs or putative class members owed to Defendants

3    against any judgment that may be entered against Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Conduct Reasonable and In Good Faith/Not Willful)

6        14.    As a separate affirmative defense to the Complaint, and to the second cause of

7    action alleged therein, Defendants allege that if they are to have failed to pay Plaintiffs, and each

8    putative member of the purported class defined in the Complaint, any amount due, which

9    allegations Defendants deny, Defendants acted at all times on the basis of a good faith and

10   reasonable belief that it had complied fully with California law. Consequently, Defendants'

11   conduct was not willful within the meaning of Section 203 of the California Labor Code.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiting Time Penalties Not Recoverable After Filing of Action)

14       15.    As a separate affirmative defense to the Complaint, and to the second cause of

15   action alleged therein, Defendants allege that the Complaint fails to state a claim for waiting time

16   penalties under Labor Code Section 203 as no such penalties can continue after an action therefor

17   is commenced.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Waiting Time Penalties)

20       16.    The Complaint fails to state a claim for waiting time penalties under Labor Code

21   Section 203, in that some of the members of the purported class did not resign, were not

22   discharged or did not quit prior to the filing of this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (All Wages Paid)

25       17.    As a separate affirmative defense to the Complaint, and to the second and third

26   causes of action alleged therein, Defendants allege that the Complaint fails to state a claim for

27   waiting time penalties under Labor Code Section 203 as all wages due and owing were timely

28   paid.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7556010.1                                5

ANSWER TO UNVERIFIED COMPLAINT

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Not Appropriate For Class Action)

18.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendants allege that the Complaint fails to satisfy any of the prerequisites for class certification.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Due Process/Class Certification)

19.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendants allege that certification of a class would constitute a denial of its due process rights in violation of the United States Constitution and of the California Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Lack of Injury or Damages)

20.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendants allege that Plaintiffs' monetary claims, and the claims of the putative members of the purported class as defined in the Complaint, are barred in whole or in part because they have not suffered injury or damage as a result of any actions allegedly taken by Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim Under California Business and Professions Code §§ 17200 et. seq.)

21.     As a separate affirmative defense to the Complaint, and to the third cause of action alleged therein, Plaintiffs and the putative class members of the purported class as defined in the Complaint have no private right of action under California Business and Professions Code §§ 17200, *et. seq.*, because Plaintiffs and the putative class members have not suffered injury in fact and have not lost money or property as a result of any alleged unfair competition.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Irreparable Harm)

22.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendants allege that Plaintiffs' claims for injunctive, declaratory, or other equitable relief, and the claims of the putative class members of the purported class as defined in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7556010.1                                6

ANSWER TO UNVERIFIED COMPLAINT

1 the Complaint, are barred in light of the fact that Plaintiff and the putative class members have

2 not suffered and will not suffer irreparable harm due to any alleged conduct of Defendants.

3 ## RESERVATION OF RIGHTS

4      Defendants have not completed their investigation of the facts of this case, have not

5 completed discovery in this matter, and have not completed their preparation for trial.   The

6 affirmative defenses asserted herein are based on Defendants' knowledge, information, and belief at

7 this time, and Defendants reserve the right to modify or amend these affirmative defenses or assert

8 such additional affirmative defenses that may appear and prove applicable during the course of this

9 litigation.

10

11      WHEREFORE, Defendants prays for judgment as follows:

12    1.    That Plaintiffs take nothing by the Complaint;

13    2.    That judgment be entered against Plaintiffs and in favor of the Defendants;

14    3.    That Defendants be awarded attorneys' fees incurred herein;

15    4.    That Defendants be awarded costs of suit herein; and

16    5.    For such other and further relief as the Court deems just and proper.

17

18 Dated: June 5, 2007                MORGAN, LEWIS & BOCKIUS LLP

19

20                        By _____

21                          Rebecca Eisen

22                          Attorneys for Defendants
                         CBS RADIO INC. (formerly known as

23                          "Infinity Broadcasting Corporation"), CBS
                         CORPORATION, INFINITY

24                          BROADCASTING CORPORATION
                         (erroneously sued as "Infinity Broadcasting

25                          Inc."), and VIACOM INC.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7556010.1                      7

ANSWER TO UNVERIFIED COMPLAINT

1

**PROOF OF SERVICE**

2      I am a resident of the State of California and over the age of eighteen years, and not a
party to the within action; my business address is One Market, Spear Street Tower, San
3   Francisco, California 94105-1126.

4      On June 5, 2007, I served the within document(s):

5          1.      CIVIL COVERSHEET

6          2.      NOTICE OF REMOVAL of ACTION TO THE UNITED STATES
                    DISTRICT COURT FOR THE NORTHERN DISTRICT OF
7                   CALIFORNIA

8
       ☐      by transmitting via facsimile the document(s) listed above to the fax number(s) set
9             forth below on this date before 5:00 p.m.

10
       ☒      by placing the document(s) listed above in a sealed envelope with postage thereon
11            fully prepaid, in the United States mail at San Francisco, California addressed as
              set forth below.
12

13     ☐      by placing the document(s) listed above in a sealed _____ envelope and
              affixing a pre-paid air bill, and causing the envelope to be delivered to a
14            _____ agent for delivery.

15
       ☐      by causing the document(s) listed above to be personally delivered to the person(s)
16            at the address(es) set forth below.

17
       ☐      by transmitting via electronic mail the document(s) listed above to each of the
18            person(s) as set forth below.

19   Aaron Kaufmann                          Morris J. Baller
     David P. Pogrel                         GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
20   HINTON, ALFERT & SUMNER                 DARDARIAN
     1646 California Blvd., Suite 600        300 Lakeside Drive, Suite 1000
21   Walnut Creek CA 94596                   Oakland CA 94612
     Tel: 925-932-6006                       Tel: 510-763-9800
22   Fax: 925-932-3412                       Fax: 510-835-1417

23
     Michael Singer
24   Christopher Olsen
     COHELAN & KHOURY
25   605 "C" Street, Suite 200
     San Diego CA 92101
26   Tel: 619-595-3001
     Fax: 619-595-3000
27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7559010.1

ANSWER TO COMPLAINT

1       I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
2  day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage
3  meter date is more than one day after date of deposit for mailing in affidavit.

     Executed on June 5, 2007, at San Francisco, California.

4

5       I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

6                         Patricia De La Hoya Murphy

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7559010.1

2

ANSWER TO COMPLAINT