REBECCA EISEN, State Bar No. 096129
THERESA MAK, State Bar No. 211435
M. MICHAEL COLE, State Bar No. 235538
MORGAN, LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
reisen@morganlewis.com
tmak@morganlewis.com
mcole@morganlewis.com

DARYL S. LANDY, State Bar No. 136288
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2212
Tel: 650.843.4000
Fax: 650.843.4001
dlandy@morganlewis.com

Attorneys for Defendants
CBS RADIO INC. (formerly known as "Infinity Broadcasting Corporation"), CBS CORPORATION, INFINITY BROADCASTING CORPORATION (erroneously sued as "Infinity Broadcasting Inc."), and VIACOM INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TERRY SAIDEL and GINA FONG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CBS RADIO, INC., a Delaware corporation; CBS CORPORATION, a Delaware corporation; INFINITY BROADCASTING, INC., a Delaware corporation; VIACOM, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,,<br><br>Defendants. | Case No. C07-2948 SC<br><br>**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**<br><br>The Honorable Samuel Conti |

**I.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulation of Confidentiality and Protective Order ("Protective Order"). The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that this Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission to file material under seal.

**II.    DEFINITIONS**

1.    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (including their support staff).

2.    <u>Disclosure or Discovery Material</u>:  all items or other information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.    <u>Confidential Material</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P.26(c).

4.    <u>Highly Confidential – Attorneys' Eyes Only Material</u>: extremely sensitive "Confidential Material" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

5.    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

1-SF/7594052.4                                        2                              Case No. C07-2948 SC
STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

6. <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

7. <u>Action or "This Action"</u>: refers to the above-captioned action and to no other action.

8. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

9. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

10. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action.

11. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action and who is not a past or a current employee of a Party or a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this Action.

12. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing; storing; retrieving data in any form or medium; etc.) and their employees and subcontractors.

### III.    SCOPE

The protections conferred by this Protective Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

### IV.    DURATION

1. Upon final termination of this Action, a party producing Protected Material may request the return or destruction of all such material and either the destruction of other documents

1  containing information or data from the Protected Material, or the redaction or other elimination
2  of the content of, or any reference to, such Protected Material from such other documents, and all
3  copies thereof made by or on behalf of the receiving parties.  The election whether to destroy
4  such other documents containing information or data from the Protected Material or to redact or
5  otherwise eliminate the sensitive information from such documents shall belong to the party
6  producing Protected Material.  The receiving parties shall thereafter comply with such request as
7  soon as practicable, but no later than three (3) months from the date of such request after the final
8  termination of this Action unless otherwise ordered by the Court.  Notwithstanding this provision,
9  Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal
10 memoranda, correspondence or attorney work product, even if such materials contain Protected
11 Material.  Any such archival copies that contain or constitute Protected Material remain subject to
12 this Protective Order until a Designating Party agrees otherwise in writing or a court order
13 otherwise directs.  Moreover, any such archival copies that contain or constitute Protected
14 Material shall not be used by Counsel in any way in any other matter, including in any other case,
15 action or proceeding unless otherwise ordered by the Court or agreed to in writing by the
16 Designating Party.

17      2.      The provisions of this Protective Order are without prejudice to any application by
18 any party at any time, on notice, for a modification or dissolution of or relief from this Protective
19 Order or any provision hereof.  The parties agree to abide by this Protective Order which will
20 remain in effect until modified either by written agreement or by order of the Court as provided
21 herein.

## V.      DESIGNATING PROTECTED MATERIAL

23      Any Party may in good faith designate as Protected Material, and subject to this Protective
24 Order, any document, information or material that is either (i) produced during discovery
25 proceedings in this Action; or (ii)  generated by a party in this Action, including but not limited
26 to, answers to interrogatories and responses to any request for the production of documents;
27 which constitute or contain proprietary or sensitive business, personal or personnel information or
28 any extracts or summaries thereof.  Any Party may also move the Court for an order designating

as Protected Material, and subject to this Order, any such document, information or material, and the other party(-ies) shall not unreasonably oppose such motion.

1.  <u>Exercise of Restraint and Care in Designating Material for Protection.</u>  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Party or non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

2.  <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

3.  <u>Designation in conformity with this Order requires:</u>

a.  <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings): may be designated as Protected Material by affixing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the top of each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the

1  designation, all of the material made available for inspection shall be deemed "Highly
2  Confidential – Attorneys' Eyes Only." After the inspecting Party has identified the documents it
3  wants copied and produced, the Producing Party must determine which documents, or portions
4  thereof, qualify for protection under this Order, then, before producing the specified documents,
5  the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential –
6  Attorneys' Eyes Only") at the top of each page that contains Protected Material. If only a portion
7  or portions of the material on a page qualifies for protection, the Producing Party also must
8  clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and
9  must specify, for each portion, the level of protection being asserted (either "Confidential" or
10 "Highly confidential – Attorneys' Eyes Only").

    b.    <u>For testimony given in deposition or in other pretrial or trial proceedings</u>:
12 the Party or non-party offering or sponsoring the testimony may identify on the record, before the
13 close of the deposition, hearing, or other proceeding, all Protected Material, and further specify
14 any portions of the testimony that qualify as "Highly Confidential – Attorneys' Eyes Only."
15 When it is impractical to identify separately each portion of testimony that is entitled to
16 protection, and when it appears that substantial portions of the testimony may qualify for
17 protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the
18 record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to
19 identify the specific portions of the testimony as to which protection is sought and to specify the
20 level of protection being asserted. Only those portions of the testimony that are appropriately
21 designated for protection within the twenty (20) days shall be covered by the provisions of this
22 Protective Order. Transcript pages containing Protected Material must be separately bound by
23 the court reporter, who must affix to the top of each such page the legend "Confidential" or
24 "Highly Confidential – Attorneys' Eyes Only" as instructed by the Party or non-party offering or
25 sponsoring the witness or presenting the testimony.

    c.    <u>For information produced in some form other than documentary, and for</u>
27 <u>any other tangible items</u>: may be designated as Protected Material by affixing in a prominent
28 place in which the information or item is stored the legend "Confidential" or "Highly

Confidential – Attorneys' Eyes Only." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

      d.    <u>Inadvertent Failure to Designate</u>: The inadvertent or unintentional disclosure by any party of Protected Material, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, shall make reasonable efforts to assure the Protected Material is treated in accordance with the provisions of this Protective Order.

## VI.   CHALLENGING DESIGNATIONS

1. Acceptance by any party of discovery material designated as Protected Material shall not constitute a concession that any such discovery material is appropriately so designated. If a Receiving Party elects to challenge to a Designating Party's confidentiality designation, then the Receiving Party must do so in good faith and must begin the process by making a concerted and good faith effort to confer directly and personally with counsel for the Designating Party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and/or timely and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has first engaged in this meet and confer process.

2. If the parties are unable to resolve their dispute, the party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party will move the Court in a timely manner regarding the basis of the chosen designation, identifying the challenged material and setting forth in detail the basis for the

challenge. Each such motion must be accompanied by a competent declaration that affirms how the movant has complied with the meet and confer requirements imposed in the proceeding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer process. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. If the motion is timely made, the designated material shall be deemed Confidential Material until the issue is resolved by the Court.

        3. The Receiving Party must notify the Designating Party of a challenge to the designation no later than thirty (30) days prior to the discovery cut-off in this Action except where special circumstances (such as a designation first received late in discovery period) justify a later challenge.

### VII.  ACCESS TO AND USE OF PROTECTED MATERIAL

        1. All Protected Material shall be used only for the purposes of this Action and shall not be used for any other purpose except upon written consent of the Designating Party or order of this Court, unless the Protected Material was obtained by the party using such Protected Material both lawfully and independently of the Designating Party.

        2. <u>Disclosure of "Confidential" Information or Items:</u>  Unless otherwise ordered by the Court in this Action or with the written permission of the Designating Party, information or items marked "Confidential" shall be held in confidence and shall not be intentionally or recklessly revealed, discussed, or disclosed in any manner, in any form, to any person or entity other than:

        a. the Court in this Action (including, without limitation, all Court personnel, including court reporters and members of the jury);

        b. counsel for any party retained in or working on the prosecution, defense, or settlement of this Action including co-counsel and counsel employed directly by any Party;

        c. employees of counsel and persons assigned to assist counsel in the prosecution, defense, or settlement of this Action;

        d. to the extent deemed necessary by counsel for the prosecution, defense or

1  settlement of this Action, individual parties, including the Plaintiff(s); members of a class
2  certified by the Court; and any director, officer or employee of any Party to this Action.
3  Members of a class certified by the Court signing the "Acknowledgement and Agreement to Be
4  Bound by Protective Order" (Exhibit A) may not review the personnel files and expense records
5  of other class members unless such other class members have signed and provided Plaintiff's
6  counsel with enforceable waivers of their privacy rights which release any and all claims against
7  Defendants arising from any disclosure of their personnel files and/or expense records;

8      e.    members of a putative class whose existence or composition has not yet
9  been ruled on by the Court, but only to the extent reasonably deemed necessary by counsel for the
10 prosecution, defense or settlement of this Action <u>and</u> only if such putative class members sign the
11 Acknowledgement and Agreement to Be Bound by Protective Order.  Members of such a putative
12 class signing the Acknowledgement and Agreement to Be Bound by Protective Order may not
13 review the personnel files and expense records of other class members unless such other class
14 members have signed and provided Plaintiff's counsel with enforceable waivers of their privacy
15 rights which release any and all claims against Defendants arising from any disclosure of their
16 personnel files and/or expense records;

17     f.    deposition or trial witnesses, experts and consultants, but only to the extent
18 reasonably deemed necessary by counsel for the prosecution, defense or settlement of this Action
19 <u>and</u> only if the deposition or trial witnesses, experts and consultants sign the Acknowledgement
20 and Agreement to Be Bound by Protective Order; and

21     g.    the author of the document or the original source of the information.

22     3.    <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:
23 Unless otherwise ordered by the Court or agreed to in writing by the Designating Party,
24 information or items marked "Highly Confidential – Attorneys' Eyes Only" shall be held in
25 confidence and shall not be intentionally or recklessly revealed, discussed, or disclosed in any
26 manner, in any form, to any person or entity other than:

27     a.    counsel for any party retained in or working on the prosecution, defense, or
28 settlement of this Action including co-counsel and counsel employed directly by any Party;

    b.  deposition or trial witnesses, experts, and consultants, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of this Action <u>and</u> only if the deposition or trial witnesses, experts and consultants sign the Acknowledgement and Agreement to Be Bound by Protective Order;

    c.  the Court in this Action (including, without limitation, all Court personnel, including court reporters and members of the jury); and

    d.  the author of the document or the original source of the information.

  4.  <u>Protected Material Subpoenaed or Ordered to be Produced in Other Litigation</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material, the Receiving Party must notify the Designating Party, in writing (by facsimile, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is subject to this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this Action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this Action to disobey a lawful directive from another court.

  5.  <u>Filing Protected Material:</u>

Motion papers or other Court filings, including exhibits, that disclose Protected Material shall be the subject of an application to file the Protected Material under seal pursuant to Rule 79-5 of the Civil Local Rules for the United States District Court, Northern District of California.  If

the Receiving Party disputes a confidential designation of motion papers or exhibits, then the Receiving Party must notify the Designating Party of that dispute in writing. If the parties are unable to resolve their dispute, the party who designated the motion papers, exhibits or other court filings as Protected Material will move the Court, within a period of time that is reasonable in light of the schedule for proceedings on such motion or other filing, for an order approving or removing the confidential designation and the non-moving party may oppose such motion. If timely made, the designated material shall be deemed Confidential Material until the issue is resolved by the Court.

### VIII.    MISCELLANEOUS

Nothing in this Protective Order abridges the right of any party to seek its modification by the Court in the future. The Court may modify the Protective Order in the interests of justice or public policy.

> MORRIS J. BALLER, CA Bar No. 048928
> GOLDSTEIN, DEMCHAK, BALLER,
>   BORGEN & DARDARIAN
> 300 Lakeside Drive, Suite 1000
> Oakland, CA  94612
> (510)  763-9800
> (510)  835-1417 (fax)
>
> AARON KAUFMANN, CA Bar No. 148580
> Kaufmann@hinton-law.com
> DAVID P. POGREL, CA Bar No. 203787
> HINTON, ALFERT & SUMNER
> 1646 N. California Blvd., Suite 600
> Walnut Creek, CA  94596
> (925) 932-6006
> (925) 932-3412 (fax)

|     |     |     |
| --- | --- | --- |
| 1   |     | MICHAEL D. SINGER |
|     |     | msinger@ck-lawfirm.com |
| 2   |     | COHELAN & KHOURY |
|     |     | 605 "C" Street, Suite 200 |
| 3   |     | San Diego, CA 92101-5305 |
|     |     | (619) 595-3001 |
| 4   |     | (619) 595-3000 (fax) |

Dated: September 10, 2007

By: ___/ s/  Morris J. Baller_____
      Morris J. Baller

ATTORNEY FOR PLAINTIFFS

REBECCA EISEN, CA Bar No. 096129
reisen@morganlewis.com
THERESA MAK, CA Bar No. 211435
MORGAN LEWIS
One Market
Spear Street Tower
San Francisco, CA 94105
(415) 442-1000
(415) 442-1001 (fax)

Dated: September 10, 2007

By: ___/ s/  Rebecca Eisen_____
      Rebecca Eisen

ATTORNEYS FOR DEFENDANTS

**ORDER**

IT IS SO ORDERED.

Dated: __September 12_____, 2007

_____
The Honorable [signed]
United States District Judge
*Judge Samuel Conti*

[SEAL: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY SAIDEL and GINA FONG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CBS RADIO, INC., a Delaware corporation; CBS CORPORATION, a Delaware corporation; INFINITY BROADCASTING, INC., a Delaware corporation; VIACOM, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,,<br><br>Defendants. | Case No. C07-2948 SC<br><br>**EXHIBIT A: ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**<br><br>The Honorable Samuel Conti |

I have been provided with a copy of the annexed Stipulation of Confidentiality and Protective Order. I have thoroughly reviewed its terms, and I agree to abide by those terms.

Dated: _____

Signed:_____

Name:_____

Title:_____

1

1-SF/7594052.4

STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER