REBECCA EISEN, State Bar No. 096129
THERESA MAK, State Bar No. 211435
M. MICHAEL COLE, State Bar No. 235538
MORGAN, LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
reisen@morganlewis.com
tmak@morganlewis.com
mcole@morganlewis.com

DARYL S. LANDY, State Bar No. 136288
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2212
Tel: 650.843.4000
Fax: 650.843.4001
dlandy@morganlewis.com

Attorneys for Defendants
CBS RADIO INC. (formerly known as "Infinity Broadcasting Corporation"), CBS CORPORATION, INFINITY BROADCASTING CORPORATION (erroneously sued as "Infinity Broadcasting Inc."), and VIACOM INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY SAIDEL and GINA FONG, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CBS RADIO, INC., a Delaware corporation; CBS CORPORATION, a Delaware corporation; INFINITY BROADCASTING, INC., a Delaware corporation; VIACOM, INC., a Delaware Corporation; and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No. C 07-02948 SC <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

1-SF/7603690.1

Case No. C 07-02948 SC)
JOINT CASE MANAGEMENT STATEMENT

Pursuant to the Court's Case Management Conference Standing Order, Plaintiffs TERRY SAIDEL and GINA FONG ("Plaintiffs"), individually and on behalf of all others similarly situated, and Defendants CBS RADIO INC. (formerly known as "Infinity Broadcasting Corporation"), CBS CORPORATION, INFINITY BROADCASTING CORPORATION (erroneously sued as "Infinity Broadcasting Inc."), and VIACOM INC. (collectively, "Defendants" or "CBS") submit this Case Management Statement which includes a report of the early meeting of counsel pursuant to F.R.C.P. Rule 26(f) and Local Rule 16-9.

## I. JURISDICTION AND SERVICE

This matter was removed to federal court pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. This Court has jurisdiction over the action pursuant to the Class Action Fairness Act of 2005. Specifically, this action originally could have been filed in this Court under 28 U.S.C. § 1332(d) because this matter was brought as a class action, complete diversity of citizenship exists between one or more members of the class and Defendants, and the amount in controversy exceeds, in the aggregate, five million dollars ($5,000,000), exclusive of interest and costs.

At this time, no issues exist regarding personal jurisdiction or venue. No parties remain to be served.

## II. SUMMARY OF FACTS AND FACTUAL AND LEGAL ISSUES IN DISPUTE

Both plaintiffs are former Account Executives who worked for radio stations owned and operated by defendant CBS Radio Inc. ("CBS Radio") or its corporate predecessor(s), Saidel in Los Angeles and Fong in San Francisco. Account Executives' principal duties involve soliciting and selling radio advertising, and some related products, to potential and current customers, most of whom are local business or local outlets of regional or national businesses. Account Executives call on customers at their places of business and meet with them outside CBS Radio office premises. Some Account Executives attend off-site customer events as well. CBS Radio provides its Account Executives with offices in which there are resources to perform their jobs, including, but not limited to, office space, telephones, office supplies, computers, and computer software. Plaintiffs contend that all or virtually all Account Executives additionally use their

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

1-SF/7603690.1

1

(C 07-02948 SC)
JOINT CASE MANAGEMENT STATEMENT

private automobiles, personal mobile telephones, and treat customers and potential customers to meals and entertainment. CBS Radio contends that it has a written expense reimbursement policy pursuant to which Account Executives are reimbursed for business expenses either upon pre-approval or upon request; Plaintiffs acknowledge that some Account Executives have been subject to and on occasion used such a policy.

Disputed factual issues include, but are not limited to:

1. Whether Plaintiffs and members of the putative class incurred business expenses in the course of their duties;
2. Whether any business expenses incurred by Plaintiffs and members of the putative class in the course of their duties were reasonable and/or necessary;
3. Whether CBS radio had an expense reimbursement policy available and/or known to any, some or all of the Account Executives, including Plaintiffs;
4. Whether Plaintiffs and members of the putative class requested reimbursement for all or any expenses incurred in the course of their duties;
5. Whether the employing company or companies required Account Executives including Plaintiffs to incur certain unreimbursed expenditures, or knew or reasonably should have known that Account Executives were incurring such expenses;
6. Whether the employing company(-ies) failed to pay Plaintiffs any earned "wages," and if so was that failure to pay "willful."

Discovery, which is just underway, may reveal additional factual issues in dispute.

Disputed legal issues include, but are not limited to:

1. Whether certain entities are properly named as Defendants;
2. Whether the employing company or companies complied or failed to comply with California Labor Code § 2802;
3. Whether Plaintiffs may properly maintain a Business & Professions Code § 17200 claim;
4. Whether Plaintiffs may properly maintain a Labor Code § 203 claim;
5. Whether this case may be certified as a class action pursuant to Federal Rule of

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

1-SF/7603690.1

2

Case No. C 07-02948 SC
JOINT CASE MANAGEMENT STATEMENT

Civil Procedure 23; and

Discovery, which is just underway, may reveal additional legal issues in dispute.

## III. MOTIONS

No motions are currently pending.

    A.    Plaintiffs anticipate filing the following motions before or at the class certification stage. Additional motions, not presently foreseeable, may be necessary depending on and after the Court's ruling on class certification.

        1.    Motion to amend their complaint to add one or more additional PlaintiffsClass Representatives and may drop Plaintiff Fong as a named Plaintiff.

        2.    Possible additional motion(s) to amend complaint to add additional Plaintiffs and/or to amend the factual allegations and/or claims based on the results of discovery and to conform to proof, prior to the class certification motion.

        3.    Motion for certification of case as a Rule 23 class action.

    B.    Defendants anticipate filing a motion for summary judgment, or, in the alternative, a motion for summary adjudication.

## IV. AMENDMENT OF PLEADINGS

Plaintiffs do not presently anticipate amending the pleadings to add new claims, but reserve the right to seek to amend the complaint further to add Plaintiffs or amend factual allegations and, if necessary, add new claims based on the results of discovery and continuing investigation. Plaintiffs expect to submit their proposed First Amended Complaint to Defendants, with a request that Defendants consent to an order permitting it to be filed, by September 20, 2007. If Defendants do not consent, Plaintiffs will file a motion for leave to file the First Amended Complaint within 10 days after they receive notice that Defendants do not consent. to such an order. If Defendants do consent, Plaintiffs will promptly submit a Stipulation and Proposed Order permitting Plaintiffs to file the First Amended Complaint. Plaintiffs do not believe it is necessary or appropriate to set a firm deadline on possible further amendments to the pleadings before the pace and results of discovery are known. Instead, the Court may assess the timeliness of any motion to further amend the pleadings when such a motion is made, and in light

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

1-SF/7603690.1

3

Case No. C 07-02948 SC
JOINT CASE MANAGEMENT STATEMENT

of the circumstances then present.

Defendants propose the following cut-off dates for the amendment of pleadings: Last day to move to amend pleadings to add claims, December 30, 2007; Last day to move to amend pleadings to add plaintiffs, January 25, 2008.

## V.  **EVIDENCE PRESERVATION**

Plaintiffs have taken and will continue to take reasonable steps to preserve evidence relevant to the issues reasonably evident in this action, insofar as such steps apply to documents in their personal possession and the possession of witnesses and members of the putative class with whom they are in contact.

Defendants have taken and continue to take reasonable steps to preserve evidence relevant to the issues reasonably evident in this action.

## VI.  **DISCLOSURES**

The stipulated protective order was signed by the Court on September 13, 2007. The parties have agreed to exchange initial disclosures by the close of business, September 17, 2007.

## VII.  **DISCOVERY**

The parties agree that it is necessary and appropriate to differentiate between discovery at the class certification stage and later discovery after the Court rules on Plaintiffs' anticipated motion for class certification. Paragraphs A-D below address discovery at the class certification stage only.

A.  Written discovery: Plaintiffs have propounded requests for production of documents, requests for admissions, and interrogatories. Defendants have propounded requests for production of documents and interrogatories. Responses to these written discovery requests are due at the end of September. Both parties anticipate serving additional sets of written discovery.

B.  Depositions: Defendants anticipate noticing the depositions of the named Plaintiffs, including those who may be added via amended complaint(s). Plaintiffs anticipate noticing the depositions of a presently unknown and unpredictable number of officers and managers of CBS Radio at both the corporate level and the market or station level, following the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

1-SF/7603690.1

4

Case No. C 07-02948 SC
JOINT CASE MANAGEMENT STATEMENT

receipt of responses to their first sets of written discovery.

   C.   Discovery Limitations: Other than the entry of a stipulated protective order, the parties do not at this time seek any limitations or modifications of the discovery rules as imposed by the Federal Rules of Civil Procedure and Local Rules.  Plaintiffs, however, request that the Court allow up to 15 deposition subject to the one day/seven-hour length limitation of FRCP 30(d)(2), except that the deposition of CBS Radio under FRCP 30(b)(6) should not be so limited but instead be permitted to take up to 14 hours over two(or more) days, if reasonably necessary in the considered opinion of Plaintiffs' counsel in light of the scope of the subjects noticed for that deposition and the identity and location of the designated witness(es).  Defendants object to any modification of the Federal Rules of Civil Procedure concerning the number of depositions allowed and 7-hour rule as it views such modification as unnecessary.

   D.   Discovery Schedule: For the class certification stage, Plaintiffs propose May 31, 2008 as the cut-off for pre-class certification motion discovery.  Defendants propose March 31, 2008 as the cut-off for  such discovery.

   E.   Post-Class Certification Motion Discovery: At this time, the parties propose that the Court not set any further discovery limitations or cut-off dates, including fact discovery, class-wide discovery, and/or expert witness disclosures and discovery, until such time as any dispositive motions and/or Plaintiffs' anticipated motion for class certification are decided.

## VIII.   CLASS ACTIONS

   A.   Plaintiffs provide the following additional information, pursuant to Local Rule 16-9(b).

      1.   <u>Maintainability as a Class Action under Fed. R. Civ. Proc. 23</u>

   This case may be maintained as a Rule 23(b)(2) and/or (b)(3) class action.  It is properly brought as a (b)(2) class action, as Defendants have used and continue to use unlawful policies and practices with respect to the incurrence and reimbursement of business expenses, and Plaintiffs seek declaratory, injunctive and other equitable relief, including restitution.  The case may also be maintained as a (b)(3) class action, as the issue of whether Account Executives are entitled to damages or reimbursement for expenses they incurred in the course of their job duties

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Chicago

1-SF/7603690.1

5

Case No. C 07-02948 SC
JOINT CASE MANAGEMENT STATEMENT

predominates over questions affecting only individual members. Also class treatment is superior to individual actions, as it will afford efficient use of judicial resources and prevent inconsistent rulings that may arise from separate actions.

### 2. Class Description

Plaintiffs seek to represent all individuals employed by Defendants in California during the period May 3, 2003 through the present, and continuing until the action is resolved ("Class Period") as Account Executives or in related positions that are functionally equivalent in that their principal duties consist of selling radio advertising (including, but not limited to, Regional/National Account Managers) (collectively "Account Executives").

### 3. Facts Regarding Federal Rule 23(a) and (b) Requirements

Numerosity: Plaintiffs believe there are at least 200 Account Executives currently employed by Defendants as Account Executives in California, and several hundred additional persons who were so employed during the Class Period.

Commonality: The common question of law that unites the putative class of Account Executives is whether they have incurred unreimbursed business expenses in the course of their duties. Additional common questions relate to whether CBS Radio required or knowingly permitted, and knew or reasonably should have known, that Account Executives were incurring such expenses. Plaintiffs believe that the policies and practices of CBS Radio in regard to the incurrence and reimbursement of business expenses were the same or similar throughout California during the Class Period, as were the types of expenses incurred by Account Executives during that Period.

Typicality: Plaintiffs bring claims that are typical of the class, as they all incurred business expenses in the course of their job duties as Account Executives, and were not reimbursed for any or some of those expenses. They are further typical in that CBS Radio's managers, who supervised Plaintiffs, were aware of the fact that Plaintiffs were incurring unreimbursed business expenses and failed or refused to reimburse them for all such expenses. The defense to Plaintiffs' claims is the same as to the class—that is, CBS Radio contends that Account Executives, including Plaintiffs, either did not incur such expenses, or were or could

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

1-SF/7603690.1

6

Case No. C 07-02948 SC
JOINT CASE MANAGEMENT STATEMENT

have been reimbursed for them, or are not entitled to such reimbursement under policies of CBS that it contends are not unlawful.

<u>Adequacy of Representation</u>:  Plaintiffs Saidel and Fond are both adequate representatives of the putative class, as are the individual(s) whom Plaintiffs intend to add as class representative Plaintiffs in the very near future.  They have no interests that are antagonistic to the interests of the class.  They have retained experienced counsel, who have litigated many similar wage and hour class actions in state and federal courts, including one, <u>Clear Channel Broadcasting v. Shellhammer</u>, San Francisco Superior Court No. CGC-04-431910, in which the class claimed damages for unreimbursed business expenses incurred by radio advertising sales representatives, and which was settled in 2006 for $20,000,000.

4. <u>Proposed Date for Class Certification Hearing</u>

Plaintiffs propose September 27, 2008 as the last day for filing a motion for class certification.

B. Defendant

1. Defendants deny that this case is appropriate for class certification or that the requirements of Rule 23 are met.

2. Defendants propose June 27, 2008 as the last day for filing a motion for class certification.

**IX.  RELATED CASES**

The parties are unaware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**X.  RELIEF**

Plaintiffs, on behalf of themselves and the class members, seek an injunction against Defendants' failing to reimburse Account Executives' business expenses incurred in the course of their duties, and affirmative injunctive relief to establish appropriate procedures for the payment of such reimbursements.  Plaintiffs seek monetary relief for past failures to reimburse Account Executives for business expenses incurred in the course of their duties, including repayment and restitution of expenditures, payment of unpaid wages in the form of unreimbursed business

Morgan, Lewis & Bockius LLP
Attorneys At Law
Chicago

1-SF/7603690.1

7

Case No. C 07-02948 SC
JOINT CASE MANAGEMENT STATEMENT

expenses, pre- and post-judgment interest on unreimbursed expenses and unpaid wages, statutory penalties as prayed for in the complaint, and an award of costs and attorneys' fees. Defendants deny that Plaintiffs or members of the putative class are legally entitled to any such measures of relief.

## XI. SETTLEMENT AND ADR

The parties have agreed to private mediation, to be completed by April 30, 2008.

## XII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiffs did not object to assignment for all purposes to a Magistrate Judge. Defendants do not consent to have a Magistrate Judge conduct any or all further proceedings, including trial and entry of judgment.

## XIII. OTHER REFERENCES

At this time, the parties do not recommend referring this case to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. NARROWING OF ISSUES

Defendants submit that issues in this case may narrowed by a dispositive motion for summary judgment, or, in the alternative, summary adjudication. At this time, Plaintiffs do not propose any means for the narrowing of issues at the pre-certification stage.

## XV. EXPEDITED SCHEDULE

This case is not appropriate for handling on an expedited basis with streamlined procedures.

## XVI. SCHEDULING

The parties propose the following dates:

Last day to amend pleadings to add claims: Plaintiffs propose no fixed date; Defendants propose December 30, 2007.

Last day to amend pleadings to add plaintiffs: Plaintiffs propose no fixed date; Defendants propose January 25, 2008.

Cut-off for class certification discovery: Plaintiffs propose May 31, 2008; Defendants propose March 31, 2008.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

1-SF/7603690.1

8

Case No. C 07-02948 SC
JOINT CASE MANAGEMENT STATEMENT

1    Last day to file dispositive motions: Defendants propose May 16, 2008.

2    Last day to file motion for class certification: Plaintiffs propose September 27, 2008;
3    Defendants propose June 27, 2008.

4    The parties propose setting fact and classwide discovery cut-off, expert disclosures and
5    discovery, pretrial conference, and trial dates after any dispositive motions and/or Plaintiffs'
6    motion for class certification are heard and the Court enters its rulings on such motions.

## XVII. TRIAL

Plaintiffs have demanded a jury trial. The parties cannot anticipate trial time until after class certification has been determined.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendants have filed the "Certification of Interested Entities or Persons" as required by Local Rule 3-16. As averred therein CBS Corporation (formerly Viacom Inc.), a publicly-traded company, owns 100% of the stock of Westinghouse CBS Holding Company, Inc., which owns 100% of the stock of CBS Broadcasting Inc., which owns 100% of the stock of CBS Radio Inc. f/k/a Infinity Broadcasting Corporation.

## XIX. OTHER MATTERS

The parties do not anticipate any other matters which may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: September 14, 2007

MORGAN, LEWIS & BOCKIUS LLP
REBECCA EISEN
THERESA MAK


By _____/s/_____
M. Michael Cole
Attorneys for Defendants
CBS RADIO INC. (formerly known as "Infinity Broadcasting Corporation"), CBS CORPORATION, INFINITY BROADCASTING CORPORATION (erroneously sued as "Infinity Broadcasting Inc."), and VIACOM INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

1-SF/7603690.1

9

Case No. C 07-02948 SC
JOINT CASE MANAGEMENT STATEMENT

1

2  Dated: September  2007

3

GOLDSTEIN, DEMCHAK, BALLER,
BORGEN & DARDARIAN

4

5  HINTON, ALFERT & SUMNER

6

7  COHELAN & KHOURY

8

9  By _____/s/_____
    Morris J. Baller
    Attorneys for Plaintiffs
10  TERRY SAIDEL and GINA FONG

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

1-SF/7603690.1

10

Case No. C 07-02948 SC
JOINT CASE MANAGEMENT STATEMENT