1   AARON KAUFMANN, CA Bar No. 148580
    DAVID P. POGREL, CA Bar No. 203787
2   HINTON, ALFERT & SUMNER
    1646 N. California Blvd., Suite 600
3   Walnut Creek, CA  94596
    (925) 932-6006
4   (925) 932-3412 (fax)
    Kaufmann@hinton-law.com
5
    MORRIS J. BALLER, CA Bar No. 048928
6   ENRIQUE MARTINEZ, CA Bar No. 206884
    GOLDSTEIN, DEMCHAK, BALLER,
7        BORGEN & DARDARIAN
    300 Lakeside Drive, Suite 1000
8   Oakland, CA  94612
    (510) 763-9800
9   (510) 835-1417 (fax)
    mballer@gdblegal.com
10
    MICHAEL SINGER, CA Bar No. 115301
11  CHRISTOPHER OLSEN, CA Bar No. 236928
    COHELAN & KHOURY
12  605 "C" Street, Suite 200
    San Diego, CA  82101
13  (619) 595-3001
    (619) 595-3000 (fax)
14  MSinger@CK-LawFirm.com

15  Attorneys for Plaintiffs and the Putative Class

16                   UNITED STATES DISTRICT COURT

17                 NORTHERN DISTRICT OF CALIFORNIA

18

19  TERRY SAIDEL and CAMILLE JACKSON,      )   CLASS ACTION
    individually and on behalf of all others similarly  )
20  situated,                              )   Case No.:  CV 07-02948-SC
                                           )
21            Plaintiffs,                  )   **FIRST AMENDED COMPLAINT;**
                                           )   **DEMAND FOR JURY TRIAL**
22  vs.                                    )
                                           )
23  CBS RADIO, INC., a Delaware corporation and  )
    DOES 1 through 10, inclusive,          )
24                                         )
              Defendants.                  )
25                                         )
                                           )
26                                         )

27

28

9604-4

1    Plaintiffs hereby allege:

2                                    **JURISDICTION**

3           1.     Defendant removed this action from the Superior Court of California, Alameda County

4    pursuant to the Class Action Fairness Act of 2005 (CAFA), *codified at* 28 U.S.C. §§ 1332(d), 1453,

5    and 1711-1715.

6                      **VENUE AND INTRADISTRICT ASSIGNMENT**

7           2.     Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because the County in

8    which the removed action was originally brought is within this District.  A substantial part of the

9    events or omissions giving rise to the claims stated herein arose within this District, and a substantial

10   number of the members of the class alleged herein work or worked for Defendant in facilities and

11   operations maintained by Defendant within this District and within the Division and Courthouse to

12   which this action has been assigned, in the City and County of San Francisco.

13                                **NATURE OF THE CASE**

14          3.     Plaintiffs bring this class action lawsuit individually and on behalf of other individuals

15   who are or were employed by the Defendant within the State of California as radio and radio-related

16   advertising salespeople (hereinafter "Account Executives").  As such, they seek reimbursement for

17   business expenses, and interest thereon; waiting time penalties; declaratory relief; injunctive and other

18   equitable relief; and reasonable attorneys' fees and costs, under California Labor Code §§ 2802, 218.5

19   and 203 and Code of Civil Procedure § 1021.5, in California during the four years prior to the filing of

20   the original action through the trial date based upon the allegation that the violations of California's

21   wage and hour laws, as described more fully below, have been ongoing for at least the past four years,

22   are continuing at present, and will continue until enjoined by the Court.

23                                        **PARTIES**

24   **PLAINTIFFS**

25          4.     Plaintiff Terry Saidel resides in California.  Plaintiff Saidel was employed by Defendant

26   from approximately 1993 to approximately July 2006.  During the relevant times herein Plaintiff

27   Saidel served as a senior account executive at KNX, a radio station owned by Defendant and located in

28

9604-4                                              1

1 | Los Angeles, California. Plaintiff Saidel was subject to Defendant's unlawful business expense

2 | reimbursement policies and/or practices set forth herein.

3 |      5.    Plaintiff Camille Jackson resides in Fresno, California. Plaintiff Jackson was employed

4 | by Defendant from approximately November 2004 to January 2006. During her tenure with

5 | Defendant, she worked as an account executive for two of Defendant's radio stations in Fresno,

6 | California. Plaintiff Jackson was subject to Defendant's unlawful business expense reimbursement

7 | policies and/or practices set forth herein.

8 |      6.    Since at least four years prior to the filing of this action, Defendant has maintained

9 | business expense policies and/or practices that deny lawful compensation to their Account Executives.

10 | Those policies and/or practices cause Account Executives to pay for expenses incurred by them in

11 | direct consequence of discharging their sales duties on behalf of Defendant. These expenses include,

12 | but are not limited to: maintenance of an automobile and all travel-related expenses, including vehicle

13 | insurance, gasoline, parking, and mileage incurred while traveling for business; cellular phones;

14 | personal digital assistants (PDA's); restaurant meals, food and beverages provided to Defendant's

15 | clients and potential clients; and gifts for Defendant's clients and potential clients. Defendant is aware

16 | that its Account Executives regularly incur business expenses in the discharge of their duties, as

17 | employees, in excess of any stipends or reimbursements that may be provided to Account Executives

18 | or some of them, but Defendant fails and refuses to reimburse them for such business expenses as

19 | Account Executives solicit and sell radio and radio-related advertising to Defendant's clients and

20 | prospective clients.

21 | **DEFENDANTS**

22 |      7.    Defendant CBS Radio Inc. ("CBS Radio") is a Delaware Corporation and is a wholly-

23 | owned subsidiary of CBS Corporation, formerly Viacom Inc.

24 |      8.    CBS Radio is the sole Defendant in this action and is the same company, renamed, as

25 | Infinity Broadcasting Corporation, the former employer of Plaintiffs and many class members. CBS

26 | Radio presently owns and operates approximately 26 radio stations in California and has owned and

27 | operated additional stations in California during the Class Period. Plaintiffs and the class of similarly

28 | situated Account Executives sold advertising for these CBS Radio stations during the Class Period.

9.    All of Plaintiffs' claims stated herein are asserted against Defendant and any of its predecessors, successors and/or assigns.

## CLASS ACTION ALLEGATIONS

10.    Plaintiffs seek to maintain this case as a class action with regard to all of their Claims for Relief, pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf of the following class: all persons who have been employed by Defendant in California as account executives, senior account executives, regional account executives, national account executives, and/or in a similar job capacity (collectively "Account Executives") at any time from four years prior to the filing of this action through trial who were subject to Defendant's business expense reimbursement policy and were not covered by a collective bargaining agreement.

11.    Plaintiffs are informed and believe and thereon allege Defendant has employed more than 100 Account Executives in California subject to Defendant's business expense reimbursement policy at all times during the class period, and due to employee turnover the number of Class Members is much larger than the number of Account Executive positions at any one time.  Hence, the persons in the putative class are so numerous that joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

12.    There are numerous common questions of law and fact that apply equally to the claims of all Account Executives.

13.    Common questions of fact and law, with regard to the claims of the Account Executives, include:

a.    Whether Account Executives incurred un-reimbursed business expenses in the discharge of their duties as employees, for such items as automobile use and maintenance, parking, use of telephones and mobile communications equipment, meals and gifts for clients of Defendant, and similar business expenses;

b.    Whether Defendant intended, suffered and permitted, and/or was aware that Account Executives incur such business expenses in the discharge of their duties as employees.

c.    Whether Account Executives may properly maintain a Business & Professions Code § 17200 claim;

1            d.       Whether Defendant failed and/or refused to reimburse business expenses

2 incurred by Plaintiffs and Class Members in the discharge of their duties;

3            e.       Whether Defendant's failure to reimburse business expenses incurred by the

4 Account Executives was the result of, and/or pursuant to, a business policy or regular practice of

5 Defendant;

6            f.       Whether Defendant's failure to reimburse business expenses incurred by

7 Account Executives was willful;

8            g.       Whether Account Executives whose employment with Defendant terminated

9 during the Class Period were owed wages or compensation due from Defendant, in the form of un-

10 reimbursed business expenses, at the time of their termination, which have not been paid;

11            h.       Whether Defendant violated Labor Code § 2802 by denying Account Executives

12 reimbursement for their business expenses;

13            i.       Whether Defendant violated Business and Professions Code § 17200 by failing

14 to pay business expenses for Account Executives;

15            j.       Whether Defendant has violated Labor Code §§ 201 and 202, by failing, upon

16 termination, to timely pay Account Executives for the expenses incurred in discharge their sales duties;

17 and,

18            k.       The proper formula(s) for calculating restitution, damages, and waiting time

19 penalties owed to Account Executives.

20       14.       The claims of Plaintiffs, as alleged herein, are typical of those claims which could be

21 alleged by all Account Executives.  The relief sought by Plaintiffs is typical of the relief which could

22 be sought by each Account Executive in a separate action.

23       15.       Plaintiffs and their counsel are adequate to represent and protect the interests of all

24 Account Executives.  Plaintiffs have no known conflicts of interest with any putative class member.

25       16.       Defendant has acted or refused to act on grounds generally applicable to the class,

26 thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to

27 the class as a whole.

28

17.    The common questions of fact and law alleged in paragraphs 15 and 16 above, and other questions common to the class predominate over any questions affecting only individual members of the class, and a class action is superior to other available methods for the fair and efficient adjudication of the claims asserted by Plaintiffs on behalf of the class.

## FIRST CLAIM FOR RELIEF

### FAILURE TO REIMBURSE FOR BUSINESS EXPENSES (CALIFORNIA LABOR CODE § 2802)

18.    The allegations of Paragraphs 1 through 17 are realleged and incorporated herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and the above-described class of similarly situated Account Executives.

19.    Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

20.    In order to discharge their sales-related duties for Defendant, Plaintiffs and similarly situated Account Executives had to use their own personal motor vehicles for work-related travel. However, Defendant did not fully pay for expenses incurred as a result of Plaintiffs' and similarly situated Account Executives' use of their own motor vehicles for work, including for liability insurance, gas, parking, mileage and other travel related expenses.

21.    Plaintiffs and similarly situated Account Executives also had to pay out of their own money for food, beverage, entertainment and/or other gifts for Defendant's clients and prospective clients as part of their sales-related duties for Defendant.  However, Defendant did not fully pay for or otherwise fully reimburse Plaintiffs and similarly situated Account Executives for such expenses.

22.    Plaintiffs and similarly situated Account Executives also incurred other necessary business expenses in carrying out their sales-related duties, including use of their personal cell phones, and/or similar communication devices.

23.    Plaintiffs and similarly situated Account Executives are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs, under Labor Code § 2802.

24.    As a result of Defendant's violations of Labor Code § 2802, Defendant is also liable for civil penalties and attorneys' fees and costs under Labor Code § 218.5.

25.    Plaintiffs, on behalf of themselves and similarly situated Account Executives, request relief as described below.

### SECOND CLAIM FOR RELIEF

### WAITING TIME PENALTIES
### (CALIFORNIA LABOR CODE §§ 201, 202 & 203)

26.    The allegations of Paragraphs 1 through 25 are realleged and incorporated herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and the above-described class of similarly situated Account Executives.

27.    Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

28.    Labor Code § 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

29.    Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

30.    Defendant willfully failed and refused to timely pay Account Executives, including Plaintiffs, all wages owed by failing to pay them for necessarily incurred business expenses upon termination. As a result, Defendant is liable to former Account Executives, including Plaintiffs, for waiting time penalties, together with interest thereon and reasonable attorneys' fees and costs, under Labor Code § 203.

31.    Plaintiffs, on behalf of all Account Executives who have left Defendant's employ, request relief as described below.

///

///

# THIRD CLAIM FOR RELIEF

## UNFAIR COMPETITION LAW VIOLATIONS
### (CALIFORNIA BUS. & PROF. CODE § 17200)

32.    The allegations of Paragraphs 1 through 31 are realleged and incorporated herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and the above-described class of similarly situated Account Executives.

33.    Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

34.    Business & Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL.

35.    Beginning at an exact date unknown to Plaintiffs, but at least four years prior to the filing of this action, and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business & Professions Code § 17200, by engaging in the following:

a.    failing to reimburse and indemnify Plaintiffs and similarly situated Account Executives for employment-related business expenses and losses; and

b.    failing to pay all accrued wages to Account Executives upon termination of their employment by not reimbursing them for necessarily incurred business expenses.

36.    The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business and Professions Code § 17200.

37.    As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continue to hold ill-gotten gains belonging to Plaintiffs and Class Members in the form of unpaid wages and un-reimbursed employee business expenses. As a direct and proximate result of Defendant's unlawful business practices, Plaintiffs and Class Members have suffered economic injuries including, but not limited to wages, out-of-pocket business expenses, and waiting time penalties. Defendant has profited from their unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest accrued

1    thereon, and waiting time penalties that should have been paid to Plaintiffs and similarly situated

2    Account Executives.

3          38.    Plaintiffs and similarly situated Account Executives are entitled to restitution pursuant

4    to Business & Professions Code §§ 17203 and 17208 for all unpaid business expenses, interest, and

5    waiting time penalties accruing from four years prior to the filing of this action to the date of such

6    restitution.

7          39.    Plaintiffs and similarly situated Account Executives are entitled to enforce all

8    applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

9          40.    Plaintiffs' success in this action will enforce important rights affecting the public

10    interest.  In this regard, Plaintiffs sue on behalf of themselves and others similarly situated.  Plaintiffs

11    seek and are entitled to reimbursement of business expenses with interest, waiting time penalties,

12    declaratory and injunctive relief, and any other appropriate remedy.

13          41.    Injunctive relief is necessary and appropriate to prevent Defendant from continuing and

14    repeating its unlawful, unfair and fraudulent business acts and practices alleged above.

15          42.    In order to prevent Defendant from profiting and benefiting from their wrongful and

16    illegal acts and continuing those acts, Plaintiffs request an order requiring Defendant to disgorge all the

17    profits and gains they have reaped and restore such profits and gains to the Account Executives, from

18    whom they were unlawfully taken.

19          43.    Plaintiffs have assumed the responsibility of enforcement of the laws and lawful claims

20    specified herein.  There is a financial burden incurred in pursuing this action which is in the public

21    interest.  Therefore, reasonable attorneys' fees are appropriate pursuant to Code of Civil Procedure §

22    1021.5.

23          44.    By all of the foregoing alleged conduct, Defendant has committed, and are continuing

24    to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Business

25    & Professions Code §17200 *et seq.*

26          45.    As a direct and proximate result of the UCL violations described above, Plaintiffs, other

27    Account Executives have all suffered significant losses and Defendant has been unjustly enriched.

28

46.    Pursuant to Business & Prof. Code §17203, Plaintiffs, and other Account Executives are entitled to restitution of money acquired by Defendant by means of its unfair business practices, in amounts not yet ascertained but to be ascertained at trial; and Plaintiffs and Class Members are further entitled to injunctive relief against Defendant's continuation of its unfair business practices and a declaration that Defendant's business practices are unlawful, unfair, and/or fraudulent within the meaning of the statute.

47.    Plaintiffs, on behalf of themselves and similarly situated Account Executives, request relief as described below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of a class of Account Executives, pray for judgment against Defendant as follows:

### *WITH REGARD TO ALL OF PLAINTIFFS' CLAIMS FOR RELIEF:*

A.    That the Court certify this case as a class action pursuant to Fed. R. Civ. Pro. 23(b)(2) and (b)(3), and certify Plaintiffs and their counsel as representatives of the class defined herein.

### *WITH REGARD TO THE FIRST CLAIM FOR RELIEF:*

B.    That the Court declare that Defendant's business expense policies and/or practices violate California law by not treating all business expenses incurred by Account Executives in the discharge of their duties as employees of Defendant as business costs to be paid or reimbursed by Defendant.

C.    That the Court find and declare that Defendant's business expense policies and/or practices violate California law by causing a forfeiture of accrued wages.

D.    That the Court find and declare that Defendant's business expense policies and/or practices violate California law, including Labor Code § 2802, as they deny employees compensation or reimbursement for all expenses incurred during the course of conducting business for their employer.

E.    That the Court award to Account Executives all un-reimbursed business expenses, and interest thereon, they are owed, subject to proof at trial; and,

1      F.     That Account Executives be awarded reasonable attorneys' fees and costs pursuant to

2   Labor Code §§ 2802, 218.5 and/or other applicable law.

3        ***WITH REGARD TO THE SECOND CLAIM FOR RELIEF***:

4      G.     That the Court find and declare that Defendant has violated Labor Code §§ 201 and 202

5   for willful failure to reimburse necessarily incurred business expenses upon termination of

6   employment to Account Executives who have left Defendant's employ;

7      H.     That the Court award to Account Executives who have left Defendant's employ an

8   award of payments due to them as waiting time penalties, and interest thereon, pursuant to Labor Code

9   § 203; and,

10      I.     That Account Executives be awarded reasonable attorneys' fees and costs pursuant to

11   Labor Code § 203 and/or other applicable law.

12        ***WITH REGARD TO THE THIRD CLAIM FOR RELIEF***:

13      J.     That the Court find and declare that Defendant has violated Business and Professions

14   Code § 17200 and committed unfair and unlawful business practices by failing to reimburse Account

15   Executives for necessarily incurred business expenses and by failing to pay waiting time penalties to

16   Account Executives who have left Defendant's employ;

17      K.     That Defendant be ordered and enjoined to pay restitution to the Account Executives

18   due to Defendant's UCL violations, pursuant to Business and Professions Code §§ 17200-17205;

19      L.     That Defendant further be enjoined to cease and desist from the unlawful activities

20   alleged herein in violation of Business and Professions Code § 17200;

21      M.     That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs pursuant

22   to Labor Code §§ 2802, 218.5, 203 and Code of Civil Procedure § 1021.5, and/or other applicable law.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

*WITH REGARD TO ALL OF PLAINTIFFS' CLAIMS FOR RELIEF:*

N.      That the Court award such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury to the extent authorized by law.

Dated: November 9, 2007                    Respectfully submitted,


                                           *Morris J. Baller*
                                           MORRIS J. BALLER, CA Bar No. 048928
                                           ENRIQUE MARTINEZ, CA Bar No. 206884
                                           GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
                                                DARDARIAN
                                           300 Lakeside Drive, Suite 1000
                                           Oakland, CA  94612
                                           (510)  763-9800
                                           (510)  835-1417 (fax)
                                           mballer@gdblegal.com

                                           AARON KAUFMANN, CA Bar No. 148580
                                           DAVID P. POGREL, CA Bar No. 203787
                                           HINTON, ALFERT & SUMNER
                                           1646 N. California Blvd., Suite 600
                                           Walnut Creek, CA  94596
                                           (925) 932-6006
                                           (925) 932-3412 (fax)
                                           Kaufmann@hinton-law.com

                                           MICHAEL SINGER, CA Bar No. 115301
                                           CHRISTOPHER OLSEN, CA Bar No. 236928
                                           COHELAN & KHOURY
                                           605 "C" Street, Suite 200
                                           San Diego, CA  82101
                                           (619) 595-3001
                                           (619) 595-3000 (fax)
                                           MSinger@CK-LawFirm.com

                                           Attorneys for Plaintiffs and the Putative Class