Aaron Kaufmann, Esq., SBN 148580
David P. Pogrel, Esq., SBN 203787
HINTON, ALFERT & SUMNER
1646 N. Calif. Blvd., Suite 600
Walnut Creek, CA 94596
Telephone: (925) 932-6006
Facsimile: (925) 932-3412

Morris J. Baller, Esq., SBN 048928
Enrique Martinez, Esq., SBN 206884
GOLDSTEIN, DEMCHAK, BALLER,
    BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 763-9800
Facsimile: (510) 835-1417

Michael D. Singer, Esq., SBN 115301
Christopher A. Olsen, Esq., SBN 236928
COHELAN & KHOURY
605 C Street, Suite 200
San Diego, CA 92101-5305
Telephone: (619) 595-3001
Facsimile: (619) 595-3000

Attorneys for Plaintiffs and the Putative Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| TERRY SAIDEL and CAMILLE JACKSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CBS RADIO, INC., a Delaware corporation and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C07-2948 SC<br><br>**DECLARATION OF DAVID POGREL IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFFS' FIRST AMENDED SPECIAL INTERROGATORIES, SET ONE**<br><br>Date: To Be Set<br>**Judge: To Be Referred to a Magistrate Judge**<br>Time: To Be Set<br>Complaint filed: May 3, 2007<br>Trial Date: None set |

I, David Pogrel, declare as follows:

1. I am a member in good standing of the Bar of the State of California and an associate at the law firm of Hinton, Alfert & Sumner, in Walnut Creek, California, counsel for Plaintiffs in this action. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them.

2. My office served Defendant CBS Radio, Inc. ("CBS") the Plaintiffs' First Amended Special Interrogatories, Set One, by mail on August 22, 2007. A true and correct copy of the Plaintiffs' First Amended Special Interrogatories, Set One ("Interrogatories") is attached hereto as Exhibit 1.

3. After Plaintiffs granted an extension, CBS served its Responses to Plaintiffs' First Amended Special Interrogatories, Set One ("Responses") on October 24, 2007. A true and correct copy of the Responses is attached hereto as Exhibit 2. CBS objected to and failed to provide any answers to special interrogatories numbers 1-4, which requested the names and contact information of putative class members and supervisors, on the grounds of privacy, over breadth, irrelevancy, and prematurity because no class has been certified.

4. On November 6, 2007, I wrote a letter to CBS's counsel, Rebecca Eisen and Theresa Mak, to confer regarding CBS's failure to answer special interrogatories numbers 1-4. A true and correct copy of that letter is attached hereto as Exhibit 3. At the end of the letter, I offered a limited-time compromise under which Plaintiffs would agree to an opt-out privacy notice be sent to the putative class members and supervisors provided that the parties could agree on language of the notice by November 19, 2007 and that CBS could provide the putative class members' and supervisors' contact information to a third-party administrator no later that November 26, 2007.

5. I participated in a telephone conference call with Ms. Mak and Ms. Eisen on November 8, 2007 at which time Ms. Eisen reiterated that, in her opinion, Plaintiffs were not entitled to the contact information requested in special

interrogatories 1-4 unless and until a class is certified in this action. Ms. Eisen conceded that she had not read my letter of November 6, 2007 and would not confirm whether or not the parties had reached an impasse on the issue until given the opportunity to further consider her position.

6. On November 19, 2007, I received a letter from Ms. Mak, associate and counsel for CBS, informing us that CBS would not provide any of the contact information requested in special interrogatories 1-4. A true and correct copy of that letter is attached hereto as Exhibit 4.

7. On November 20, 2007, I send a letter by facsimile and first class mail to Ms. Eisen and Ms. Mak regarding several outstanding discovery matters. In this letter, I reiterated that Plaintiffs are entitled to the contact information sought in special interrogatories 1-4 and that the arguments presented by Ms. Mak in her November 19, 2007 letter are not controlling. I informed Ms. Eisen and Ms. Mak that we would move to compel unless CBS changed its position on the requested contact information. A true and correct copy of that letter is attached hereto as Exhibit 5.

8. On November 20, 2007, after sending the above-referenced letter by facsimile, I received a phone call from Ms. Eisen and Ms. Mak. During the call, Ms. Eisen offered a compromise which she said that she hoped would avoid the imminent filing of discovery motions. With respect to putative class member contact information, she informed me that CBS may be willing to provide a limited sample of class contact information. While we did not agree on a sample size, she suggested that CBS might be willing to provide the contact information for 50 putative class members. I asked her the approximate total number of putative class members in order to determine the total percentage of the class represented by 50 class members, at which time she informed me she estimated the class at approximately 250 people. I told her I would confer with my co-counsel on her proposal and send a response to her.

9. In our November 20th telephone call, we agreed that neither party would in any way waive its right to file a motion to compel on any discovery issues by agreeing to a compromise, but that we would agree to delay the filing of any discovery motions for a short time period as we focused the case on scheduling and taking several depositions that were noticed for the 2007 holiday period. Following our phone call, I sent an e-mail to Ms. Eisen and Ms. Mak to confirm our discussion and offer a specific proposal under which CBS would provide contact information for one-third of all putative class members and one-half of former CBS supervisors. In my e-mail, we agreed that we would not file a motion to compel disclosure of any contact information before December 20, 2007 if we were able to reach a compromise. A true and correct copy of my November 20, 2007 e-mail is attached hereto as Exhibit 6.

10. On November 27, 2007, I received a phone call from Ms. Mak. In the call, Ms. Mak informed me that CBS was standing by its objections with respect to special interrogatories numbers 3-4 and that it would not provide the names or contact information for any current or former supervisors of putative class members.

11. On November 27, 2007, following up on our conversation, I sent an e-mail to Ms. Mak informing her that Plaintiffs would file a motion to compel the contact information of current and former supervisors of the putative class unless CBS changed its position and agreed to provide such information. In this same e-mail, I informed Ms. Mak that Plaintiffs would accept a sample of contact information for 50 putative class members. I further informed Ms. Mak that Plaintiffs would not waive our right to file a motion to compel full production of all putative class member contact information, but that we would delay filing that motion for a "few weeks" following my November 27, 2007 e-mail. A true and correct copy of my November 27 2007 e-mail is attached hereto as Exhibit 7.

12. On January 22, 2008, CBS produced contact information for a sample of 50 putative class members, informing us that CBS did not have phone numbers for

1  7 of the 50 that people Plaintiffs has selected for sampling. Over the following three
2  days, I worked with Ms. Mak to substitute acceptable class members for whom CBS
3  had retained complete contact information.
4      13. On January 30, 2008, I sent a letter by facsimile and mail to Ms. Eisen
5  and Ms. Mak reiterating to them that plaintiffs maintain that we are entitled to full
6  production of all items described in special interrogatories number 1-4 and that we
7  would file a motion to compel if CBS did not produce the requested information by
8  February 4, 2008. I assured Ms. Mak and Ms. Eisen that plaintiffs will withdraw
9  any such motion if we reach a settlement at the mediation on this matter currently
10 scheduled for March 12, 2008, but that we would feel compelled to get the motion
11 filed so that it can be heard and decided by the court shortly after mediation in the
12 event mediation is not successful and we do not reach a settlement on March 12th.
13 A true and correct copy of my January 30, 2008 facsimile/letter is attached hereto as
14 Exhibit 8.
15     14. On February 6, 2006, I discussed the issue further with Ms. Mak and
16 proposed a compromise to avoid this motion to compel. Under my proposal, CBS
17 would agree to provide the requested information to plaintiffs two days after the
18 March 12, 2008 mediation in the event that we do not reach a settlement. In
19 exchange, plaintiffs would agree to provide other disputed discovery which we
20 believe is protected by our client's right to privacy. I followed up our conversation
21 with an e-mail detailing my compromise proposal, and asking for a response by
22 Friday February 8, 2008. A true and correct copy of my February 6, 2008 e-mail is
23 attached hereto as Exhibit 9.
24     15. At approximately 2 p.m. on Friday February 8, 2008, Ms. Mak sent me
25 an e-mail in which she did not give a response to my proposal, but instead raised the
26 issue of relevance and asked me to justify why the names of the class members and
27 their supervisors are relevant at the pre-certification stage of this action. I
28 immediately responded to her e-mail with a description of why the contact

information is relevant and discoverable, but also informing her that plaintiffs needed an answer to our proposal, not a continued dialogue on newly raised meet and confer issues. Given the lack of time to negotiate or discuss the matter further, I asked Ms. Mak to provide a "yes" or "no" response to my proposal by Monday February 11, 2008. A true and correct copy of this February 8, 2008 e-mail exchange is attached hereto as Exhibit 10.

16. On February 12, 2008, Ms. Mak called to inform me that her client had not made a decision on our compromise proposal on class member contact information, but that she expected to talk with her client within a day or two. I agreed to provide her with two more days to respond to my proposal, informing her that plaintiffs would file our motion to compel if CBS did not agree to our compromise by February 14, 2008.

17. On February 14, 2008, Ms. Mak sent me an e-mail reaffirming that CBS declined to accept my compromise proposal and would not produce any of the requested contact information and that Plaintiffs would need to file a motion to compel to resolve our dispute. A true and correct copy of this e-mail is attached hereto as Exhibit 11.

18. Attached hereto as Exhibit 12 is a true and correct copy of the Declaration of Michael Masterson, dated October 18, 2007.

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct, and that this Declaration was executed this 21st day of February, 2008, in Walnut Creek, California.

_____
DAVID POGREL