EXHIBIT "2"

1  REBECCA EISEN, State Bar No. 096129
   THERESA MAK, State Bar No. 211435
2  M. MICHAEL COLE, State Bar No. 235538
   MORGAN, LEWIS & BOCKIUS, LLP
3  One Market, Spear Street Tower
   San Francisco, CA 94105-1126
4  Tel:    415.442.1000
   Fax:    415.442.1001
5  reisen@morganlewis.com
   tmak@morganlewis.com
6  mcole@morganlewis.com

7  DARYL S. LANDY, State Bar No. 136288
   MORGAN, LEWIS & BOCKIUS LLP
8  2 Palo Alto Square
   3000 El Camino Real, Suite 700
9  Palo Alto, CA 94306-2212
   Tel:    650.843.4000
10 Fax:    650.843.4001
   dlandy@morganlewis.com
11
   Attorneys for Defendants
12 CBS RADIO INC. (formerly known as "Infinity
   Broadcasting Corporation"), CBS CORPORATION,
13 INFINITY BROADCASTING CORPORATION
   (erroneously sued as "Infinity Broadcasting Inc."),
14 and VIACOM INC.

15                 UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17

18 TERRY SAIDEL and GINA FONG,            Case No. C 07-02948 SC
   individually and on behalf of all others
19 similarly situated,                    **CBS RADIO INC.'S RESPONSE TO**
                                          **PLAINTIFF'S FIRST AMENDED SET OF**
20                   Plaintiff,           **SPECIAL INTERROGATORIES**

21           v.

22 CBS RADIO, INC., a Delaware
   corporation; CBS CORPORATION,
23 a Delaware corporation; INFINITY
   BROADCASTING, INC., a Delaware
24 corporation; VIACOM, INC., a Delaware
   Corporation; and DOES 1 through 10,
25 inclusive,

26                   Defendant.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7597546.3                                              (C07-02948 SC)

1 | PROPOUNDING PARTY:        Plaintiff TERRY SAIDEL ("Plaintiff")

2 | RESPONDING PARTY:        Defendant CBS RADIO INC. ("Defendant")

3 | SET NUMBER:        ONE (1)

4 | ## GENERAL OBJECTIONS

5 |     In addition to specific objections set forth below, Defendant asserts the following General

6 | Objections:

7 |     1.    Defendant objects to Plaintiff's Special Interrogatories to the extent that they seek

8 | information protected from disclosure by the attorney-client privilege and/or the attorney work

9 | product doctrine.

10 |     2.    Defendant objects to each Special Interrogatory to the extent that it seeks

11 | information that cannot be disclosed without violating the right to privacy of Defendant, its

12 | agents, and/or employees, and/or any other person or entity that is otherwise privileged or

13 | immune from discovery.

14 |     3.    Defendant objects to each Special Interrogatory to the extent that it calls for

15 | disclosure of confidential information, including, but not limited to, commercial, financial, or

16 | other trade secret information.

17 |     4.    Defendant objects to these Special Interrogatories to the extent that they seek

18 | information for a time period that is overly broad and/or encompasses dates irrelevant to this

19 | action, until such time as Plaintiff or other party demonstrates the relevance of the specified time

20 | period.

21 |     5.    Defendant's Responses to these Special Interrogatories are not admissions that

22 | such information is relevant or admissible evidence.  Defendant reserves the right to object to the

23 | admission of such information on any grounds at time of trial.

24 |     6.    Defendant objects to these Special Interrogatories to the extent that they attempt to

25 | impose response obligations beyond those imposed by law.

26 |     7.    Defendant objects to these Special Interrogatories to the extent that they seek

27 | information regarding Gina Fong who is no longer a named Plaintiff in this matter.

28 |     8.    Defendant objects to these Special Interrogatories to the extent that they seek

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7597546.3                                                                    (C07-02948 SC)
1
CBS RADIO INC.'S RESPONSE TO PLAINTIFF'S FIRST AMENDED SPECIAL INTERROGATORIES

1  individual information about all purported class members, on the ground that individual discovery

2  in a class action is inappropriate and unduly burdensome.

3      Subject to, and without waiving, any of the foregoing objections, Defendant responds as

4  follows:

5  **RESPONSES TO INTERROGATORIES**

6  **INTERROGATORY NO. 1:**

7      IDENTIFY ALL INDIVIDUALS who are currently employed as a **ACCOUNT**

8  **EXECUTIVES** by **CBS** in California.

9  **RESPONSE TO INTERROGATORY NO. 1:**

10      Defendant objects to this interrogatory on the grounds that it is overbroad, irrelevant and

11  premature, as no class has been certified. Defendant also objects to this interrogatory to the

12  extent it seeks private and confidential information. Subject to and without waiving these

13  objections, Defendant responds as follows: 233 individuals are currently employed in California

14  by CBS Radio Inc. as Account Executives.

15  **INTERROGATORY NO. 2:**

16      IDENTIFY ALL INDIVIDUALS who have served as a **ACCOUNT EXECUTIVES** for

17  **CBS** in California during the COVERED PERIOD but who are no longer employed in that

18  position by **CBS**.

19  **RESPONSE TO INTERROGATORY NO. 2:**

20      Defendant objects to this interrogatory on the grounds that it is overbroad, irrelevant, and

21  premature, as no class has been certified. Defendant also objects to this interrogatory to the

22  extent it seeks private and confidential information. Subject to and without waiving these

23  objections, Defendant responds as follows: 602 individuals were employed in California by CBS

24  Radio Inc. as Account Executives during the COVERED PERIOD, but those 602 individuals are

25  no longer so employed. [It's confusing to say that they were employed between May 3, 2003 and

26  the **present** but are no longer employed.]

27  **INTERROGATORY NO. 3:**

28      IDENTIFY ALL INDIVIDUALS who are currently employed by **CBS** and who served as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7597546.3                    2                    (C07-02948 SC)

CBS RADIO INC.'S RESPONSE TO PLAINTIFFS' FIRST AMENDED SPECIAL INTERROGATORIES

1   immediate supervisors of **ACCOUNT EXECUTIVES** in California during the COVERED

2   PERIOD.

3   **RESPONSE TO INTERROGATORY NO. 3:**

4       Defendant objects to this interrogatory on the grounds that it is overbroad, irrelevant and

5   premature, as no class has been certified.  Defendant also objects to this interrogatory to the

6   extent it seeks private and confidential information.  Subject to and without waiving these

7   objections, Defendant responds as follows: Steven Sullivan served as an immediate supervisor of

8   Terry Saidel between May 3, 2003 and the date of Mr. Saidel's departure from the company in

9   August 2006.

10  **INTERROGATORY NO. 4:**

11      IDENTIFY ALL INDIVIDUALS who are no longer employed by **CBS** but who served as

12  immediate supervisors of **ACCOUNT EXECUTIVES** in California during the COVERED

13  PERIOD.

14  **RESPONSE TO INTERROGATORY NO. 4:**

15      Defendant objects to this interrogatory on the grounds that it is irrelevant, overbroad and

16  premature, as no class has been certified.  In addition, Defendant objects to this interrogatory to

17  the extent that it seeks private and confidential information.  Subject to and without waiving these

18  objections, Defendant responds as follows: Michael Masterson served as an immediate supervisor

19  of Terry Saidel between May 3, 2003 and the date of Mr. Saidel's departure from the company in

20  August 2006.

21  **INTERROGATORY NO. 5:**

22      For each of **CBS**'s responses to Request for Admissions, Set One, that is not an

23  unconditional admission, state the number of the Request and all facts upon which **CBS** bases its

24  response to that request.

25  **RESPONSE TO INTERROGATORY NO. 5:**

26      Defendant objects to this interrogatory on the grounds that it is overbroad, unduly

27  burdensome and oppressive because it requests Defendant to specify all facts that support the

28  denial of a statement.  *Safeco of America v. Rawstron*, 181 F.R.D. 441, 447 (C.D. Cal. 1998).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
1-SF/7597546.3                                                    3                                      (C07-02948 SC)
CBS RADIO INC.'S RESPONSE TO PLAINTIFFS' FIRST AMENDED SPECIAL INTERROGATORIES

1  Defendant further objects on the grounds that Plaintiff has exceeded the twenty-five (25)

2  interrogatory limit contained in Rule 33a of the Federal Rules of Civil Procedure because each of

3  Plaintiff's First Amended Requests for Admission as to which a response would be required

4  constitutes a separately countable subpart. *Id.* at 446-447. Defendant further objects to this

5  interrogatory on the grounds that it is overbroad, premature and calls for the production of

6  irrelevant information, as no class has been certified.

7  **INTERROGATORY NO. 6:**

8      For each of **CBS**'s responses to Request for Admissions, Set One, that is not an

9  unconditional admission, state the number of the Request and IDENTIFY ALL INDIVIDUALS

10  who have knowledge of the facts upon which **CBS** bases its response to that request.

11  **RESPONSE TO INTERROGATORY NO. 6:**

12      Defendant objects to this interrogatory on the grounds that it is overbroad, unduly

13  burdensome and oppressive because it requests Defendant to specify all facts that support the

14  denial of a statement. *Safeco of America v. Rawstron*, 181 F.R.D. 441, 447 (C.D. Cal. 1998).

15  Defendant further objects on the grounds that Plaintiff has exceeded the twenty-five (25)

16  interrogatory limit contained in Rule 33a of the Federal Rules of Civil Procedure because each of

17  Plaintiff's First Amended Requests for Admission as to which a response would be required

18  constitutes a separately countable subpart. *Id.* at 446-447. Defendant further objects to this

19  interrogatory on the grounds that it is overbroad and premature and calls for the production of

20  irrelevant information, as no class has been certified.

21  **INTERROGATORY NO. 7:**

22      For each of **CBS**'s responses to Request for Admissions, Set One, that is not an

23  unconditional admission, state the number of the Request and IDENTIFY ALL DOCUMENTS

24  that form the bases for the facts upon which **CBS** bases its response to that request.

25  **RESPONSE TO INTERROGATORY NO. 7:**

26      Defendant objects to this interrogatory on the grounds that it is overbroad, unduly

27  burdensome and oppressive because it requests Defendant to specify all facts that support the

28  denial of a statement. *Safeco of America v. Rawstron*, 181 F.R.D. 441, 447 (C.D. Cal. 1998).

1    Defendant further objects that Plaintiff has exceeded the twenty-five (25) interrogatory limit

2    contained in Rule 33a of the Federal Rules of Civil Procedure because each of Plaintiff's First

3    Amended Requests for Admission as to which a response would be required constitutes a

4    separately countable subpart. *Id.* at 446-447. Defendant further objects to this interrogatory on

5    the grounds that it is overbroad and premature and calls for the production of irrelevant

6    information, as no class has been certified.

7

8    Dated: October 24, 2007                    MORGAN, LEWIS & BOCKIUS LLP
                                                 REBECCA EISEN
9                                                THERESA MAK

10

11                                               By _____
                                                    Theresa Mak
12

13                                               Attorneys for Defendants
                                                 CBS RADIO INC. (formerly known as
14                                               "Infinity Broadcasting Corporation"),
                                                 CBS CORPORATION, INFINITY
15                                               BROADCASTING CORPORATION
                                                 (erroneously sued as "Infinity Broadcasting
16                                               Inc."), and VIACOM INC.

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO

1

2

3

4

5

6

7

8

9 **VERIFICATION TO FOLLOW**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7597546.3

1

(C07-02948 SC)

CBS RADIO INC.'S RESPONSE TO PLAINTIFF'S FIRST AMENDED SPECIAL INTERROGATORIES

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On October 24, 2007, I served the within document(s):

**CBS RADIO INC.'S RESPONSE TO PLAINTIFF'S FIRST AMENDED SPECIAL INTERROGATORIES**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. AND/OR

☐    by placing the document(s) listed above in a sealed <u>Federal Express</u> envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a <u>Federal Express</u> agent for delivery.

☐    by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) as set forth below.

☐    by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

Morris J. Baller
GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland CA 94612
Tel: 510-763-9800
Fax: 510-835-1417

Aaron Kaufmann
David P. Pogrel
HINTON, ALFERT & SUMNER
1646 California Blvd., Suite 600
Walnut Creek CA 94596
Tel: 925-932-6006
Fax: 925-932-3412

Michael Singer
Christopher Olsen
COHELAN & KHOURY
605 "C" Street, Suite 200
San Diego CA 92101
Tel: 619-595-3001
Fax: 619-595-3000

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7597546.3

1

(C07-02948 SC)

1   motion of the party served, service is presumed invalid if postal cancellation date or postage
2   meter date is more than one day after date of deposit for mailing in affidavit.

3          Executed on October 24, 2007, at San Francisco, California.

4          I declare under penalty of perjury, under the laws of the State of California, that the above
    is true and correct.

5

6                                                    _____
7                                                              Jovy V. Reyes

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7597546.3                              2                              (C07-02948 SC)

CBS RADIO INC.'S RESPONSE TO PLAINTIFFS' FIRST AMENDED SPECIAL INTERROGATORIES

**DECLARATION OF DAVID POGREL IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFFS FIRST AMENDED SPECIAL INTERROGATORIES, SET ONE**

I, David Pogrel, declare as follows:

1.     I am a member in good standing of the Bar of the State of California and an associate at the law firm of Hinton, Alfert & Sumner, in Walnut Creek, California, counsel for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them.

2.     My office served Defendant CBS Radio, Inc. ("CBS") the Plaintiffs' First Amended Special Interrogatories, Set One, by mail on August 22, 2007. A true and correct copy of the Plaintiffs' First Amended Special Interrogatories, Set One ("Interrogatories") is attached hereto as Exhibit 1.

3.     After Plaintiffs granted an extension, CBS served its Responses to Plaintiffs' First Amended Special Interrogatories, Set One ("Responses") on October 24, 2007. A true and correct copy of the Responses is attached hereto as Exhibit 2. CBS objected to and failed to provide any answers to special interrogatories numbers 1-4, which requested the names and contact information of putative class members and supervisors, on the grounds of privacy, over breadth, irrelevancy, and prematurity because no class has been certified.

4.     On November 7, 2007, I wrote a letter to CBS's counsel, Rebecca Eisen and Theresa Mak, to confer regarding CBS's failure to answer special interrogatories numbers 1-4. A true and correct copy of that letter is attached hereto as Exhibit 3. At the end of the letter, I offered a limited-time compromise under which Plaintiffs would agree to an opt-out privacy notice be sent to the putative class members and supervisors provided that the parties could agree on language of the notice by November 19, 2007 and that CBS could provide the putative class members' and supervisors' contact information to a third-party administrator no later that November 26, 2007.

1    5.    I participated in a telephone conference call with Ms. Mak and Ms. Eisen on

2   November 8, 2007 at which time Ms. Eisen reiterated that, in her opinion, Plaintiffs were not

3   entitled to the contact information requested in special interrogatories 1-4 unless and until a class is

4   certified in this action.   Ms. Eisen conceded that she had not read my letter of November 7, 2007

5   and would not confirm whether or not the parties had reached an impasse on the issue until given

6   the opportunity to further consider her position.

7    6.    On November 19, 2007, I received a letter from Ms. Mak, associate and counsel for

8   CBS, informing us that CBS would not provide any of the contact information requested in special

9   interrogatories 1-4.  A true and correct copy of that letter is attached hereto as Exhibit 4.

10    7.    On November 20, 2007, I send a letter by facsimile and first class mail to Ms. Eisen

11   and Ms. Mak regarding several outstanding discovery matters.  In this letter, I reiterated that

12   Plaintiffs are entitled to the contact information sought in special interrogatories 1-4 and that the

13   arguments presented by Ms. Mak in her November 19, 2007 letter are not controlling.  I informed

14   Ms. Eisen and Ms. Mak that we would move to compel unless CBS changed its position on the

15   requested contact information.

16    8.    On November 20, 2007, after sending the above-referenced letter by facsimile, I

17   received a phone call from Ms. Eisen and Ms. Mak. During the call, Ms. Eisen offered a

18   compromise which she said that she hoped would avoid the imminent filing of discovery motions.

19   With respect to putative class member contact information, she informed me that CBS may be

20   willing to provide a limited sample of class contact information.  While we did not agree on a

21   sample size, she suggested that CBS might be willing to provide the contact information for 50

22   putative class members.  I asked her the approximate total number of putative class members in

23   order to determine the total percentage of the class represented by 50 class members, at which time

24   she informed me she estimated the class at approximately 250 people.  I told her I would confer

25   with my co-counsel on her proposal and send a response to her.

26    9.    In our November 20th telephone call, we agreed that neither party would in any way

27   waive its right to file a motion to compel on any discovery issues by agreeing to a compromise, but

28   that we would agree to delay the filing of any discovery motions for a short time period as we

- 2 -

1  focused the case on scheduling and taking several depositions that were noticed for the 2007

2  holiday period.  Following our phone call, I sent an e-mail to Ms. Eisen and Ms. Mak to confirm

3  our discussion and offer a specific proposal under which CBS would provide contact information

4  for one-third of all putative class members and one-half of former CBS supervisors.  In my e-mail,

5  we agreed that we would not file a motion to compel disclosure of any contact information before

6  December 20, 2007 if we were able to reach a compromise.  A true and correct copy of my

7  November 20, 2007 e-mail is attached hereto as Exhibit 5.

8      10.  On November 27, 2007, I received a phone call from Ms. Mak.  In the call, Ms.

9  Mak informed me that CBS was standing by its objections with respect to special interrogatories

10  numbers 3-4 and that it would not provide the names or contact information for any current or

11  former supervisors of putative class members.

12      11.  On November 27, 2007, following up on our conversation, I sent an e-mail to Ms.

13  Mak informing her that Plaintiffs would file a motion to compel the contact information of current

14  and former supervisors of the putative class unless CBS changed its position and agreed to provide

15  such information.  In this same e-mail, I informed Ms. Mak that Plaintiffs would accept a sample of

16  contact information for 50 putative class members.  I further informed Ms. Mak that Plaintiffs

17  would not waive our right to file a motion to compel full production of all putative class member

18  contact information, but that we would delay filing that motion for a "few weeks" following my

19  November 27, 2007 e-mail.

20      12.  On January 22, 2008, CBS produced contact information for a sample of 50 putative

21  class members, informing us that CBS did not have phone numbers for 7 of the 50 that people

22  Plaintiffs has selected for sampling.  Over the following three days, I worked with Ms. Mak to

23  substitute acceptable class members for whom CBs had retained complete contact information.

24      13.  On January 30, 2008, I send a letter by facsimile and mail to Ms. Eisen and Ms.

25  Mak reiterating to them that Plaintiffs maintain that we are entitled to full production of all items

26  described in special interrogatories number 1-4 and that we would file a motion to compel if CBS

27  did not produce the requested information by February 5, 2007.  I assured Ms. Mak and Ms. Eisen

28  that Plaintiffs will withdraw any such motion if we reach a settlement at the mediation on this

1  matter currently scheduled for March 12, 2008, but that we would feel compelled to get the motion

2  filed so that it can be heard and decided by the court shortly after mediation in the event mediation

3  is not successful and we do not reach a settlement on March 12th.   A true and correct copy of my

4  January 30, 2008 facsimile/letter is attached hereto as Exhibit ▓.

5         14.     On February 6, 2006, I discussed the issue further with Ms. Mak and proposed a

6  compromise to avoid this motion to compel.  Under my proposal, CBS would agree to provide the

7  requested information to plaintiffs two days after the March 12, 2008 mediation in the event that

8  we do not reach a settlement.  In exchange, plaintiffs would agree to provide other disputed

9  discovery which we believe is protected by our client's right to privacy.  I followed up our

10  conversation with an e-mail detailing my compromise proposal, and asking for a response by

11  Friday February 8, 2008.  A true and correct copy of my February 6, 2008 e-mail is attached hereto

12  as Exhibit ▓.

13         15.     At approximately 2pm in Friday February 8, 2008, Ms. Mak sent me an e-mail in

14  which she did not give a response to my proposal, but instead raised the issue of relevance and

15  asked me to justify why the names of the class members and their supervisors are relevant at the

16  pre-certification stage of this action.  I immediately responded to her e-mail with a description of

17  why the contact information is relevant and discoverable, but also informing her that plaintiffs

18  needed an answer to our proposal, not a continued dialogue on newly raised meet and confer

19  issues.  Given the lack of time to negotiate or discuss the matter further, I asked Ms. Mak to

20  provide a "yes" or "no" response to my proposal by Monday February 11, 2008.  A true and correct

21  copy of this February 8, 2008 e-mail exchange is attached hereto as Exhibit ___.

22         16.     On February 12, 2008, Ms. Mak called to inform me that her client had not made a

23  decision on our compromise proposal on class member contact information, but that she expected

24  to talk with her client within a day or two.  I agreed to provide her with two more days to respond

25  to my proposal, informing her that plaintiffs would file our motion to compel if CBS did not agree

26  to our compromise by February 14, 2008.

27         17.     On February 14, 2008, Ms. Mak sent me an e-mail reaffirming that CBS declined to

28  accept my compromise proposal and would not produce any of the requested contact information

- 4 -

DECLARATION OF DAVID POGREL IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FURTHER
RESPONSES TO PLAINTIFFS' FIRST AMENDED SPECIAL INTERROGATORIES, SET ONE

1    and that Plaintiffs would need to file a motion to compel to resolve our dispute. A true and correct
2    copy of this e-mail is attached hereto as Exhibit ___.
3        18.    Attached hereto as Exhibit 1 is a true and correct copy of the Declaration of Michael
4    Masterson, dated _____.
5        19.    Attached hereto as Exhibit 2 is a true and correct copy of the Declaration of
6    _____, dated _____.
7        I declare under penalty of perjury under the laws of the State of California and of the
8    United States that the foregoing is true and correct, and that this Declaration was executed this
9    ____ day of February, 2008, in Walnut Creek, California.
10
11
12                                    _____
13                                    DAVID POGREL
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF DAVID POGREL IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FURTHER
RESPONSES TO PLAINTIFFS' FIRST AMENDED SPECIAL INTERROGATORIES, SET ONE