EXHIBIT "3"

LAW OFFICES OF

# Hinton, Alfert & Sumner
A PROFESSIONAL CORPORATION

PETER J. HINTON
PETER W. ALFERT
SCOTT H. Z. SUMNER
ELISE R. SANGUINETTI
AARON D. KAUFMANN
DAVID P. POGREL
JEREMY N. LATEINER

1646 NORTH CALIFORNIA BOULEVARD
SUITE 600
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE (925) 932-6006
FACSIMILE (925) 932-3412

November 6, 2007

**By Facsimile and US Mail**
Rebecca Eisen
Teresa Mak
MORGAN LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
San Francisco, CA 94105

Re:    Saidel, et al. v. CBS Radio, Inc., et al

Dear Ms. Eisen and Ms. Mak:

This is to confer regarding Defendant CBS Radio Inc.'s ("CBS") responses to the first four interrogatories in Plaintiff Terry Saidel's First Amended Set of Special Interrogatories, which was served on August 22, 2007 and responded to on October 24, 2007. While plaintiffs also take issue with CBS's responses to the other three interrogatories in this set, as well as several of CBS's responses to the other two pieces other discovery, which were also served on October 24th, this letter is limited special interrogatory numbers 1 through 4. Plaintiffs will address the additional outstanding discovery matters in a follow up letter. After reviewing our arguments detailed below, we hope that CBS amends its responses to special interrogatories 1 through 4 and provides the requested information.

## SPECIAL INTERROGATORIES NOS. 1 & 2:

These two interrogatories seek the names, last known addresses, and telephone numbers for all current (No. 1) and former (No. 2) Account Executives ("AEs") who have worked at CBS's California facilities during the liability period.

## CBS's RESPONSE TO SPECIAL INTERROGATORIES NOS. 1 & 2:

CBS has posited a myriad of objections to these interrogatories, first claiming each is overly broad, irrelevant, and premature as no class has been certified. CBS also claims the names and contact information we seek is protected by the AEs' privacy rights.

## PLAINTIFFS' REPLY TO RESPONSE TO INTERROGATORIES NOS. 1 & 2:

As a threshold matter, there is no merit to CBS's blanket "overbroad, irrelevant, and premature" objections, apparently raised because no class has been certified. Plaintiffs have the

right to seek the names and contact information for AEs – who are both class members and witnesses – because the information they can provide is directly relevant to the issue of whether this class should be certified. These witnesses, who were directly impacted by CBS's expense reimbursement policies and practices, are likely to have information regarding numerosity, ascertainably, and commonality in addition to merits-based evidence. Further, the many decisions addressing the privacy issues in the pre-certification stage – described below – make clear that disclosure of class member names at this time is neither premature nor irrelevant.

CBS's principal objection to this discovery appears to be privacy, with the company claiming it is obliged to withhold the names and contact information of its AEs. There is ample precedent to support plaintiffs' position that we are entitled to class member contact information.[1] The leading California civil procedure treatise advises that "[m]ost courts will order rapid disclosure of the employee list" to plaintiff's counsel in wage and hour cases when the employer attempts to contact putative class members pre-certification. Weil and Brown, *California Practice Guide: Civil Procedure Before Trial*, § 14:93.2. This is because "[i]n the context of a class action, it is the court's authority and duty to exercise control over the class action to protect the rights of all parties, and to prevent abuses which might undermine the proper administration of justice." *Howard Gunty Profit Sharing Plan v. Superior Court* (2001) 88 Cal. App. 4th 572, 581.[2] The decision in *Budget Finance Plan v. Superior Court* 34 Cal. App. 3d 794 (1973)[3] further supports the plaintiffs' right to discovery of class member information.[4]

California courts have determined that privacy is not an absolute right, but a right subject to invasion depending on the circumstances at issue. In defining the balancing test, courts first decide whether the party claiming the right of privacy has a recognized privacy interest, or a reasonable expectation of privacy, in the information sought. A court will only look at the second prong of the test – balancing the interest against the requesting party's reasons for seeking the information – if it finds such an interest at the outset. *Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652 (1975).

---

[1] In a federal action based on diversity, as here, state law governs this privilege claim. Fed. R. Evid. Rule 501; *Star Editorial, Inc. v. United States District Court of California*, 7 F. 3d 856, 859 (9th Cir 1993); *Oakes v. Halverston Marine Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal 1998).
[2] Citing *Gulf Oil Co. v. Bernard* 452 U.S. 89, 101-103, n. 12.(1981) (The disclosure of employee lists is necessary to "level the playing field" in these situations.)
[3] Plaintiffs sent interrogatories seeking the names and addresses of potential plaintiffs who might be of assistance in the presentation of the case.
[4] *See also, Bartold v. Glendale Federal Bank* 81 Cal. App. 3d 867, 873 (2000) (pre-certification communications with potential class members are proper to investigate and prepare claims or defenses); *Parris v. Superior Court* 109 Cal. App. 4th 189 (2003) (there is a right to conduct pre-certification communication with class members, without prior judicial approval.)

Rebecca Eisen
Teresa Mak
November 6, 2007
Page 3

Four recent decisions – one from the California Supreme Court, one form the Court of Appeal, and two from federal district courts – confirm that plaintiffs have the right to class members' contact information to conduct pre-certification investigation. Most significant are *Pioneer Electronics (USA), Inc. v. Sup. Ct.*, 40 Cal. 4th 360 (Jan. 25, 2007) and *Belaire-West Landscape, Inc. v. Sup. Ct.*, 149 Cal. App. 4th 554 (April 09, 2007). Following the lead of the Supreme Court in *Pioneer*, the Court of Appeal in *Belaire* affirmed a trial court ruling requiring the disclosure of the class member contact information to enable the plaintiffs' attorneys the opportunity to further investigate and prosecute their case. Two federal district courts – the Northern and Central District – have issued decisions requiring that defendants provide class member names and contact information to putative class counsel before the class certification motion. We expect Judge Conti would follow the lead of Magistrate Judge Lloyd's published order in *Narayan v. EGL, Inc*,[5] which required the employer to disclose putative class member contact information after balancing the minimal privacy interest against the public interest in discovery. Judge Chapman in the Central District made a similar order in *Jimenez et. al. v. Domino's Pizza*,[6] a copy of which is enclosed for your reference.

Even before *Pioneer*, *Belaire*, *EGL* and *Domino's*, courts found that disclosure of class member names were not protected by privacy at all.[7] The result should be no different here. Even assuming for argument's sake that CBS has standing to assert the putative class members' rights to privacy, it cannot show any reasonable expectation of privacy that drivers have in their names. CBS's AEs, like virtually everyone else, regularly disclose their names to third parties in both personal and professional daily interactions. Any claim by CBS that these same AEs now expect their names to be kept private would not pass muster in opposition to motion to compel.

The Court will not likely find that the AEs have a reasonable expectation of privacy in their addresses and phone numbers because it is not the type of highly sensitive information that courts routinely protect. Limits on discovery in such circumstances are typically upheld only in cases involving personal financial information,[8] medical records[9], or sexual conduct,[10] or any similar highly-sensitive information.

Should the Court happen to find a privacy interest in the AEs' home addresses and phone numbers, this interest is outweighed by the plaintiffs' need for the information. In this case, there is a public interest inherent in finding the truth in this proceeding that can only occur if we

---

[5] 2006 WL 3507918 (N.D. Cal. 2006)
[6] Case No. SACV 04-1107-JVS (U.S. Dist. Court, Central District).
[7] *See e.g., Jimenez et. al. v. Domino's Pizza*, Case No. SACV 04-1107-JVS (U.S. Dist. Court, Central District). A copy of the Magistrate Judge's order is enclosed.
[8] *See e.g., GT, Inc. v. Superior Court*, 151 Cal. App. 3d 748 (1984).
[9] *See e.g., Heights Community Congress v. Veterans Admin.*, 732 F. 2d 526, (6th Cir. 1984) (disclosure of personnel, medical and similar files would "constitute a clearly unwarranted invasion of personal privacy.").
[10] *See e.g., Boler v. Superior Court*, 201 Cal. App. 3d 467, (1987).

Rebecca Eisen
Teresa Mak
November 6, 2007
Page 4

are allowed access to the class. As putative class counsel, we have a duty to conduct a reasonable investigation and to prosecute this case. Plaintiffs' need for contact information is further bolstered by the need to promote fundamental fairness in this litigation – there is no reason why CBS should have exclusive access to the putative class members and the right to gather information and declarations unchecked by plaintiffs' counsel. The courts have affirmed this notion of fairness, holding that all parties are entitled to "equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties." *Koo v. Rubio's Restaurants, Inc.*, 109 Cal. App. 4th 719, 736 (2003).[11] *See also Belaire*, 149 Cal. App. 4th at 560-61 (noting the imbalance that would occur by allowing one side of the litigation exclusive access to these potential class members/witnesses).

### SPECIAL INTERROGATORIES NOS. 3 & 4:

These interrogatories seek similar contact information for current and former CBS's employees who are/were the immediate supervisors of the AEs who have worked at CBS' California facilities during the liability period.

### CBS's RESPONSE TO SPECIAL INTERROGATORIES NOS. 3 & 4:

As with interrogatories 1 and 2, CBS asserted over breadth, relevance, prematurity objections because no class has yet been certified. CBS also claims the names and contact information we seek is protected by the supervisors' privacy rights.

As with the AEs themselves, these supervisors are percipient witnesses to CBS's expense reimbursement policies and procedures at issue in this case. The likelihood that these witnesses will have relevant and discoverable information is therefore highly likely. The need to obtain their contact information has been put at issue even more directly by CBS's claim that the its expense reimbursement policies and practices varied station to station, manager to manager.

Plaintiffs will agree to accept only the names and station assignments of current supervisors. We further agree not to attempt to contact any supervisors who are currently employed with CBS. While we do not think these employees are members of the "control group" such that we are prohibited from contacting them, we understand CBS may take that position and we prefer to compromise on this issue provided that CBS agrees that these managers can be contacted through defense counsel for depositions or other discovery.

In light of the above, CBS should disclose class member and supervisor identifying information to avoid unnecessary motion practice that would cause unnecessary delay. As a compromise, plaintiffs are willing to issue opt-out privacy notices to class members and former supervisors that is administered by a third-party claims administrator. While we do not concede

---

[11] Citing *Atari, Inc. v. Superior Court*, 166 Cal. App 3d 867, 869 (1985).

Rebecca Eisen
Teresa Mak
November 6, 2007
Page 5

that such notices are necessary because their contact information is not protected under the above-reference balancing test, we will agree to notices provided that (a) we can agree on language of the notices – one for AEs and one for former supervisors - no later than November 19, 2007, (b) CBS agrees to split the cost of the administrator, and (c) CBS agrees to provide the contact information to the administrator later than November 26, 2007 to allow time for the to prepare the mailing even before finalizing of notice. We recommend that Rosenthal & Company act as the administrator, but will gladly entertain suggestions from CBS if you have a preferred notice administrator. If CBS insists on a privacy notice, plaintiffs must insist on these safeguards to avoid delay that could significantly impact scheduling in this case. We will provide our proposed notice language to you – in electronic format – no later than Monday November 12, 2007. If we are unable to agree to language of the notice by November 19th, plaintiffs will file our motion to compel, submitting our proposed notice to the court. Alternatively, we would prefer to avoid this unnecessary time and expense on both sides if CBS agrees to change its position and provide the requested information directly to plaintiffs' counsel.

Please provide your response to the above no later than Friday November 9, 2007. If we can not reach an agreement on these issues by Friday November 16th, we will have no option but to file a motion to compel given the pressing timelines in this case, upcoming holidays, and the potential delays that could result from CBS's failure to either respond or produce the above-referenced information in a timely manner.

If you have any questions, please call me immediately at (925) 932-6006. Thank you in advance for your anticipated cooperation.

Very truly yours,

HINTON, ALFERT & SUMNER

DAVID POGREL

DP/ta
enclosures
cc:   Michael Singer, Cohelan & Khoury
      Mike Baller, Goldstein, Demchak et al.

```
                                                    Priority
                                                    Send
            UNITED STATES DISTRICT COURT            Enter
            CENTRAL DISTRICT OF CALIFORNIA          Closed
                                                    JS-5/JS-6
                      CIVIL MINUTES--GENERAL        JS-2/JS-3
                                                    Scan Only
```

Case No. SACV 04-1107-JVS(RCx)                Date: January 11, 2006

Title: Wilber Jimenez, et al. v. Domino's Pizza, LLC
========================================================================
DOCKET ENTRY

========================================================================
HON. ROSALYN M. CHAPMAN, UNITED STATES MAGISTRATE JUDGE

Marsha Eugene-Dominque            None                        382
Deputy Clerk                      Court Reporter           Tape No.

ATTORNEYS PRESENT FOR PLAINTIFFS:
Michael D. Singer                 ATTORNEYS PRESENT FOR DEFENDANT:
Kimberly D. Neilson               Timothy M. Freudenberger
                                  Christopher M. Robertson

PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFFS' MOTION TO
             COMPEL RESPONSES TO SPECIAL INTERROGATORIES, SET ONE*

   On December 14, 2005, plaintiffs filed a notice of motion and motion to compel defendant to respond to special interrogatories, a joint stipulation, the opposing declarations of Christopher M. Robertson, Eduardo Luna and Abner Rojas, with exhibits, and the supporting declaration of Kimberly Neilson, with exhibits. On December 21, 2005, plaintiffs filed a supplemental memorandum.

   Oral argument was held on January 11, 2006, before Magistrate Judge Rosalyn M. Chapman. Michael D. Singer and Kimberly D. Neilson, attorneys-at-law with the firm Cohelan & Khoury, appeared on behalf of plaintiffs and Timothy M. Freudenberger and Christopher M. Robertson, attorneys-at-law with the firm Carlton, Disante & Freudenberger, appeared on behalf of defendant.

//

---

   * The parties should note that this Order is different than the tentative Order the Court gave from the bench. The Court now grants plaintiffs' motion in toto.

56

DISCUSSION

I

The Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party. . . ." Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998). The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975); Nestle Foods Corp. v. Aetna Cas. & Sur. Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

II

This putative class action by plaintiffs under various provisions of the California Labor Code and the Business and Professions Code is based on allegations that defendant Domino's Pizza routinely and unlawfully over the past five years misclassified its General Managers (or store managers) and assistant General Managers so it could pay them less than the legal wage by not paying overtime wages and not providing rest and/or meal periods or premium pay in lieu thereof. Here, plaintiffs seek to compel responses to Special Interrogatory nos. 1 and 2, which seek the names, addresses where employed, last known addresses, and last known telephone numbers of defendant's General Managers from August 2, 2000, to the present. Defendant has refused to provide this information objecting on the grounds of vagueness and that the interrogatories are "overly broad and unduly burdensome and oppressive[,]" and raising privacy concerns of the third party former and current General Managers.

As an initial matter, the Court finds no merit to defendant's boilerplate objections of vagueness, overbreadth and undue burden. Paulson v. Case Corp., 168 F.R.D. 285, 289 (C.D. Cal. 1996); see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable); Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985)

2

(conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why requested discovery is objectionable). Since this litigation involves only the former and current General Managers of defendant's 63 Los Angeles area restaurants, Christopher Robertson Decl., ¶ 4, the information sought by the special interrogatories is quite specific and limited and the type of information any employer maintains in the normal course of business. Thus, defendant's boilerplate objections of vagueness, overbreadth and burden are without merit.

"[W]age and hour disputes (and others in the same general class) routinely proceed as class actions." Prince v. CLS Transportation, Inc., 118 Cal. App. 4th 1320, 1328 (2004) (footnote omitted). "[A]s a general rule, before class certification has taken place, all parties are entitled to 'equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties.'" Koo v. Rubio's Restaurants, Inc., 109 Cal. App. 4th 719, 736 (2003)(citing Atari, Inc. v. Superior Court, 166 Cal. App. 3d 867, 869 (1985)). Here, plaintiffs seek information about the names, addresses and telephone numbers of potential class members so they can have access to them, which is clearly relevant to their case. Yet, defendant claims such information should not be provided to plaintiffs because it is "private" information about its former and current employees.

Under Rule 26(b)(1), privilege is a valid objection to the production of relevant information in discovery. In a federal action based on diversity jurisdiction, as here, state law governs a claim of privilege. Fed. R. Evid. 501; Star Editorial, Inc. v. United States District Court for the Central District of California (Dangerfield), 7 F.3d 856, 859 (9th Cir. 1993); Oakes v. Halvorsen Marine, Ltd., 179 F.R.D. 281, 284 (C.D. Cal. 1998). In California, the right to privacy is set forth in Article I, Section I of the California Constitution. Although the right to privacy is not a statutory privilege, California courts have treated it as such in the discovery context and, as such, have determined privacy is not an absolute right, but a right subject to invasion depending upon the circumstances. See, e.g., Heller v. Norcal Mutual Ins. Co., 8 Cal. 4th 30, 42-44 (1994); Palay v. Superior Court, 18 Cal. App. 4th 919, 932-35 (1993).

3

Here, the Court finds that the names of the former and current General Managers and the work locations of the former General Managers are not information generally considered to be private. However, the home addresses and telephone numbers of former and current General Managers may be private information protected by the California Constitution. Nevertheless, as one district court has commented, private information may be disclosed for litigation purposes, provided the Court weighs the plaintiff's need for the information against the party's privacy rights:

> While this court is of the view that such a balancing is appropriate, this court is also mindful of the fact that, by its very nature, litigation has a tendency to make public the sort of information that individuals otherwise would prefer to keep private. Public disclosure, in the end, is not only natural and generally unavoidable but also necessary and healthy to a process so dependant on accuracy and truth. Nonetheless, the initiation of a law suit, does not, by itself, grant plaintiffs the right to rummage unnecessarily and unchecked through the private affairs of anyone they choose. A balance must be struck.

Cook vs. Yellow Freight System, Inc., 132 F.R.D. 548, 551 (E.D. Cal. 1990); cf. Ginest v. Bd. of County Comm'rs of Carbon County, 306 F. Supp. 2d 1158, 1159 (D. Wyo. 2004)("Individual . . . privacy interests must yield to the federal interest in discovering whether public [laws] . . . are [being] violat[ed]. . . .").

The Court, having weighed all factors, finds plaintiffs need the requested information to pursue certification of this action as a class action, with subclasses, and to prosecute this action, which seeks to enforce California's labor laws. In light of these considerations, the disclosure of the home addresses and telephone numbers of defendant's former and current General Managers is required. However, to assure that the information provided to plaintiffs is protected, the Court is issuing a limited protective order to be complied with by the parties regarding this information. First, **before** the class is certified, the information shall be viewed solely by plaintiffs' counsel, their investigators and experts, and not by the

individual plaintiffs.¹ Second, if this information is in any document filed with the Court, the former and current General Managers' home addresses and home telephone numbers shall be redacted. Third, the information shall be used solely in this litigation and not for any other purpose without an order from this Court. With these protections, the Court finds that the requested information should be disclosed, and plaintiffs' motion to compel should be granted.

## ORDER

Plaintiffs' motion to compel responses to Special Interrogatory nos. 1 and 2, Set One, is granted, and defendant is ordered to respond in full to Special Interrogatory nos. 1 and 2, Set One, no later than ten (10) days from the date of this Order.

Service List:

Timothy D. Cohelan
Isam C. Khoury
Michael D. Singer
Cohelan & Khoury
605 C Street
Suite 200
San Diego, CA 92101-5305

Jose R. Garay
Law Offices of Jose Garay
2030 Main Street
Suite 1300
Irvine, CA 92614

Honorable James V. Selna

Timothy M. Freudenberger
Jennifer White-Sperling
Ursula R. Kubal
Carlton Disante &
Freudenberger LLP
2600 Michelson Drive
Suite 800
Irvine, CA 92612

Scott E. Cole
Matthew R. Bainer
Scott Cole & Associates APC
The World Savings Tower
1970 Broadway, Suite 950
Oakland, CA 94612

Initials of Deputy Clerk KC james

---

¹ After certification of the class, if that occurs, this condition will no longer attach to the home addresses and telephone numbers of the putative class members.

case041\04-1107.q
1/11/05