EXHIBIT "4"

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Theresa Mak**
Associate
415.442.1354
tmak@morganlewis.com

RECEIVED

November 16, 2007

NOV 19 2007

HINTON, ALFERT & SUMNER

**VIA FACSIMILE 510-835-1417 and U.S. MAIL**

Morris J. Baller
Goldstein, Demchak, Baller, Borgen & Dardarian
300 Lakeside Drive, Suite 1000
Oakland, California 94612

**VIA FACSIMILE 925-932-3412 and U.S. MAIL**

David P. Pogrel, Esq.
Hinton, Alfert & Sumner
1646 N. California Blvd., Suite 600
Walnut Creek, California 94596

Re:   *Saidel, et al. v. CBS Radio, Inc., et al.*

Dear Mr. Baller and Mr. Pogrel:

This is in response to your November 6th and 13th letters regarding CBS Radio, Inc's ("Defendant") and Plaintiff Terry Saidel's ("Plaintiff") respective discovery requests and the scheduling of depositions.

Tax Returns

As outlined in our November 1, 2007, letter, Plaintiff should be required to produce just those relevant Schedules and back-up documents from his tax returns. These materials, Plaintiff concedes, are relevant.

Further, the information contained therein is not readily found in other sources. For example, credit card statements may not reflect all expenses which Plaintiff may contend he incurred in the course of his employment. Similarly, the back-up documentation recently produced by Plaintiff likely would not reflect all expenses Plaintiff claims he incurred. Nor would such documents reflect all the tax benefits Plaintiff may have derived from claiming deductions for such expenses.

Simply put, the tax schedules CBS seeks are the best and only source for information directly relevant not only to Plaintiff's claims in this case, but also CBS's affirmative defenses.

1-SF/7631043.1


Morgan Lewis
COUNSELORS AT LAW

As Plaintiff further recognizes, the California taxpayer privilege is waived where the "gravamen of [the] lawsuit is so inconsistent with the continued assertion of the taxpayer privilege . . ." *Schnabel v. Superior Court*, 5 Cal.4th 704, 721 (1993) (internal citations omitted). Plaintiff contends, however, that this situation applies only where the litigant places the content of the tax returns directly at issue. Plaintiff's narrow reading of this exception and the *Wilson* case cited in CBS's letter, however, cannot be sustained. *Cf. Young v. U.S.*, 149 F.R.D. 199, 205 (S.D. Cal. 1993) (privilege under California law waived where plaintiff made claim for lost wages, though noting that privilege was not waived as to husband who had never placed his income in issue).

Plaintiff does not offer to stipulate that he did not claim unreimbursed business expenses on his taxes or that he would confine his damages claim only to items he can document with receipts. Accordingly, CBS cannot withdraw its request for Plaintiff to produce the relevant schedules and back-up documentation for his tax returns. Please advise no later than the close of business November 21, 2007, whether you will reconsider; otherwise we will file our motion to compel.

Personal Calendars

Without waiving any of its rights as to all of Mr. Saidel's un-redacted calendars, CBS requested in its previous letter, a sixteen-week sampling for the period of 2003 through 2007. I understand that Plaintiff is now offering to produce eight weeks, redacted, as a compromise. Although we believe that the burden imposed on producing a sixteen-week sample is minimal, in the interest of expediting this case, we are willing to accept for now a twelve-week sample. However, we must insist that these twelve weeks be produced unredacted because we are entitled to learn about Mr. Saidel's personal activities during the day and where these activities took him. We would be agreeable to Plaintiff's unredacted production of this calendar subject to the Protective Order on file with the court and/or subject to the Mediation Privilege. Accordingly, we request that you produce calendar entries as follows: (1) one week each from January, February and March of 2003 (totaling three weeks from 2003); (2) one week each from April, May and June of 2004 (totaling three weeks from 2004); (3) one week each from July, August and September of 2005 (totaling three weeks from 2005); and (4) one week each from October, November and December of 2006 (totaling three weeks from 2006). Again, this compromise is without prejudice to CBS' rights to insist upon the production of all unredacted entries from Mr. Saidel's calendars. Please advise us as to Plaintiff's production of these calendars by close of business November 21, 2007.

Names of Putative Class Members and Supervisors

Plaintiff has propounded several interrogatories requesting the names and contact information of putative class members, as well as their current and former immediate supervisors.

CBS stands by its objections regarding the overbreadth, relevance, and prematurity of these requests as well as the objection that these interrogatories would impair the privacy rights of the putative class members and supervisors. As several courts have recognized, "[a]lthough

1-SF/7631043.1

Morris J. Baller, Esq.
David P. Pogrel, Esq.
November 16, 2007
Page 3


Morgan Lewis
COUNSELORS AT LAW

Plaintiff has considerable latitude in taking discovery to determine the possible contours of any putative class, that latitude is not limitless." *Connell v. Sun Microsystems, Inc.*, 2006 WL 4088313, *4 (Cal. Sup. Ct. Nov. 29, 2006). Thus, the "[c]ourt can ... place limits on discovery if the complaint and record demonstrate that the class that Plaintiff can represent will not extend beyond certain contours." *Id.; see also Tracy v. Dean Witter Reynolds, Inc.* (D. Colo. 1998) 185 F.R.D. 303, 304-05 (holding that the "recognized need for pre-certification discovery is subject to limitations which may be imposed by the court" and that "plaintiffs are not permitted to send notices to prospective members of a class if the only evidence of a class actions consists of the bare allegations of the complaint, or of counsel"); *Thomas v. Cedant Mortgage*, 2005 WL 579903 (E.D. Pa. Mar. 11, 2005) (denying plaintiff an opportunity to conduct discovery regarding class issues -- "discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action" (citations and quotations omitted)).

Here, Plaintiff has offered nothing more than the bare allegations of the complaint and of counsel that all California account executives are subjected to the same illegal policy regarding the reimbursement of necessary and reasonable business expenses. Plaintiff has not explained what evidence might be in the hands of putative class members that would be relevant to class certification. Indeed, discovery to date reflects substantial differences exist from class member to class member as well as between various CBS offices. Former plaintiff Gina Fong, for example, <u>was</u> reimbursed for various expenses, highlighting that there is no one uniform policy. Absent any other evidence beyond the allegations of the complaint, Plaintiff may not engage in a fishing expedition in an attempt to make their case for class certification.

Depositions

As discussed, you agreed long ago to produce Plaintiffs for their depositions and only relatively recently suggested they may be taken at the same time as the defense depositions. In an attempt to resolve outstanding discovery disputes and to accommodate your plans to amend the complaint and add an additional named Plaintiff, we held off noticing the Plaintiffs' depositions. Despite this, you have now served two deposition notices; one for a 30(b)(6) witness and the other for Dan Weiner, a CBS manager. In an effort to resolve the scheduling issues, we can agree to produce Mr. Weiner and the 30(b)(6) witness the first week of December, provided Plaintiffs appear for their depositions earlier that same week, and the new named Plaintiff fully responds to our discovery requests by November 28th.

Mediation

We are in the process of reviewing your recommendation of Mark Rudy as a mediator. For your consideration, we also wish to include Carla Barboza as a possible mediator. Enclosed for your review is a copy of her resume and references.

Given our mutual intent to mediate, before both parties begin filing motions to compel, we

1-SF/7631043.1

Case 3:07-cv-02948-SC   Document 25-5   Filed 02/21/2008   Page 5 of 5

Morris J. Baller, Esq.
David P. Pogrel, Esq.
November 16, 2007
Page 4



should discuss whether we are able to informally exchange information and documents pursuant to the mediation privilege so that both sides may prepare for the mediation without unnecessary expense or litigation.

We look forward to hearing from you.

Very truly yours,

MORGAN, LEWIS & BOCKIUS, LLP

Theresa Mak

TM/jvr

Enclosures

cc:   Rebecca Eisen, Esq.
      M. Michael Cole, Esq.

1-SF/7631043.1