EXHIBIT "5"

LAW OFFICES OF

# Hinton, Alfert & Sumner

A PROFESSIONAL CORPORATION

PETER J. HINTON
PETER W. ALFERT
SCOTT H. Z. SUMNER
ELISE R. SANGUINETTI
AARON D. KAUFMANN
DAVID P. POGREL
JEREMY N. LATEINER

1646 NORTH CALIFORNIA BOULEVARD
SUITE 600
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE (925) 932-6006
FACSIMILE (925) 932-3412

November 20, 2007

**By Facsimile and US Mail**
Theresa Mak
MORGAN LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
San Francisco, CA 94105

Re:    Saidel, et al. v. CBS Radio, Inc., et al

Dear Ms. Mak:

This is to respond to your letter of November 16th, received in my office yesterday. I respond to the issues in the order you raised them.

**Tax Returns**

CBS now acknowledges that the California taxpayer privilege applies to Mr. Saidel's tax returns but insists he waived the privilege by filing this lawsuit. You claim my reading of the waiver and the Wilson case is too narrow, yet the only case you cite in support (Young) is a federal case, interpreting federal law, which briefly looks at California law in dicta and does not examine the waiver argument. Your reading of the waiver exception at issue, which has never been adopted by any court and runs counter to the Wilson opinion, is so broad that it would be the exception that would swallow the rule.

You continue to assert that the tax returns are the best and only source of information directly relevant to his claims. This is not true, neither is it the law. We have provided the back-up documentation Mr. Saidel used to prepare his returns and Mr. Saidel is willing to testify in his deposition to support any estimates of his expenses that are not based directly in the documents we have produced. Even if it were the case that the tax records are the only source of information, this would not make them discoverable. They are privileged absent a waiver and there has been no waiver by Mr. Saidel. As I informed you in my earlier letter, California law, unlike federal law, does not contain a balancing test under which tax returns may not be privileged if they are the only source of information. Your letter did not provide any authority to the contrary and we see no reason to change our position on this issue.

In your most recent letter, as well as your earlier letter, you claim that CBS is somehow entitled to know any tax benefits that Mr. Saidel may or may not have derived from claiming deductions or expenses on his tax returns. Even if he had derived such a benefit, this information would not be relevant to this case. If Mr. Saidel is awarded expenses and/or penalties in this

Theresa Mak
November 20, 2007
Page 2

lawsuit, he will report the award to the IRS as required and pay taxes according to the law. Any benefit he may have received, and any tax he may pay on an award of expenses and/or penalties, is between Mr. Saidel and the state and federal tax authorities. It has no relevance to this lawsuit and you have not provided any information or argument as to why it would be relevant.

You also raised an additional issue in your most recent letter, namely that the information in Mr. Saidel's tax returns may have information directly relevant to CBS's affirmative defenses, but do not specify which affirmative defenses you are alluding to or how the tax returns could be relevant. Please elaborate on this contention if you would like me to respond.

**Personal Calendars**

We are willing to prepare the 12-week sample of calendars that you requested, but we do not agree to produce those calendars in unredacted form. My proposal of sampling was an effort to compromise based on our objection that it would be unduly burdensome to produce the calendars given the minimal amount of relevant information and the burden of reviewing and redacting over 700 pages of personal calendars, with each page containing multiple pieces of private, and therefore redactable, information. We never agreed nor suggested a compromise of our privacy objection under which we would provide unredacted calendars. Your November 1st letter appeared to agree with my proposal of redacting the sample, but merely requested 12 additional weeks. In your most recent letter you have changed your position and insisted on unredacted calendars. Plaintiffs do not agree to waive Mr. Saidel's privacy rights. If CBS is willing to accept the 12-week sample of redacted copies, please so advise us as soon as possible because it will take time to copy the calendars and work with our client on redaction of the private information, and we have no interest in delaying the production of properly discoverable information. I will begin working with Mr. Saidel as soon as we get your positive response, and would hope to produce the redacted calendars by November 30th.

**Contact Information of Putative Class Members and Supervisors**

Plaintiffs are entitled to interview class members and supervisors, all of whom are witnesses and subjects of CBS's expense reimbursement policies, practices, and procedures. These witnesses can provide relevant information on miles driven and other vehicle-related expenses, meals, entertainment, and other expenses incurred, the degree to which CBS failed to reimburse for those expenses, and other expense reimbursement policies and practices. All of this information is directly relevant to this lawsuit and will be at issue on class certification. Even evidence that Gina Fong received some reimbursement does not mean she has no claim; the same is true of others like her if they exist. Ms. Fong and other AEs who may have received some expense reimbursement were not reimbursed in full and are still owed money. Evidence that some class members received partial reimbursement does not preclude us from interviewing other class members and supervisors who are willing to talk to us and provide relevant information. Disclosure of the requested contact information is therefore likely to lead to admissible evidence and is discoverable.

Theresa Mak
November 20, 2007
Page 3

Your letter does not respond to the many cases I cited holding that such contact information is not protected by the right to privacy. You respond only with a trial court decision that is not on point and two federal cases from outside California which make only general statements about discovery in class actions and do not address your privacy objections or California's privacy protections. The cases I cited to you are directly on point. It appears we are at an impasse on this issue as well and plaintiffs will move to compel. If you change your position and are willing to produce the contact information we seek, either with or without a third-party administrator, please do not hesitate to contact me so we can avoid unnecessary motion practice.

## Depositions

Mr. Saidel is available for deposition on either Monday December 3rd or Tuesday December 4th. We are checking with Ms. Jackson and expect her to be available on the same dates, but did not want to delay this letter as we await her response. However, if we understand your position correctly, you do not want to take these depositions until the above discovery issues have been resolved. Please advise us immediately if you intend to take these depositions on these dates without production of tax returns and unredacted personal calendars. We are willing to produce the plaintiffs for deposition on the dates you have requested, without producing the above-referenced documents, but leave the depositions open for you to question our clients about their tax returns if you later obtain the documents on a motion to compel. If you do not wish to go forward at all, we do not want to bother our clients with scheduling a trip to San Francisco for deposition so we would appreciate knowing as soon as possible if you agree to our proposed compromise.

With respect to our depositions of Mr. Weiner and the 30(b)(6) witness, you have confirmed that both the attorneys and deponents are available during the first week in December. We will send out amended deposition notices setting the 30(b)(6) deposition for Friday December 7th and Mr. Weiner's deposition for Thursday December 6th. We chose dates to be compatible with your desire to take the plaintiffs' depositions during the same week, and first, if you wish to proceed with them; but in any event, we have a right to take the depositions that have been noticed and we will do so, at your request, during that week rather than on the dates originally noticed. Your position that you will only produce your witnesses for deposition if we first produce our clients and fully respond to your discovery has no basis whatsoever in the law, as Mr. Baller informed you in his November 13th letter.

## Outstanding Documents

This is also to confirm that CBS has still not produced the documents it has promised to produce in response to plaintiffs first set of production requests. You responded to the discovery on October 24, 2007 and promised to produce documents; you then informed us that you would be producing documents last week. Please produce the documents, and a privilege log for any documents you are withholding on privilege grounds, by Monday November 27th so that we can have time to review the documents before the depositions. Of particular importance to the

Theresa Mak
November 20, 2007
Page 4

depositions are documents related to CBS's reimbursement and compensation plans, policies, and/or practices and those documents that are responsive to request numbers 8-10, 13-18, 21, and 23 which CBS has agreed to produce. Please note that plaintiffs will shortly be sending a letter to meet and confer on several of CBS's objections to the first set of production requests and do not consider the other issues closed, but my purpose here is to ensure prompt delivery of the documents CBS concedes are responsive so that discovery can continue.

If you have any questions about any of the above, please do not hesitate to contact me at (925) 932-6006.

Very truly yours,

HINTON, ALFERT & SUMNER

DAVID P. POGREL

DP/ta
cc:     Mike Baller and Enrique Martinez
        Michael Singer and Chris Olsen

```
         ************************
         ***   TX REPORT   ***
         ************************

  TRANSMISSION OK

  TX/RX NO              2371
  CONNECTION TEL                14154421001
  CONNECTION ID
  ST. TIME              11/20 14:04
  USAGE T               01'58
  PGS. SENT             5
  RESULT               OK
```

LAW OFFICES OF

# Hinton, Alfert & Sumner

A PROFESSIONAL CORPORATION

PETER J. HINTON
PETER W. ALFERT
SCOTT H. Z. SUMNER
ELISE R. SANGUINETTI
AARON D. KAUFMANN
DAVID P. POGREL

1646 NORTH CALIFORNIA BOULEVARD
SUITE 600
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE (925) 932-6006
FACSIMILE (925) 932-3412

## FACSIMILE TRANSMISSION COVER SHEET

**DATE:**          November 20, 2007

| **TO:** | **COMPANY:** | **TELEPHONE NO.:** | **FAX NO.:** |
|---|---|---|---|
| Teresa Mak | Morgan Lewis & Bockius | (415) 442-1327 | (415) 442-1001 |

**FROM:**          DAVID POGREL

**FAX NUMBER:**    (925) 932-3412

**TELEPHONE:**     (925) 932-6006

**RE:**            Saidel et al. v. CBS Radio, Inc. et al

**COMMENTS:**


**MATERIAL FAXED:**


NUMBER OF PAGES BEING TRANSMITTED (INCLUDING THIS PAGE): 5

ORIGINAL TO FOLLOW BY U.S. MAIL ✗ YES __ NO

SHOULD THERE BE ANY PROBLEMS WITH RECEIVING THIS TRANSMISSION, PLEASE
CONTACT TRINA ADKINS.