EXHIBIT "10"

## David P. Pogrel

**From:** David P. Pogrel
**Sent:** Friday, February 08, 2008 2:41 PM
**To:** 'tmak@morganlewis.com'
**Cc:** Aaron Kaufmann; Mike Baller (mballer@gdblegal.com)
**Subject:** RE: Saidel v. CBS - Meet and Confer

Theresa-

I will articulate some reasons now in hope of moving this along. The information I am providing here should be more than sufficient to convince Becky and your client that the contact information is relevant and likely to lead to admissible evidence. I hope you will take this information and try to get agreement from your client. If you cannot get such agreement by Monday next week (Feb 11), we simply cannot spend any more time talking about these proposals. We will be forced to file our motions to get things moving along because of the tight timelines we discussed. This cannot wait for more discussion and debate. I had asked for a response by today. Waiting until the last hours to respond and then asking us to explain the relevancy of the contact information of the key percipient witnesses in this case does not help us reach resolution – it simply delays things.

I think it is pretty obvious that the AES who were subject to the expense reimbursement polices and the practices (or lack thereof), and the supervisors who enforced or did not enforce them, are the most relevant percipient witnesses to what those practices were, and therefore whether they were similar and/or common throughout the state. CBS has taken the position that we will not get a class certified because the expenses reimbursement policies and practices were different market-to-market and we are entitled to gather evidence to oppose that contention (as well as dispute its legal merit). This is more than just "a few individual circumstances and stories." These witnesses can tell us how the polices were implemented, for example, whether managers instructed AEs to submit or not submit expenses, what types of expenses they were told to submit, if any, how to submit expenses, whether or not to use TREX, and how those requests were treated when submitted. Even if they were just "a few individual stories," which I reiterate they are not, those stories are relevant at this stage of the case. These are the "stories" that Becky has asked our named plaintiffs about in deposition, and the stories we are entitled to gather and present to the Court on class certification.

Class member and manager declarations are typically key evidence on class certification, along with written policies and other documents evidencing policies and practices. We are entitled to the information to gather such evidence, interview putative class members, and gather declarations from those willing to give. Becky and your client may believe that the only relevant information on class certification are the written polices and the summaries of the cumulative information you are planning on giving to us, but we have a right to put on the evidence that we believe is relevant. This will include declarations from AEs and supervisors.

Finally, there is no case management or protective order in this case that has somehow differentiated between "class" and "merits" discovery. Even if this information was not directly relevant at this stage, which it is, it is still discoverable and likely to lead to admissible evidence.

I have made a reasonable proposal to accomplish all goals – avoid costly motion practice and narrow our disputes, save time costs before mediation, and move this case along if we do not settle. If you do not want to accept, that is your decision and we will file our motions. What we can't do at this stage is spend any more time discussing these issues. We need a decision from you by Monday or we will file our motions (one on the contact info and one on the reimbursement documents, as described in my January 30th letters). I would prefer that you decision comes today as I initially requested and you agreed.

Dave

---

**From:** tmak@morganlewis.com [mailto:tmak@morganlewis.com]

**Sent:** Friday, February 08, 2008 1:52 PM
**To:** David P. Pogrel
**Subject:** Re: Saidel v. CBS - Meet and Confer

Dave - Following up on our conversation, we're open to talking about a stipulation to exchange information on a specific date after the mediation (if the mediation is unsuccessful). However, to be honest, when Becky and I were discussing the issue of the putative class contact information, we were not clear on Plaintiffs' position as to why that information is relevant prior to class certification. We understand that Plaintiffs' position is that such information is not protected by a right to privacy. However, as a preliminary matter, we do not quite understand Plaintiffs' position as to why such information is relevant to class certification.

The question at this stage is whether there has been a common policy and/or practice that applied to the AEs throughout California during the relevant period such that class treatment is warranted. A few individual circumstances and stories do not evidence common policies or practices. Rather, cumulative information regarding the AEs' reimbursement requests and reimbursements during the relevant period (information which we have agreed to provide and hope to do so within the next week or so) speaks directly to whether there has been a common policy and/or practice that applied to the AEs throughout California during the relevant period.

It would be really helpful to us if you would articulate why Plaintiffs believe the putative class contact information is relevant prior to class certification, in writing, so that we can show it to our client and talk to them again about Plaintiffs' position.

Theresa Mak, Esq.
Morgan, Lewis & Bockius LLP
One Market
Spear Street Tower
San Francisco, CA 94105
415.442.1354
Fax: 877.432.9652
tmak@morganlewis.com
www.morganlewis.com

certification, even upon stipulation by the parties. I confirmed that, because of the deadline that appears firm, we will file our motions soon (unless we reach an agreement as described below) and we will then see what hearing date we are given after the motion is assigned to a magistrate, which we understand is the protocol for Judge Conti's cases. If the hearing date that we are given by the court does not give you sufficient times to brief your opposition after our March 12th mediation, we agree to work with you for a different date but I could not commit to any particular timeline or extension for briefing without further information.

We then discussed a proposal under which we would try to limit the number of Motions to Compel each side would need to file, particularly on items that may be less in dispute (if, I suppose, that are varying levels of dispute). I made the proposal - which I understand was news to you today. I proposed that we agree to a mutual exchange of the discovery items over which we are both asserting privacy objections - we would agree to give you full and unredacted copies of Terry Saidel's personal calendars and cellular phone records (and Camille Jackson's if they exist, I do not know offhand). In exchange, you would agree to provide us with the contact information we have requested in special interrogatories 1-4 (AE and supervisor names, and last know address and phone numbers). Under my proposal, we would agree to exchange this information on March 14th if we do not reach a settlement at the March 12th mediation. We would both commit to this agreement, in writing, and this would alleviate the need for motion practice on the privacy objections of each side.

I also suggested that we should also be able to reach agreement with regard to the mileage documentation, documents on expenses reimbursed, and expense forms (document requests 12, 19, and 23). As stated in my 1/30/08 letter, these documents go to the heart of this case and it is difficult for us to imagine Judge Conti not ordering production. We do not have a bifurcation of discovery in this case that distinguishes between class and merits discovery, and even if we did the documents are relevant to class for the reasons stated in my letter. I told you that I may be able to convince Mr. Saidel to waive his privacy interest in his tax returns if you would provide these documents, but I was not sure as we feel very strongly about this privilege as you know.

Ultimately, I think the best way to resolve these discovery disputes is for CBS to withdraw its objections on items that are clearly responsive so we can focus our motion practice only only the truly disputed items. I agreed to look at the documents we are withholding with that idea in mind, and ask you to do the same in the hopes of reaching agreement as described above. You said that you would try and talk with Ms. Eisen and your client within a day or two, and I told you we need to reach agreement by the end of this week or we will have no option but to file our motions given the pressing deadlines.

Thanks again for your time. Please let me know if any of the above is not what we discussed.

---

David Pogrel
Hinton, Alfert & Sumner
1646 North California Blvd., Suite 600
Walnut Creek, California 94596
(925) 932-6006 (phone)
(925) 932-3412 (fax)
pogrel@hinton-law.com

Please note: The information in this e-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this e-mail message. If you have received this e-mail in error, please notify the sender as soon as possible. In addition, please delete the erroneously received message from any device/media where the message is stored. Thank you.


DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential. If you are not an intended recipient,

you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.