# EXHIBIT 1

**(JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE)**

1  Aaron Kaufmann, Esq., SBN 148580
   David P. Pogrel, Esq., SBN 203787
2  HINTON, ALBERT & SUMNER
   1646 N. Calif. Blvd., Suite 600
3  Walnut Creek, CA 94596
   Telephone:    (925) 932-6006
4  Facsimile:     (925) 932-3412

5  Attorneys for Plaintiffs and the Putative Class

6  Rebecca Eisen, SBN 096129
   Theresa Mak, SBN 211435
7  MORGAN, LEWIS & BOCKIUS, LLP
   One Market, Spear Street Tower
8  San Francisco, CA  94105-1126
   Telephone: 415.442.1000
9  Facsimile: 415.442.1001

10  Attorneys for Defendant CBS Radio, Inc.

11  [Additional Counsel Appear on Next Page]

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14                 (SAN FRANCISCO DIVISION)

15

16  TERRY SAIDEL and CAMILLE JACKSON,          CLASS ACTION
    individually and on behalf of all others similarly
17  situated,                                   Case No.:  CV 07-02948-SC

18              Plaintiffs,                     JOINT STIPULATION OF CLASS ACTION
                                                SETTLEMENT AND RELEASE
19       v.

20  CBS RADIO, INC., a Delaware Corporation; and
    DOES 1 through 10, inclusive,
21                    Defendants.

22

23

24

25

26

27

28

1    Additional Counsel for Plaintiffs and the Putative Class:

2    Morris J. Baller, Esq., SBN 048928
     GOLDSTEIN, DEMCHAK, BALLER,
3            BORGEN & DARDARIAN
     300 Lakeside Drive, Suite 1000
4    Oakland, CA 94612
     Telephone:    (510) 763-9800
5    Facsimile:    (510) 835-1417

6    Michael D. Singer, Esq., SBN 115301
     Diana M. Khoury, Esq., SBN 128643
7    Christopher A. Olsen, Esq., SBN 236928
     COHELAN & KHOURY
8    605 C Street, Suite 200
     San Diego, CA 92101-5305
9    Telephone:    (619) 595-3001
     Facsimile:    (619) 595-3000

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

1.    This Joint Stipulation of Class Action Settlement and Release (hereinafter "Settlement Agreement") is made and entered into by and between the following Parties:  Plaintiffs Terry Saidel ("Saidel") and Camille Jackson ("Jackson") (collectively "Plaintiffs" or "Class Representatives"), individually and on behalf of all others similarly situated, and Defendant CBS Radio Inc. ("CBS Radio" or "Defendant").  This Settlement Agreement is subject to the terms and conditions set forth below and to the approval of the Court.  This Settlement Agreement supersedes any and all prior memoranda of understanding and sets forth the Parties' class action settlement, as detailed below, of all class claims for alleged reimbursable business expenses, and associated penalties, interest and other remedies.

## II.    DEFINITIONS

1.    "Parties" means Saidel, Jackson and CBS Radio.

2.    "Account Executives," "Settlement Class" and "Settlement Class Members" shall mean all account executives who are identified on CBS Radio's records as employed by CBS Radio in California during some or all of the Class Period, and had not previously brought and/or released the Class Claims asserted in this Action through either a court or administrative proceeding.

3.    "Eligible Settlement Class Members" means those members of the Settlement Class who submit timely claim forms and/or who do not request to be excluded, *i.e.*, those who do not opt out of the settlement or who opt out but rescind the opt-out in a timely manner.

4.    "Class Claims" means any claims arising out of or related to (1) the alleged right by Account Executives to be reimbursed for expenses incurred during the Class Period in the course and scope of their employment, and (2) the other allegations made in Plaintiffs' Amended Complaint in the Action.

5.    "Action" means the litigation currently pending in the United States District Court for the Northern District California before the Honorable Samuel Conti, Case No. 07-CV-02948-SC.

6.    "Class Counsel" means the law firms of Hinton, Alfert & Sumner, Walnut Creek, California; Goldstein, Demchak, Baller, Borgen & Dardarian, Oakland, California; and Cohelan & Khoury, San Diego, California.

7.     "Class Period" means May 3, 2003 to June 30, 2008.

8.     "Class Representatives" means Terry Saidel and Camille Jackson, the named Plaintiffs in this Action.

9.     "Notice of Class Action Settlement or Opportunity to Request Exclusion or Object to Settlement" ("Notice of Class Action Settlement") means the form to be approved by the Court, and attached hereto as Exhibit A.

10.     "Claim Form" means the form to be approved by the Court, and attached hereto as Exhibit B.

11.     "Reminder Postcard" means the postcard attached hereto as Exhibit C

12.     "Settlement Fund" means the amount of four million nine hundred and fifty thousand dollars ($4,950,000) which is to be paid by CBS Radio for any and all obligations of CBS Radio set forth in this Settlement Agreement, including but not limited to payments to Eligible Class Members, Class Counsel, Saidel, Jackson, expenses incurred by the Settlement Administrator, and all taxes, interest, and penalties, as specified in this Agreement.

13.     "Reserve Fund" means $25,000 to be deducted from the Settlement Fund and held by Settlement Administrator in an interest-bearing account to be used to pay any late or disputed claims that are submitted to the Settlement Administrator and deemed by the Settlement Administrator to be with good cause.

14.     "Net Settlement Fund" means the balance of the Settlement Fund after payments have been made for attorneys' fees, litigation costs, settlement administration costs, and the Class Representatives' Participation Payments.

15.     "Settlement Administrator" means Simpluris, Inc.

16.     "Settlement Effective Date" means the date on which this Settlement is finally approved as provided herein and the Court enters Final Judgment and Order of Dismissal with Prejudice ("Final Judgment" or "Judgment").

17.     "Final Effective Date" means the date on which the Final Judgment becomes effective. It will be the latest of: (i) the date of final affirmation on appeal of the Final Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Final Judgment; or (iii) if no appeal

1   is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the

2   Final Judgment by any Class Member who files an objection to the settlement with the Court.

3   Notwithstanding the foregoing, any proceeding or order, or an appeal or petition for a writ, pertaining

4   solely to the award of Class Counsels' attorneys' fees shall not, by itself, in any way delay or

5   preclude the Final Judgment from becoming effective.

6       18.   "Total Actual Reimbursements" refers to the total sum of all amounts paid by CBS

7   Radio to Settlement Class Members during the period of January 1, 2004 through June 30, 2008, for

8   reimbursement of business-related expenses, as recorded in CBS Radio's TREX system.

9       19.   "Discounted Total Actual Reimbursements" refers to thirty-five percent (35%) of

10  Total Actual Reimbursements.

11      20.   "Actual Reimbursements" refers to the actual reimbursements paid to each Settlement

12  Class Member during the period of January 1, 2004 through June 30, 2008, as recorded in CBS

13  Radio's TREX system.

14      21.   "Discounted Actual Reimbursements" refers to thirty-five percent (35%) of the Actual

15  Reimbursements

16      22.   "Total Expense Fund" is the sum of Discounted Total Actual Reimbursements and Net

17  Settlement Fund.

18  ### III.   LITIGATION BACKGROUND

19      23.   On May 3, 2007, Plaintiffs filed this Action in Alameda County Superior Court, on

20  behalf of themselves and others similarly situated, seeking reimbursement for business-related

21  expenses incurred, as well as interest and penalties, including waiting time penalties, thereon.  On

22  June 6, 2007, CBS Radio removed the Action to the United States District Court for the Northern

23  District of California.

24      24.   CBS Radio has denied and continues to deny each of the claims and contentions

25  alleged by Plaintiffs in the Action.  CBS Radio has repeatedly asserted and continues to assert

26  defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability

27  arising out of any of the facts or conduct alleged in the Action.  Neither this Agreement nor any

28  document referred to or contemplated herein, nor any action taken to carry out this Agreement, is,

1   may be construed as, or may be used as an admission, concession or indication by or against CBS

2   Radio of any fault, wrongdoing or liability whatsoever.

3       25.    The Parties have conducted significant investigation of the facts and law during the

4   prosecution of this Action.  This investigation has included, among other things, the exchange of

5   information pursuant to depositions, formal and informal written discovery, numerous conversations

6   between representatives of the Parties, interviews of potential witnesses, and the exchange of

7   information prior to and during two confidential private mediation sessions.  Counsel for the Parties

8   have further investigated the applicable law as applied to the facts regarding the alleged claims of

9   Plaintiffs and potential defenses thereto, and the damages claimed by Plaintiffs.  In pertinent part,

10  based upon this investigation, Plaintiffs contend that CBS Radio unlawfully failed to reimburse

11  Account Executives for certain routine business expenses that they necessarily incurred, including

12  vehicle-related expenses, cellular phone expenses, and client meals, entertainment, and gifts.  CBS

13  Radio contends that it maintained a lawful expense reimbursement policy at all times, and that any

14  failure to reimburse reasonable and necessary expenses was due to individual Account Executives'

15  failure to submit such expenses and request reimbursement.  Plaintiffs claim damages for the

16  allegedly unreimbursed business expenses.  CBS Radio denies that Plaintiffs or Settlement Class

17  Members are entitled to recover any such damages.

18      26.    The Parties agreed to engage in mediation and selected Mark Rudy, Esq., of Rudy,

19  Exelrod & Zieff, as the mediator.

20      27.    The Parties participated in a full day of mediation on March 12, 2008 at which

21  representatives of the Parties participated and each side was represented by counsel.  The Parties did

22  not resolve the matter during the first day of mediation.  However, they agreed to schedule a second

23  day of mediation on May 21, 2008.

24      28.    The Parties participated in a second full day of arms-length negotiation, assisted by

25  Mr. Rudy, on May 21, 2008.  Again, representatives of the Parties participated in the mediation.

26  While the Parties did not resolve the matter during the second day of mediation, they subsequently

27  agreed upon a settlement in concept, on June 2, 2008, with the balance of the settlement terms agreed

28  upon through arms-length negotiations through the date that this Settlement Agreement was signed

1    by the Parties.

2        29.    It is the desire of the Parties to fully, finally, and forever settle, compromise, resolve,

3    and discharge all disputes and claims arising from or related to the above-captioned action. It is the

4    intention of the Parties that this Settlement Agreement shall constitute a full and complete settlement

5    and release of the Class Claims. This release shall include CBS Radio and all present and former

6    parent companies, predecessor companies, subsidiaries, stations, shareholders, officers, directors,

7    employees, agents, servants, registered representatives, attorneys, insurers, affiliates, predecessors,

8    successors and assigns of CBS Radio, and all successors, heirs, and/or assigns of Saidel, Jackson and

9    the Eligible Settlement Class Members.

10        30.    Neither this Agreement nor any documents referred herein, nor any action taken to

11    carry out this Settlement Agreement is, or may be construed as or may be used as, an admission by or

12    against any of the Parties or other counsel as to the merits or lack thereof of the claims asserted. If the

13    Court fails to grant final approval of this Settlement Agreement, the Parties may litigate the matter as

14    if no settlement was ever reached.

15        NOW, THEREFORE, in consideration of the mutual covenants, promises, and warranties set

16    forth herein, the Parties agree, subject to the Court's approval, as follows:

17                        IV.    **JURISDICTION**

18        31.    The United States District Court for the Northern District of California has jurisdiction

19    over the Parties and the subject matter of this Action. Subject to the limitations provided herein, this

20    Court will have continuing jurisdiction over the terms and conditions of this Settlement Agreement,

21    until all payments and obligations contemplated herein have been fully executed.

22                        V.    **TERMS OF SETTLEMENT**

23    A.    **Certification.**

24        32.    The Settlement Class may be preliminarily and conditionally certified as a class action

25    pursuant to the Federal Rules of Civil Procedure, Rule 23(b)(3), for the purposes of the monetary

26    relief provided in this Settlement Agreement.

27    / / /

28

**B.    No Approval.**

33.    In the event that this Settlement Agreement, or any modified Settlement Agreement accepted by the Parties, is not approved by the Court, fails to become effective, or is reversed by the Court or an appellate court on an appeal or grant of review of the Court's approval: the Settlement Agreement shall have no further force or effect; the Settlement Agreement shall not be admissible in any judicial, administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural; the preliminary and conditional certification of the class shall automatically be null and void and the fact of such certification shall not be admissible in any judicial, administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural; and none of the Parties will be deemed to have waived any claims, objections, defenses or arguments with respect to the issue of class certification or with respect to the merits of any issues presented by the First Amended Complaint.

**C.    Settlement Payments.**

34.    CBS Radio shall pay four million nine hundred and fifty thousand dollars ($4,950,000.00), referred to as the Settlement Fund, as specified in this Settlement Agreement.  The Net Settlement Fund and the Reserve Fund shall be distributed to Eligible Settlement Class Members, and, if necessary, one or more *cy pres* beneficiaries, as provided in this Settlement Agreement.

35.    Class Counsel will apply to the Court for, and CBS Radio will not oppose, reimbursement of Class Counsel's litigation costs and expenses actually incurred, presently estimated to be $29,000 to $32,000, but subject to adjustment as incurred, to be paid from the Settlement Fund.

36.    Class Counsel will apply to the Court for, and CBS Radio will not oppose, payment of attorneys' fees incurred by Class Counsel on behalf of the Plaintiffs and the Settlement Class Members in the amount of $1,237,500, which amounts to twenty-five percent (25%) of the Settlement Amount, to be paid from the Settlement Fund.

37.    Class Counsel will apply to the Court for, and CBS Radio will not oppose, payments of class participation awards of $20,000 to Saidel and $10,000 to Jackson in their capacity as Class Representatives, to be paid from the Settlement Fund.

1    38.    As set out below, the Parties will employ the Settlement Administrator to administer

2    the sending of the Notice of Class Action Settlement, the Claim Form, and the Reminder Postcard to

3    the Settlement Class Members, the receipt of Claim Forms, requests for exclusion, and objections to

4    the settlement, if any, from Settlement Class Members, and the mailing of checks for the appropriate

5    portion of the Net Settlement Fund and Reserve Fund to Eligible Settlement Class Members. All

6    costs of this administration process, including fees of the Settlement Administrator, shall be paid

7    from the Settlement Fund subject to billing by the Settlement Administrator and approval by Class

8    Counsel and Counsel for CBS.

9    39.    As part of Plaintiffs' Motion for Preliminary Approval, Class Counsel will also seek

10   the Court's approval for the Reserve Fund to pay any late or disputed claims received from Eligible

11   Settlement Class Members and approved by the Settlement Administrator after being deemed to be

12   with good cause. The Reserve Fund shall be held in a separate interest bearing account. All interest

13   accrued shall remain in the Reserve, together with the Reserve Fund Principal, used to pay such

14   approved late or disputed claims submitted by class members, and, for late claims, for which the

15   Settlement Administrator deems to have good cause for late submission.

16   40.    Any amount remaining in the Reserve Fund after all such payments have been made

17   shall be paid to the Court-approved *cy pres* beneficiary, as provided for in this Settlement Agreement.

18   CBS Radio shall have no obligation to pay any amount greater than the Settlement Fund amount

19   ($4,950,000) due to claims from the Reserve Fund. By way of example only, if the Reserve Fund is

20   not sufficient to pay late or disputed funds, CBS shall have no obligation to pay any additional

21   amounts to satisfy those claims even if the Settlement Administrator determines those claims are

22   recoverable as provided in this Settlement Agreement and there is no money remaining in the

23   Reserve Fund.

24   41.    The Settlement Administrator shall determine each Settlement Class Member's

25   estimated and each Eligible Settlement Class Member's final pro rata portion of the Net Settlement

26   Fund as follows:

27        a.    First, the Settlement Administrator shall add the Discounted Total Actual

28            Reimbursements to the Net Settlement Fund. The resulting figure is referred to as the

"Total Expense Fund." This accounting does not require that CBS Radio pay any additional funds over the Settlement Fund amount ($4,950,000), but is an accounting performed solely for estimating and ultimately computing each Settlement Class Member's pro rata portion of the Net Settlement Fund.

b. Second, the Settlement Administrator shall divide the Total Expense Fund by the total number of weeks worked by all such Settlement Class Members as Account Executives in California during the Class Period according to CBS Radio's records[1] to calculate a value per week.

c. Third, for each such Settlement Class Member, the Settlement Administrator shall multiply that value per week times the number of weeks the Settlement Administrator determines that such Settlement Class Member was employed in California during the Class Period as an Account Executive. The resulting figure will be that Settlement Class Member's estimated share of the Total Expense Fund, which shall be adjusted as described below to compute each Settlement Class Member's estimated pro rata portion of the Net Settlement Fund.

d. Fourth, for each Settlement Class Member, the Settlement Administrator shall determine the Discounted Actual Reimbursements paid to such Settlement Class Member during the period of January 1, 2004 through June 30, 2008.

e. Fifth, for each such Settlement Class Member, the Settlement Administrator shall subtract that Settlement Class Member's Discounted Actual Reimbursements from his/her share of the Total Expense Fund as determined in subsection (c), above. This amount shall be the Settlement Class Member's estimated pro rata portion of the Net Settlement Fund, and shall be included in the Claim Form sent to each Settlement Class Member. Should this

---

[1] The number of such weeks shall be reduced by any leave of absence greater than two (2) consecutive weeks. The number shall not otherwise be reduced by vacation time, sick leave time, part-time work status, leave of absence two weeks or less, or other variations in the amount of actual working time spent by Settlement Class Members during their period of covered employment as Account Executives.

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

pro rata share be less than $100, the estimated share of the Settlement Class Member shall be $100.00.

f.   Sixth, the Settlement Administrator shall consider and finally resolve any challenges to the information used to calculate the estimated or final amounts due to any Eligible Settlement Class Member who makes such a challenge, according to procedures determined by the Settlement Administrator, which shall not delay the distribution of the Net Settlement Fund to Eligible Settlement Class Members.

g.   Seventh, after resolving any challenges, the Settlement Administrator shall determine each Eligible Settlement Class Member's final pro rata portion of the Net Settlement Fund by reallocating any unclaimed funds to Settlement Class Members in proportion with each Eligible Settlement Class Member's  pro rata share of the Net Settlement Fund, as specified in subparagraphs a-f, above.  The Claims Administrator will conduct this accounting for the redistribution of unclaimed Settlement Class Member payments, adding the proportionate amounts to each Eligible Settlement Class Member's payment before completing the final calculation of payments.

h.   For each eligible Settlement Class Member who collects from the Reserve Fund due to a late or disputed claim, such Member's final pro rata share shall be equal to such Member's  estimated pro rata share of the Net Settlement Fund as described in subparagraph (e), above, or as determined by the Settlement Administrator pursuant to subparagraph (g), above.

42.   Eligible Settlement Class Members will receive checks in an amount equal to their pro rata portion of the Net Settlement Fund to which such Eligible Settlement Class Members are entitled under paragraph 41.g of this Agreement, except for those Eligible Settlement Class Members who collect from the Reserve Fund due to a late or disputed claim will receive checks as described in paragraph 41.h of this Agreement.

43.   All payments made to Eligible Settlement Class Members for alleged reimbursable business expenses, penalties thereon, and interest thereon will be reported to the IRS as such on IRS Form 1099 MISC, with no federal, state and/or local income and/or employment taxes withheld.

44.     Eligible Settlement Class Members shall be solely responsible for the reporting and payment of the employee/Eligible Class Member's portion of any federal, state, and/or local income or other tax and any other withholdings, if any, on the payments made pursuant to this Settlement Agreement. It is understood and agreed that neither CBS Radio, Plaintiffs, nor Plaintiffs' Counsel makes or has made any representations as to the taxability of any portions of the Settlement Payments to the Eligible Settlement Class Members, the impact of receipt of these payments on any prior tax filings made by Eligible Settlement Class Members or the payment of any costs or award of attorneys' fees, or any payments to the Class Representatives. The Notice of Class Action Settlement will advise Settlement Class Members to seek their own tax advice prior to acting in response to that Notice, and the Class Representatives and Class Counsel agree that Settlement Class Members will have an adequate opportunity to seek tax advice prior to acting in response to the Notice of Class Action Settlement. Eligible Settlement Class Members shall not be responsible for payment of the employer's share of any tax liabilities, if any, that the IRS, California Franchise Tax Board, or other regulatory agency of court may determine are owed by CBS Radio.

45.     The Settlement Administrator shall not issue to Eligible Settlement Class Members a Form 1099 MISC for any portion of costs of settlement administration, attorneys' fees, Class Representative Participation Payments, or reimbursement of litigation costs awarded to Class Counsel.

46.     CBS Radio shall pay to the Settlement Administrator the Net Settlement Fund and the Reserve Fund on the Final Effective Date, unless CBS Radio fails to provide the information substantially as described in paragraph 59, in which case Class Counsel shall provide CBS Radio notice of any claimed deficiency. CBS Radio shall have seven (7) business days after notice to cure any such deficiencies. If CBS Radio is able to cure such deficiencies, but fails to do so within seven (7) business days after receiving notice, it shall immediately transmit the Net Settlement Fund to the Settlement Administrator, who will then immediately deposit the Net Settlement Fund into an appropriate interest-bearing account that will be used to make all payments to Eligible Settlement Class Members required by this Settlement Agreement and to pay costs associated with notice and claims administration ("Administration Costs"), as described in paragraph 38.

47.    Subject to the final approval of the Settlement by the Court and provided that no objections to the settlement are filed, within fourteen (14) days after the Settlement Effective Date, CBS Radio will pay to Plaintiffs all amounts allocated for reasonable attorneys' fees and litigation costs, provided that Class Counsel has provided CBS Radio with the appropriate W-9 forms on or before the Settlement Effective Date.  Furthermore, within fourteen (14) days after the Settlement Effective Date, CBS Radio shall pay the Participation Payments to be made to the Class Representatives ("Participation Payments") to the Class Representatives.  Payment of the Participation Payments shall be contingent upon Plaintiffs becoming Eligible Settlement Class Members by their valid and timely submission of a Claim Form for the Settlement Payments for which they are eligible.  In the event that the Court ultimately awards less than the amount allotted for Class Counsel fees and class Participation Payments, the remaining amount, if less than $100,000, shall be paid to the *cy pres* Beneficiary.  If the remaining amount is $100,000 or more, such amount shall be distributed to the Eligible Settlement Class Members by the Settlement Administrator by dividing the remaining amount, minus administration costs, by the number of Eligible Settlement Class Members.  The costs associated with the Settlement Administrator's distribution of this remaining amount shall be paid from the remaining amount.

48.    Subject to the approval of the Court, the Settlement Administrator will make settlement payments to the Eligible Settlement Class Members per the allocations described in paragraph 41 above, within thirty (30) days after the Final Effective Date.

**D.    Objections.**

49.    Settlement Class Members who wish to object to this settlement must do so in writing and sign any objection submitted.  Written objections must state the basis for the objection and be mailed to the Settlement Administrator postmarked on or before October 27, 2008, or other date ordered by the Court.  Settlement Class members shall be permitted to withdraw their objections in writing by submitting a withdrawal statement to the Settlement Administrator not later than one (1) business day prior to the Court's final approval hearing, or as otherwise ordered by the Court.  Objections that fail to satisfy these requirements will be waived and will not be considered by the Court.

1    **E.      Opt Outs/Requests for Exclusion.**

2        50.      Any Settlement Class Member who wishes to request exclusion from the Settlement

3    Agreement, *i.e.*, opt out of this settlement, shall notify the Settlement Administrator in writing that he

4    or she wants to be excluded from the settlement.  The writing to the Settlement Administrator must

5    be postmarked on or before October 27, 2008, or by other date ordered by the Court.  Settlement

6    Class Members shall be permitted to rescind their opt-out requests in writing by submitting a

7    rescission statement to the Settlement Administrator not later than one (1) business day prior to the

8    Court's final approval hearing, or as otherwise ordered by the Court.

9    **F.      Release.**

10       51.      It is agreed by and among the Parties that the Class Representatives and the Settlement

11   Class Members will release claims against CBS Radio, subject to the terms and conditions set forth in

12   this Settlement Agreement (including paragraph 82 below) and Court approval of this Settlement

13   Agreement.

14                   **VI.      DUTIES OF SETTLEMENT ADMINISTRATOR**

15       52.      The Parties have agreed to the appointment of Simpluris, Inc. to perform the duties of

16   Settlement Administrator.

17       53.      The services of the Settlement Administrator shall be retained by Class Counsel, who

18   shall assure that the Settlement Administrator shall abide by the terms of the Settlement Agreement.

19   The actions of the Settlement Administrator shall be governed by the terms of the Settlement

20   Agreement.  CBS Radio may provide relevant information needed by the Settlement Administrator

21   per this Settlement Agreement and engage in related communications with the Settlement

22   Administrator upon notice and with copies to Class Counsel, but without notice or copies to any

23   Settlement Class Member or the Court.  Class Counsel may provide relevant information needed by

24   the Settlement Administrator per this Settlement Agreement upon notice and with copies to CBS

25   Radio, but without notice or copies to any Settlement Class Member, or the Court.  CBS Radio may

26   make payments to the Settlement Administrator for its services and engage in related

27   communications with the Settlement Administrator upon notice and with copies to Class Counsel, but

28   without notice or copies to any Settlement Class Member, or the Court.

54.    The Settlement Administrator shall provide Class Counsel with the list of Settlement Class Members ("Settlement Class Member List") as described in paragraph 59 below. Class Counsel agree that this list is to be treated as private and confidential. Class Counsel agree not to use this list for any purpose other than to answer questions from Settlement Class Members about the Action and to assist Settlement Class Members in filing claims and participating in the settlement. Should Class Counsel decide they would like to use the Settlement Class Member List for any other purpose related to this settlement, it shall request permission from counsel for CBS Radio, who will not unreasonably prevent Class Counsel from taking steps they believe are necessary to ensure maximum participation in the settlement by the Settlement Class Members. Following final approval of this settlement by the Court, upon request from counsel for CBS Radio, Class Counsel will provide counsel for CBS Radio with a sworn declaration affirming that they have not used the Settlement Class Member List for any purpose other than those listed herein.

55.    The Settlement Administrator shall be responsible for: (a) preliminarily estimating the amounts of the awards due to the Settlement Class Members, as provided for in this Agreement and communicating those amounts to the Parties' counsel; (b) preparing and mailing Notice of Class Action Settlement and Claim Forms, as provided herein, to the Settlement Class Members, including taking appropriate steps to trace and locate any missing individuals; (c) mailing Reminder Postcards to Settlement Class Members; (d) receiving and independently reviewing and resolving any challenges, and associated documentation, from the Settlement Class regarding the number of weeks worked as a Settlement Class Member during the Class Period; (e) receiving and processing Claim Forms from the Settlement Class Members; (f) receiving and serving upon the Parties' counsel and the Court, written objections and opt out requests and any withdrawals or rescissions thereof; (g) determining the final amounts of awards due to the Eligible Settlement Class Members after all Claim Forms have been filed and after resolution of any challenges, as provided for in this Settlement Agreement and communicating those amounts to the Parties' counsel; (h) depositing the Settlement Fund in an appropriate interest-bearing account; (i) establishing and administering a Qualified Settlement Fund for this account; (j) issuing checks to Eligible Settlement Class Members; (k) establishing a toll-free telephone line and responding to inquiries and requests for assistance from the

1  Settlement Class Members; (l) determining the validity of any late claims, challenges or disputes

2  from Settlement Class Members; (m) making payment from the Reserve Fund on any valid late

3  claims or disputes as provided for in this Agreement; (n) providing declarations to the Parties'

4  counsel and the Court regarding the completion of the tasks identified in this paragraph, as required

5  in this Settlement Agreement; (o) perform all applicable tax reporting for the settlement; and (p)

6  carrying out other related tasks in accordance with the terms of this Settlement Agreement.

7      56.    All disputes relating to the Settlement Administrator's performance of its duties shall

8  be referred to the Court, which, except as otherwise provided herein, shall have continuing

9  jurisdiction over the terms and conditions of this Settlement Agreement. The Parties shall first meet

10  and confer prior to raising any such issue with the Court.

11              **VII.    NOTICE TO THE CLASS MEMBERS**

12      57.    A Notice of Class Action Settlement and Opportunity to Request Exclusion or Object

13  to Settlement ("Notice of Class Action Settlement") in the form attached hereto as Exhibit "A" and

14  approved by the Court shall be sent by the Settlement Administrator to all Settlement Class Members

15  by first class mail on or before August 29, 2008, or other date ordered by the Court. Attached to the

16  Notice of Class Action Settlement will be a Claim Form, in the form attached hereto as Exhibit "B."

17  Enclosed with the Notice of Class Action Settlement and Claim Form will be a postage-paid, pre-

18  printed envelope for Settlement Class Members to use in returning Claim Forms, requests for

19  exclusion, or objections, to the Settlement Administrator. The exterior of the mailing envelope for

20  the Notice of Class Action Settlement and Claim Form will include the following description of the

21  Settlement Administrator as part of the return address: "CBS RADIO ACCOUNT EXECUTIVE

22  CLASS ACTION CLAIMS ADMINISTRATOR." The exterior of the envelope will also include the

23  following notification: "IMPORTANT LEGAL DOCUMENT REGARDING CLASS ACTION

24  SETTLEMENT: Your Prompt Reply is Required."

25      58.    A follow up mailing to address notification of return or incorrect addresses shall be

26  sent by the Settlement Administrator upon receipt by the Settlement Administrator of such returned

27  Notices. A Reminder Postcard in the form attached hereto as Exhibit "C" and approved by the Court

28

1  shall be sent by the Settlement Administrator to all Settlement Class members, by first class mail

2  within forty (40) days of the initial Notice of Settlement Mailing, or other date ordered by the Court.

3      59.     On or before August 1, 2008, CBS Radio shall email to the Settlement Administrator

4  the following information for all Settlement Class Members:  Settlement Class Members' social

5  security numbers, last known addresses and telephone numbers, dates worked (less leaves of

6  absences of more than 2 consecutive weeks), and Actual Reimbursements.  CBS Radio shall provide

7  this information in a Microsoft Excel spreadsheet.  This information is to be treated as private and

8  confidential, and to be used only to carry out the Settlement Administrator's duties as specified in this

9  Agreement.  The Settlement Administrator shall share this Settlement Class information with Class

10  Counsel, except that addresses, telephone numbers, and social security numbers will not be shared

11  with Class Counsel without CBS Radio's written authorization.

12      60.     Prior to mailing the Notice of Class Action Settlement and Claim Form, the Settlement

13  Administrator will update the addresses for the Settlement Class Members using the results of the

14  National Change of Address database prior to mailing class notice.

15      61.     In the event that, subsequent to the first mailing of a Notice of Class Action Settlement

16  and prior to the deadline for response, the Notice of Class Action Settlement is returned to the

17  Settlement Administrator by the United States Postal Service with a forwarding address for the

18  recipient, the Settlement Administrator shall re-mail the Notice of Class Action Settlement to that

19  address, that Notice will be deemed mailed at that point, and the forwarding address shall be deemed

20  the updated address for that Settlement Class Member.  In the event that, subsequent to the first

21  mailing of a Notice of Class Action Settlement, and at least fourteen (14) days prior to the Notice of

22  Class Action Settlement Response Deadline, that Notice of Class Action Settlement is returned to the

23  Settlement Administrator by the United States Postal Service because the address of the recipient is

24  no longer valid, the Settlement Administrator shall perform a standard skip trace in an effort to

25  attempt to ascertain the current address of the Settlement Class Member, and, if such an address is

26  ascertained, the Settlement Administrator will re-send the Notice of Class Action Settlement within

27  (5) days of receiving such information.  If no updated address is obtained for that Settlement Class

28  Member, the Notice of Class Action Settlement shall be sent again to the last known address.

62.    Class Counsel shall provide the Court, at least five (5) days prior to the final approval and fairness hearing or as otherwise ordered by the Court, with a declaration by the Settlement Administrator of due diligence and proof of mailing of the Notice of Class Action Settlement and Claim Form.

63.    Class Counsel shall have the right to take appropriate steps to locate and assist Settlement Class Members during the notice and distribution process subject to the confidentiality provisions set forth below.

## VIII. <u>COMPUTATION OF SETTLEMENT SHARES AND DISTRIBUTION OF NET SETTLEMENT FUND</u>

64.    Each Claim Form mailed to the Settlement Class will identify the number of compensable weeks, calculated as specified in paragraph 41 above, that CBS Radio's records indicate the individual worked as a Settlement Class Member during the Class Period in California, the Actual Reimbursements that CBS Radio's records indicate the individual was paid for the period of January 1, 2004 through June 30, 2008, and will provide a preliminary estimate of each Settlement Class Member's pro rata share of the Net Settlement Fund.  Such estimated amounts are subject to adjustment based on the results of the claims process, objection and requests for exclusion, and challenge process provided for in paragraph 66 - 71, and the Claim Form instructions shall so state. The Claim Form will also require that any Settlement Class Member returning the form must state, under penalty of perjury, that he/she in fact necessarily and reasonably incurred business expenses for which he/she was not reimbursed.

65.    Settlement Class Members must timely submit a completed and valid Claim Form to participate in the Settlement as Eligible Settlement Class Members.  No Claim Form will be honored unless <u>postmarked</u> or faxed on or before October 27, 2008, or other date ordered by the Court. Additional time may be provided to Settlement Class Members for good cause, but only if such additional time allows the Settlement Administrator to comply with paragraph 41 of this Settlement Agreement; otherwise, the Claim Form is untimely and the Settlement Class Member will be deemed to have waived irrevocably any right in or claim to a settlement share, but the Settlement Agreement nevertheless will be binding upon them (unless she/he submits a timely request for exclusion).

66.     The Eligible Settlement Class Members will have the right to challenge only the number of weeks worked and/or the Actual Reimbursements as shown on the Claim Form by mailing the original Claim Form directly to the Settlement Administrator at the address indicated on the Claim Form with evidence to substantiate the challenge. No Claim Form challenging the number of weeks worked and/or the Actual Individual Reimbursements will be honored unless postmarked or faxed on or before October 27, 2008, or other date ordered by the Court. Additional time may be provided to Settlement Class Members for good cause, but only if such additional time allows the Settlement Administrator to comply with paragraph 41; otherwise, the challenge is untimely and the Settlement Class Member shall be paid according to the original Claim Form.

67.     The Settlement Administrator will certify jointly to Class Counsel and counsel for CBS Radio any challenges that were timely filed, and the outcomes thereof.

68.     Challenges will be resolved without hearing by the Settlement Administrator, who will make a decision based on CBS Radio's records and evidence or documentation presented by the claimant. The Settlement Administrator's determination is final, subject to Court approval.

69.     The Settlement Administrator shall (a) date stamp all original requests for exclusion and objection statements that it receives; (b) serve copies on the Parties' counsel no later than five (5) business days after receipt, or immediately upon receipt if received within five (5) business days of the Court's final approval hearing; and (c) file the date-stamped originals with the Clerk of the Court no later than five (5) business days prior to the date of the Court's final approval hearing or immediately if received less than five (5) business days prior to the date of the Court's final approval hearing.

70.     The Settlement Administrator shall also (a) serve copies of all requests for exclusion and objection statements on the Parties' counsel no later than five (5) business days after receipt, or immediately if received within five (5) business days of the Court's final approval hearing; and (b) file the date-stamped originals of all requests for exclusion and objection statements with the Clerk of the Court no later than five (5) business days prior to the date of the Court's final approval hearing or immediately if received less than five (5) business days prior to the date of the Court's final approval hearing.

71.     Following the determination of timely claims filed, timely requests for exclusion submitted, and the resolution of all timely challenges to the Claim Forms, but in no event later than twenty (20) days after the Final Effective Date, the Settlement Administrator shall make the final calculation of payments from the Net Settlement Fund to be distributed to Eligible Settlement Class Members considering the documentation provided by CBS Radio, Claim Forms filed, any written challenges, and any requests for exclusion not rescinded. The Settlement Administrator shall compute Eligible Settlement Class Members' shares in the manner specified in paragraph 41 above. Any and all estimated settlement awards that would have been paid to Settlement Class Members who do not file a timely claim or who file timely requests for exclusion will not be credited back to CBS Radio or in any way revert back to CBS Radio. These unclaimed funds will be reallocated to Eligible Settlement Class Members in proportion with each such Eligible Settlement Class Member's pro rata share of the Net Settlement Fund, as specified in paragraph 41 above. The Claims Administrator will conduct this accounting for the redistribution of unclaimed Settlement Class Member payments, adding the proportionate amounts to each Eligible Settlement Class Member's payment before completing the final calculation of payments. In no event will any portion of the Settlement Fund revert to CBS Radio in any manner.

72.     Upon completion of its calculation of payments, and at least five (5) days prior to distribution of payments to Eligible Settlement Class Members, the Settlement Administrator shall provide the Parties' Counsel with a report listing the amount of all payments to be made to Eligible Settlement Class Members from the Net Settlement Fund.

73.     The Settlement Administrator is responsible for preparing and mailing the checks and IRS 1099 Forms as required by this Settlement Agreement to Eligible Settlement Class Members, and for filing all necessary tax reports and returns, except those which are the responsibility under law of CBS Radio, as to which forms and returns, the Settlement Administrator shall provide CBS Radio with the necessary information in its possession. The Settlement Administrator shall provide a declaration of payment, certifying the payments made, the date(s) and manner of sending payments, which will be filed with the Court and served on counsel for the Parties, within thirty (30) days of making the payments as required in this Settlement Agreement.

74. Eligible Settlement Class Members shall have ninety (90) calendar days after mailing by the Settlement Administrator to cash their settlement checks. Checks that are not cashed within ninety (90) days will be void and a stop payment will be placed on the checks. Those Eligible Settlement Class Members who fail to timely cash their checks will be deemed to have waived irrevocably any right in or claim to a settlement share, but the Settlement Agreement nevertheless will be binding upon them. By virtue of Court approval of this Settlement Agreement, its terms shall control over any principles of escheat or provisions of unclaimed property law.

75. Should there remain any residual from the Net Settlement Fund after all payments are made under this Settlement Agreement (for example, if any settlement checks are not cashed within ninety (90) calendar days after mailing), after nine (9) months from the Effective Settlement Date, the Parties will meet and confer regarding *cy pres* distribution of such residual amount. CBS Radio shall designate a *cy pres* beneficiary, which shall be subject to approval by Plaintiffs and Plaintiffs counsel. Upon agreement on a *cy pres* beneficiary, the Parties will jointly submit the agreed upon *cy pres* beneficiary to the Court for approval. Any costs associated with administering the residual amount (*e.g.*, bank stop payment charges, tax reporting and accounting) will be deducted from the residual amount before the *cy pres* distribution.

76. Within one (1) month after the Court has approved the *cy pres* beneficiary submitted by the Parties, and notice of such approval has been given to the Settlement Administrator, the Settlement Administrator shall pay over any residual amount including any residue in the Reserve Fund to the Court-approved *cy pres* beneficiary, or as otherwise ordered by the Court. The Settlement Administrator shall provide a declaration of *cy pres* distribution, which will be filed with the Court and served on Class Counsel and counsel for CBS Radio, within ten (10) days of payment of the residual.

77. The Settlement Administrator shall cause to be timely and properly filed all informational and other tax returns, if any, necessary with respect to the Net Settlement Fund and Reserve Fund. Such returns shall be consistent with this paragraph. If any taxable income is generated by the Net Settlement Fund and/or Reserve Fund, in all events the tax returns filed shall reflect that all taxes payable on the taxable income of these funds, if any, shall be paid from the Net

1  Settlement Fund and/or Reserve Fund. Any expenses consisting of the expenses and costs incurred in

2  connection with the operation and implementation of this paragraph (including, without limitation,

3  reasonable expenses of tax attorneys, accountants or other designees retained by the Settlement

4  Administrator as required for the preparation and filing of tax returns described in this paragraph)

5  shall be treated as, and considered to be, Administration Costs and paid from the Reserve Fund.

6  ## IX. ADJUSTMENT TO SETTLEMENT FUND IN THE EVENT OF UNDERREPORTING

7  ## OF WORKWEEKS

8      78.    CBS Radio has verified that class members worked less than 80,000 workweeks

9  during the Class Period. If subsequent information shows that the actual number of class workweeks

10  is more than 84,000 workweeks, Plaintiffs may exercise their option to void this settlement by giving

11  notice, in writing, to counsel for CBS Radio and the Court at any time prior to three (3) business days

12  before the final approval hearing.

13  ## X. RELEASE BY THE CLASS

14      79.    As of the Final Effective Date, the Eligible Settlement Class Members, including the

15  Class Representatives, regardless of whether they submitted claims or received payments from the

16  Net Settlement Fund, release CBS Radio and past or present officers, directors, shareholders,

17  employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and

18  reinsurers, and its and their respective successors and predecessors in interest, subsidiaries, divisions,

19  stations, affiliates, parents, insurers, joint ventures, assigns, and attorneys and each of their employee

20  benefit plans, and all of their respective officers, directors, employees, administrators, fiduciaries,

21  trustees and agents (the "Released Parties"), from the "Released Claims." For purposes of this

22  Agreement, the "Released Claims" are defined as: all claims, debts, demands, rights, liabilities,

23  obligations, guarantees, costs, expenses, attorneys' fees, damages, liquidated damages, interest,

24  action, and/or causes of action of every nature and description whatsoever, known or unknown,

25  asserted or that might have been asserted, whether in tort, contract, or for violation of any state or

26  federal constitution, statute, rule or regulation, including state wage and hour laws, whether for

27  economic damages, non-economic damages, restitution, penalties or liquidated damages, alleged in,

28  arising out of, relating to, or in connection with the First Amended Complaint filed in this Action and

1  which arose or accrued at any time during the period from May 3, 2003 through June 30, 2008.  Such

2  Released Claims shall include any and all facts, transactions, events, policies, occurrences, acts,

3  disclosures, statements, omissions or failures to act, during the Class Period, which are or could be

4  the basis of claims that CBS Radio failed to reimburse Settlement Class Members for business-

5  related expenses that they necessarily incurred, and all claims for penalties based upon CBS Radio's

6  alleged failure to reimburse Settlement Class Members for business-related expenses that they

7  necessarily incurred during their employment; and/or that CBS Radio owes unreimbursed expenses,

8  penalties pursuant to California Labor Code section 2699 *et seq.*, interest, attorneys' fees, or other

9  damages of any kind based on a failure to reimburse Settlement Class Members for business-related

10  expenses that they necessarily incurred during their employment.  Such Released Claims shall also

11  include any and all claims for waiting time penalties and payment under California Labor Code

12  Sections 201, 202, or 203; and/or the causes of action asserted in the Action, including any and all

13  claims for alleged failure to reimburse Settlement Class Members for business-related expenses that

14  they necessarily incurred during their employment, claims for alleged unlawful, unfair and/or

15  fraudulent business practices under California Business and Professions Code § 17200, *et seq.* based

16  on CBS Radio's alleged failure to reimburse Settlement Class Members for business-related expenses

17  that they necessarily incurred during their employment

18      80.    The Eligible Settlement Class Members agree not to sue or otherwise make a claim

19  against any of the Released Parties that is in any way related to the Released Claims.

20  ## XI. GENERAL RELEASE BY NAMED PLAINTIFFS

21      81.    In addition to the release made by the Eligible Settlement Class Members set forth in

22  Paragraph 79 above, the Class Representatives, as of the Final Effective Date, make the additional

23  following general release of all claims, known or unknown: the Class Representatives release the

24  Released Parties from all claims, demands, rights, liabilities and causes of action of every nature and

25  description whatsoever, known or unknown, asserted or that might have been asserted, whether in

26  tort, contract, or for violation of any state of federal statute, rule or regulation arising out of, relating

27  to, or in connection with any act or omission by or on the part of any of the Released Parties

28  committed or omitted prior to the execution hereof with the sole exception of any claims which

1  cannot be released as a matter of law. (The release set forth in this Paragraph 81 shall be referred to

2  hereinafter as the "General Release").

3       The General Release includes any unknown claims that the Class Representatives do not

4  know or suspect to exist in their favor at the time of the General Release, which, if known by them,

5  might have affected their settlement with, and release of, the Released Parties by the Class

6  Representatives or might have affected their decision not to object to this Settlement or the General

7  Release.

8       With respect to the General Release, the Class Representatives stipulate and agree that, upon

9  the Final Effective Date, Plaintiffs Saidel and Jackson shall be deemed to have, and by operation of

10  the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by

11  law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other

12  similar provision under federal or state law, which provides:

13
14  **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**
15

16  **XII.   SCHEDULE FOR EXECUTION OF SETTLEMENT**

17      82.   The preliminary schedule for execution of this settlement is as follows:

18          a.   Class Counsel shall file their Motion for Preliminary Approval of Settlement

19  with the Court on or before July 11, 2008;

20          b.   Class Counsel shall seek to obtain a hearing on their Motion for Preliminary

21  Approval before the Court on or before August 15, 2008;

22          c.   CBS Radio shall provide the social security numbers, additional and updated

23  addresses and telephone numbers, dates of employment of Settlement Class Members, and associated

24  Actual Reimbursements for individual Settlement Class Members to the Settlement Administrator,

25  and to Class Counsel per the restrictions in paragraphs 53 and 54, above, in order to permit

26  compilation of the most accurate and complete list of Settlement Class Member contact addresses and

27  to calculate each Settlement Class Member's estimated pro rata share of the Net Settlement Fund, by

28

1   August 1, 2008.  However, CBS Radio shall not disclose the social security numbers of the

2   Settlement Class Members, or any portion thereof, to Class Counsel;

3           d.      The Settlement Administrator shall mail the Notice of Class Action Settlement

4   and the Claim Form by first class mail, within fourteen (14) days of the Court's ruling on Plaintiffs'

5   Motion for Preliminary Approval, to all persons who worked as Account Executives in California

6   during the Class Period according to CBS Radio records.

7           e.      The Settlement Administrator will send a follow up mailing to individuals

8   whose Notice of Class Action Settlement/Claim Form package was returned as undeliverable, using

9   addresses obtained through standard tracing methods deemed appropriate and sufficient by the

10  Settlement Administrator.

11          f.      The Settlement Administrator will send a follow-up Reminder Postcard to all

12  Settlement Class Members who have not responded with the return of a Claim Form, objection, or a

13  request for exclusion, within forty (40) days of the initial mailing to the Settlement Class, to remind

14  them of the deadline to file a Claim Form;

15          g.      The last day on which timely written requests for exclusion or to object to the

16  Settlement may be postmarked is October 27, 2008;

17          h.      The last day on which timely written requests to submit a dispute regarding the

18  information contained on the Claim Form may be postmarked or faxed is October 27, 2008;

19          i.      Class Counsel shall file their Motion for Final Approval of Settlement with the

20  Court on or before October 30, 2008;

21          j.      Class Counsel shall seek to obtain a hearing on their Motion for Final

22  Approval of Settlement on or before December 5, 2008;

23          k.      CBS Radio shall make payments to Class Counsel and Participation Payments

24  to Class Representatives within fourteen (14) days of the Settlement Effective Date.  If no objections

25  to any aspect of the settlement have been timely filed, Class Counsel shall so represent in writing to

26  CBS Radio on the fourteenth (14th) day from the Settlement Effective Date.  However, if any

27  objections to any aspect of the settlement are timely filed, CBS Radio shall not make payments to

28  Class Counsel and Participation Payments to Class Representatives until the Final Effective Date.

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

1        l.     CBS Radio shall transmit the Net Settlement Fund to the Settlement

2  Administrator on the Final Effective Date, unless it earlier provided the Net Settlement Fund to the

3  Settlement Administrator pursuant to paragraph 46.

4        m.    The Administrator shall make, prepare and send Settlement checks to Eligible

5  Settlement Class Members within thirty (30) days after the Final Effective Date.

### XIII.  DUTIES OF THE PARTIES PRIOR TO FINAL COURT APPROVAL

7      83.    The Parties shall promptly submit this Settlement Agreement to the Court together

8  with Plaintiffs' Motion for Preliminary Approval of Settlement and Certification of Settlement Class.

9  That motion shall seek entry of a preliminary order which includes the following procedures and

10  steps: scheduling a fairness hearing on the question of whether the proposed settlement should be

11  finally approved as fair, reasonable and adequate as to the members of the Settlement Class;

12  approving as to form and content the proposed Notice of Class Action Settlement providing

13  Settlement Class Members information about the settlement terms, their right to opt out or object to

14  the settlement, and notice of the final approval hearing; approving as to form and content the

15  proposed Claim Form and instructions; approving as to form and content the proposed Reminder

16  Postcard; directing the mailing of the Notice of Class Action Settlement, Claim Form, Reminder

17  Postcard and instructions by first class mail to all persons who according to  records worked as

18  Account Executives; preliminarily approving the Settlement Agreement; preliminarily certifying the

19  Settlement Class and appointing the Class Representatives and Class Counsel as representatives of

20  the Settlement Class for purposes of settlement; preliminarily approving the appointment and

21  compensation of Simpluris, Inc. as Settlement Administrator to perform the settlement administration

22  services required under this Settlement Agreement; preliminarily approving the application for

23  payment of reasonable attorneys' fees and litigation costs to Class Counsel; and preliminarily

24  approving the Participation Payments to the Class Representatives.

25      84.    Following the submission of the Motion for Preliminary Approval and up to the final

26  approval hearing, the Parties shall cooperate with the Settlement Administrator and each other to

27  expedite and facilitate the giving of notice to Settlement Class Members, fair and impartial responses

28  to Settlement Class Members' inquiries or questions, receipt and review of objections, opt-outs, or

1  other responses by Settlement Class Members to the Notice of Class Action Settlement, and the

2  presentation to the Court of all information necessary and sufficient for its consideration of final

3  approval of the Settlement Agreement.

4  **XIV.  DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL**

5        85.    Class Counsel will submit a proposed final order and judgment at or expeditiously

6  after the final approval hearing, to include: approving the settlement; adjudging the terms thereof to

7  be fair, reasonable and adequate; directing consummation of the Settlement Agreement's terms and

8  provisions; approving Class Counsel's application for an award of attorneys' fees and reimbursement

9  of costs; and dismissing the First Amended Complaint on the merits and with prejudice conditioned

10  upon satisfaction of all payments and obligations hereunder.

11  **XV.  VOIDING THE SETTLEMENT AGREEMENT**

12        86.    In the event that five percent (5%) or more of the Settlement Class elect to opt out of

13  the settlement and do not timely rescind their opt out requests, as described above, CBS Radio, at its

14  sole and absolute discretion, may void this Settlement Agreement.  CBS Radio may exercise its

15  option to void this settlement by giving notice, in writing, to Class Counsel and the Court at any time

16  prior to three (3) business days before the final approval hearing.

17  **XVI.  NO ADMISSION OF LIABILITY OR WAIVER**

18        87.    Nothing contained herein, nor the consummation of this Settlement Agreement, is to

19  be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part

20  of CBS Radio.  Each of the Parties hereto has entered into this Settlement Agreement with the

21  intention to avoid further disputes and litigation with the attendant inconvenience, uncertainty and

22  expenses.  By entering into this Settlement Agreement, CBS Radio does not intend to, and does not,

23  waive its right to enforce the provisions of any other agreements it has entered into with any

24  individual Settlement Class Member.

25  **XVII.  NO ADMISSION IN EVIDENCE**

26        88.    This Settlement Agreement is a settlement document and shall, pursuant to Rule 408

27  of the Federal Rules of Evidence, be inadmissible in evidence in any proceeding except an action or

28  proceeding to approve, interpret, or enforce this Settlement Agreement.

## XVIII.    MUTUAL FULL COOPERATION

89.    The Parties agree to cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of CBS Radio and its counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement.

## XIX.    MISCELLANEOUS PROVISIONS

**A.    Notices**

90.    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Class Counsel:
Aaron Kaufmann
HINTON, ALFERT & SUMNER
1646 N. California Blvd., Suite 600
Walnut Creek, CA 94596

To CBS Radio Account Executive
Class Action Claims Administrator:
Simpluris, Inc.
Class Action Settlement
Administration Services
3176 Pullman Street, Suite 123
Costa Mesa, CA 92626

To CBS Radio Inc.:
Rebecca Eisen
MORGAN LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126

**B.    Captions and Interpretations**

91.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement

1  Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not

2  merely a recital.

3  **C.    Construction of Agreement**

4      92.    The Parties hereto agree that the terms and conditions of this Settlement Agreement

5  are the result of lengthy, intensive, arms-length negotiations between the Parties supervised by an

6  experienced employment law mediator and that this Settlement Agreement shall not be construed in

7  favor of or against any Party by reason of the extent to which any Party or his, her or its counsel

8  participated in the drafting of this Settlement Agreement.

9  **D.    Modification and Discharge of Agreement**

10     93.    This Settlement Agreement may not be changed, altered, or modified, except in a

11  writing signed by the Parties hereto, and approved by the Court. This Settlement Agreement may not

12  be discharged except by performance in accordance with its terms or by a writing signed by the

13  Parties hereto.

14  **E.    Complete Agreement**

15     94.    This Settlement Agreement contains the entire agreement between the Parties relating

16  to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements,

17  understandings, representations, and statements, whether oral or written and whether by a Party or

18  such Party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

19  **F.    No Prior Assignments**

20     95.    This Settlement Agreement shall be binding upon and inure to the benefit of the

21  Parties hereto and their respective heirs, trustees, executors, administrators and successors. The

22  Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned,

23  transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any

24  portion of any liability, claim, demand, action, cause of action or rights herein released and

25  discharged except as set forth herein.

26  **G.    Governing Laws**

27     96.    The Settlement Agreement shall be governed by the laws of the State of California

28  without regard to that state's conflict of laws provisions.

**H.     Conflict Resolution**

97.     Any and all disputes related to the Parties' performance of the acts, terms or conditions related to this Agreement prior to final approval shall be resolved through binding arbitration. The arbitration is to be administered by Magistrate Judge Joseph C. Spero and in accordance with the rules in place on the Effective Date. The Parties agree that Magistrate Judge Joseph C. Spero shall be the sole arbitrator of any such disputes. If Magistrate Judge Spero is not available, then the Parties shall attempt to select a replacement arbitrator. If the Parties cannot agree on a replacement arbitrator, one arbitrator shall be appointed by Magistrate Judge Spero and he/she shall be the sole arbitrator of any disputes.

**I.     Return of Confidential Documents, Materials and Information**

98.     Upon request by either Party, all documents, deposition transcripts, materials, information and any Settlement Class Member Lists produced or provided during the course of the litigation, mediation or settlement shall be returned to the producing Party, including but not limited to any and all copies, however maintained (*i.e.*, paper, electronic medium). The Party requesting the return of such materials shall provide a written description of these documents, materials or other information to be returned and the Party receiving such request, including its counsel, shall comply within fourteen (14) calendar days of having received the request.

**J.     Class Counsel May Sign For Class**

99.     It is agreed that, because the members of the Settlement Class are so numerous, it is impossible or impractical to have each member of the Settlement Class execute this Settlement Agreement. The Notice of Class Action Settlement, Exhibit "A" hereto, will advise all Settlement Class members of the binding nature of the release contained in this Settlement Agreement and shall have the same force and effect as if this Settlement Agreement were executed by each Settlement Class Member.

**K.     Counterparts**

100.     This Settlement Agreement may be executed in counterparts with signatures transmitted by facsimile. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed

1   counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as

2   to all Parties.  A facsimile signature shall have the same force and effect as the original signature, if

3   and only if it is transmitted from counsel for one Party to the other.  Such transmissions shall be

4   interpreted as verification by the transmitting counsel that the signature is genuine and that the Party

5   signing has authorized and reviewed this Settlement Agreement.

6   DATED: July __, 2008.

7                                                    By _____

8                                                    TERRY SAIDEL
                                                     Class Representative

9   DATED: July ___, 2008.

10                                                   By _____

11                                                   CAMILLE JACKSON
                                                     Class Representative

12  DATED: July ___, 2008.              HINTON, ALFERT & SUMNER

13

14                                                   By _____

15                                                   AARON KAUFMANN
                                                     Attorneys for Plaintiffs Terry Saidel
                                                     and Camille Jackson

16  DATED: July ___, 2008.              GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
                                        DARDARIAN

17

18                                                   By _____

19                                                   MORRIS J. BALLER
                                                     Attorneys for Plaintiffs Terry Saidel
                                                     and Camille Jackson

20

21

22

23  DATED: July ___, 2008.              COHELAN & KHOURY

24                                                   By _____

25                                                   MICHAEL D. SINGER
                                                     Attorneys for Plaintiffs Terry Saidel
                                                     and Camille Jackson

26

27

28

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

1  counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as

2  to all Parties.  A facsimile signature shall have the same force and effect as the original signature, if

3  and only if it is transmitted from counsel for one Party to the other.  Such transmissions shall be

4  interpreted as verification by the transmitting counsel that the signature is genuine and that the Party

5  signing has authorized and reviewed this Settlement Agreement.

6  DATED: July__, 2008.

7                      By _____

8                           TERRY SAIDEL
                         Class Representative

9  DATED: July__, 2008.

10                     By _____

11                          CAMILLE JACKSON
                         Class Representative

12 DATED: July__, 2008.             HINTON, ALFERT & SUMNER

13

14                     By _____

                         AARON KAUFMANN
15                          Attorneys for Plaintiffs Terry Saidel
                         and Camille Jackson

16 DATED: July__, 2008.             GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
                         DARDARIAN

17

18                     By _____

                         MORRIS J. BALLER
19                          Attorneys for Plaintiffs Terry Saidel
                         and Camille Jackson

20

21

22 DATED: July__, 2008.             COHELAN & KHOURY

23

24                     By _____

25                          MICHAEL D. SINGER
                         Attorneys for Plaintiffs Terry Saidel
                         and Camille Jackson

26

27

28

1  counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as

2  to all Parties.  A facsimile signature shall have the same force and effect as the original signature, if

3  and only if it is transmitted from counsel for one Party to the other.  Such transmissions shall be

4  interpreted as verification by the transmitting counsel that the signature is genuine and that the Party

5  signing has authorized and reviewed this Settlement Agreement.

6  DATED: July___, 2008.

7                                              By _____
                                                  TERRY SAIDEL
8                                                 Class Representative

9  DATED: July___, 2008.

10                                             By _____
                                                  CAMILLE JACKSON
11                                                Class Representative

12  DATED: July _10_, 2008.        HINTON, ALBERT & SUMNER

13                                             By _____
                                                  AARON KAUFMANN
14                                                Attorneys for Plaintiffs Terry Saidel
                                                  and Camille Jackson
15

16  DATED: July___, 2008.        GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
                                                DARDARIAN
17

18                                             By _____
                                                  MORRIS J. BALLER
19                                                Attorneys for Plaintiffs Terry Saidel
                                                  and Camille Jackson
20

21

22

23  DATED: July___, 2008.        COHELAN & KHOURY

24                                             By _____
                                                  MICHAEL D. SINGER
25                                                Attorneys for Plaintiffs Terry Saidel
                                                  and Camille Jackson
26

27

28

1  counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as

2  to all Parties.  A facsimile signature shall have the same force and effect as the original signature, if

3  and only if it is transmitted from counsel for one Party to the other.  Such transmissions shall be

4  interpreted as verification by the transmitting counsel that the signature is genuine and that the Party

5  signing has authorized and reviewed this Settlement Agreement.

6  DATED: July___, 2008.

7                                        By _____

8                                        TERRY SAIDEL
                                         Class Representative

9  DATED: July___, 2008.

10                                       By _____

11                                       CAMILLE JACKSON
                                         Class Representative

12  DATED: July___, 2008.            HINTON, ALFERT & SUMNER

13

14                                       By _____

14                                       AARON KAUFMANN
                                         Attorneys for Plaintiffs Terry Saidel
15                                       and Camille Jackson

16  DATED: July 11, 2008.            GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
                                     DARDARIAN

17

18                                       By _____

18                                       MORRIS J. BALLER
                                         Attorneys for Plaintiffs Terry Saidel
19                                       and Camille Jackson

20

21

22  DATED: July___, 2008.            COHELAN & KHOURY

23

24                                       By _____

24                                       MICHAEL D. SINGER
                                         Attorneys for Plaintiffs Terry Saidel
25                                       and Camille Jackson

26

27

28

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

1   counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as

2   to all Parties.  A facsimile signature shall have the same force and effect as the original signature, if

3   and only if it is transmitted from counsel for one Party to the other.  Such transmissions shall be

4   interpreted as verification by the transmitting counsel that the signature is genuine and that the Party

5   signing has authorized and reviewed this Settlement Agreement.

6   DATED: July___, 2008.

7                                              By _____
                                                  TERRY SAIDEL
8                                                 Class Representative

9   DATED: July___, 2008.

10                                             By _____
                                                  CAMILLE JACKSON
11                                                Class Representative

12  DATED: July___, 2008.          HINTON, ALFERT & SUMNER

13
                                               By _____
14                                                AARON KAUFMANN
                                                  Attorneys for Plaintiffs Terry Saidel
15                                                and Camille Jackson

16  DATED: July___, 2008.          GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
                                   DARDARIAN
17
                                               By _____
18                                                MORRIS J. BALLER
                                                  Attorneys for Plaintiffs Terry Saidel
19                                                and Camille Jackson

20

21

22  DATED: July_11_, 2008.         COHELAN & KHOURY
23
                                               By _____
24                                                MICHAEL D. SINGER
                                                  Attorneys for Plaintiffs Terry Saidel
25                                                and Camille Jackson

26

27

28

                                        29

1   DATED: July 15th 2008.                MORGAN LEWIS & BOCKIUS

2

3                                         By _____
                                             REBECCA EISEN
4                                            Attorneys for Defendant
                                             CBS Radio Inc.
5
    DATED: July 15 2008.                  CBS Radio Inc.
6

7                                         By _____
                                             Stephen A. Hildebrandt
8                                            Vice President and Assistant Secretary,
                                             CBS Radio Inc.
9

10

11

12  DB2/20749495.9

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28