1  AARON KAUFMANN, CA Bar No. 148580
   DAVID P. POGREL, CA Bar No. 203787
2  HINTON, ALFERT & SUMNER
   1646 N. California Blvd., Suite 600
3  Walnut Creek, CA 94596
   (925) 932-6006
4  (925) 932-3412 (fax)
   Kaufmann@hinton-law.com
5
   MORRIS J. BALLER, CA Bar No. 048928
6  GOLDSTEIN, DEMCHAK, BALLER,
   BORGEN & DARDARIAN
7  300 Lakeside Drive, Suite 1000
   Oakland, CA 94612
8  (510) 763-9800
   (510) 835-1417 (fax)
9  mballer@gdblegal.com

10 MICHAEL SINGER, CA Bar No. 115301
   DIANA M. KHOURY, CA Bar No. 128643
11 CHRISTOPHER OLSEN, CA Bar No. 236928
   COHELAN & KHOURY
12 605 "C" Street, Suite 200
   San Diego, CA 82101
13 (619) 595-3001
   (619) 595-3000 (fax )
14 msinger@ck-lawFirm.com

15 Attorneys for Plaintiffs and the Putative Class

16                UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18 TERRY SAIDEL and CAMILLE JACKSON,    ) Case No.: CV 07-02948-SC
   individually and on behalf of all others similarly )
19 situated,                             ) CLASS ACTION
                                         )
20         Plaintiffs,                   ) [AMENDED PROPOSED]
                                         )
21 vs.                                   ) ORDER FOR PRELIMINARY APPROVAL
                                         ) OF CLASS ACTION SETTLEMENT,
22 CBS RADIO, INC., a Delaware corporation and ) CONDITIONAL CERTIFICATION AS A
   DOES 1 through 10, inclusive,         ) CLASS ACTION, SETTING OF A
23                                       ) FAIRNESS DETERMINATION HEARING
           Defendants.                   ) AND APPROVAL OF NOTICE TO CLASS
24                                       )
                                         ) Date:        August 15, 2008
25                                       ) Time:        10:00 a.m.
                                         ) Courtroom:   One
26                                       )              Hon. Samuel L. Conti
                                         ) Complaint Filed: May 3, 2007
27                                       ) Trial Date:  None set

28
   ──────────────────────────────────────────────
   ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL
   CERTIFICATION AS A CLASS ACTION, SETTING OF A FAIRNESS DETERMINATION HEARING
   AND APPROVAL OF NOTICE TO CLASS- CASE NO.: CV 07-02948-SC

1 | This matter came on for hearing on August 15, 2008, at 10:00 a.m. in Courtroom 1 of the above-captioned court on the Plaintiffs' Motion for an Order of Preliminary Approval of Proposed Class Action Settlement, Conditional Class Certification, Approval of the Class Notice, and Setting of the Final Fairness Hearing.

The Court has fully reviewed the Motion for Preliminary Approval of Class Action Settlement, the supporting Points and Authorities, Declaration of Michael D. Singer and the attached Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement"), the Notice of Class Action Settlement, Claim Form, and the [Proposed] Order Granting Preliminary Approval.

It is the Court's duty to make a preliminary determination as to the certification of the action as a Class Action and the appointment of representatives of the Settlement Class for settlement purposes, and to make a preliminary determination of the reasonableness of any proposed Class Action settlement, and, if the Court makes the preliminary determinations to certify the case as a Class Action, to appoint representatives of the Class, and to find the proposed Settlement reasonable, to ensure proper notice is provided to Class Members in accordance with FRCP 23(e) and due process requirements. Should the Court grant preliminary approval and order notice to Class Members, it is to conduct a Final Approval hearing as to the final certification of the Class Action and appointment of representatives of the Class, and as to the good faith, fairness, adequacy and reasonableness of any proposed settlement after Notice has been sent and Class Members have been afforded an opportunity to exclude themselves from the class action or to object to the settlement.

In recognition of these duties, THE COURT HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS:

1. The Court finds on a preliminary basis that this case may and should be certified as a Class Action pursuant to Rule 23(b)(3), Federal Rules of Civil Procedure; that the Class herein is defined as, and shall include, "All CURRENT and FORMER EMPLOYEES of CBS RADIO INC., (referred to herein as "CBS Radio"), who were employed as ACCOUNT EXECUTIVES in the State of California at any time from May 3, 2003 through June 30, 2008"; that Plaintiffs Terry Saidel and Camille Jackson may and should be appointed as representatives of the Settlement Class, and their

2

ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL
CERTIFICATION AS A CLASS ACTION, SETTING OF A FAIRNESS DETERMINATION HEARING
AND APPROVAL OF NOTICE TO CLASS- CASE NO.: CV 07-02948-SC

counsel, the firms of Hinton, Alfert & Sumner; Goldstein, Demchak, Baller, Borgen & Dardarian; and Cohelan & Khoury, may and should be appointed as attorneys for the Settlement Class.

ACCORDINGLY, FOR GOOD CAUSE APPEARING, SUCH CERTIFICATION AND APPOINTMENTS ARE CONDITIONALLY MADE FOR PURPOSES OF PRELIMINARY APPROVAL.

2. The Court finds on a preliminary basis that the Settlement Agreement, and its exhibits, incorporated in full by this reference and made a part of this Order of Preliminary Approval, appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court pursuant to Rule 23(e). The Court notes that Defendant CBS RADIO, INC. has agreed to pay a non-reversionary cash settlement of $4,950,000 to Plaintiffs and the Class Members in full satisfaction of claims made in this case as more specifically described in the Settlement Agreement;

It further appears to the Court on a preliminary basis that the settlement is fair and reasonable to Class Members when balanced against the uncertainties of further litigation relating to class certification, liability and damages issues and potential appeals; it further appears that significant formal and informal discovery, as well as investigation and research have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions; it further appears that settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation; further, it appears the proposed Settlement has been reached as the result of intensive, serious and non-collusive negotiations between the Parties including two days of mediation before a neutral;

ACCORDINGLY, FOR GOOD CAUSE APPEARING, THE MOTION FOR ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT IS HEREBY **GRANTED**; AND AS A PART OF SAID PRELIMINARY APPROVAL, THE COURT HEREBY ACCEPTS AND INCORPORATES THE PARTIES' SETTLEMENT AGREEMENT AND ORDERS THAT THE CLASS BE CONDITIONALLY CERTIFIED FOR SETTLEMENT PURPOSES ONLY PURSUANT TO THE TERMS AND CONDITIONS CONTAINED IN SAID SETTLEMENT AGREEMENT.

3. The Court finds that the Notice of Class Action Settlement ("Notice") and accompanying Claim Form advise Class Members of the pendency of the Class Action, the proposed

settlement, the preliminary Court approval of the proposed Settlement, the conditional certification of the Class for settlement purposes only, and of the claim submission timing and procedures, opt-out timing and procedures and of the Final Approval Hearing, and the right of Class Members to file documentation in support or in opposition and to appear in connection with said hearing, and fairly and adequately advise Class Members of the terms of the proposed Settlement and the benefits available to Class Members thereunder. The Court further finds that said Notice clearly comports with all requirements of Rule 23(e) and all constitutional requirements including those of due process.

ACCORDINGLY, FOR GOOD CAUSE APPEARING, THE COURT HEREBY **APPROVES THE PROPOSED NOTICE OF CLASS ACTION SETTLEMENT AND THE CLAIM FORM TO BE SENT WITH THE NOTICE.**

4. The mailing to the present and last known address of present and former Class Members constitutes an effective method of notifying them of their rights with respect to the Class Action and Settlement.

ACCORDINGLY, IT IS HEREBY ORDERED that

a) On or before **AUGUST 29, 2008,** SIMPLURIS shall mail, by first class mail, postage pre-paid, the Notice and Claim Form to all present and former employees of CBS RADIO, INC., employed as Account Executives at any of its business establishments in California at any time during the period May 3, 2003 through June 30, 2008 ("Class Period".) All mailings shall be made to the present and/or last known mailing address of present and former employees based on a thorough examination of Defendant's records to ascertain such addresses. SIMPLURIS will perform address updates and verifications as necessary prior to this first mailing and will perform skip traces as required on returned undeliverable Notice packets. The Court finds that the mailing of notices and claim forms to present and former employees as set forth in this paragraph is the best means practicable by which to reach Class Members and is reasonable and adequate pursuant to all constitutional and statutory requirements including all due process requirements.

b) On or before **OCTOBER 8, 2008,** (40 days from the date the Notice is first mailed to the Class), SIMPLURIS shall mail a post-card to all members of the Class who have not

responded with the return of a Claim Form or a request for exclusion reminding them of the deadline in which to act to make a claim.

   c) Requests for exclusion mailed to SIMPLURIS must be postmarked on or before **OCTOBER 27, 2008**, (59 days from the date the Notice is first mailed to the Class), to be considered timely.

   d) Any objections to the Settlement must be filed with this Court, and timely served on the Claims Administrator in the manner provided in the Notice, on or before **OCTOBER 27, 2008** (59 days from the date the Notice is first mailed to the Class), to be considered timely.

   e) Claim Forms mailed to SIMPLURIS must be postmarked on or before **OCTOBER 27, 2008** (59 days from the date the Notice is first mailed to the Class), to be considered timely.

  5. IT IS FURTHER ORDERED that the Final Approval Hearing shall be held before the undersigned at 10:00 a.m. on **DECEMBER 5, 2008** at 10:00 a.m., the above-entitled court located at 450 Golden Gate Avenue, 17th Floor, Courtroom 1, to consider the fairness, adequacy and reasonableness of the proposed Settlement preliminarily approved by this Order of Preliminary Approval, and to consider the application of Class Counsel for an award of reasonable attorneys' fees, litigation expenses, class representative enhancements, and for costs of claims administration incurred.

  6. IT IS FURTHER ORDERED opening briefs in support of the proposed Settlement shall be served and filed with the Court on or before **OCTOBER 30, 2008.**

  7. IT IS FURTHER ORDERED that pending final determination of whether this proposed Settlement should be granted Final Approval, no Class Member, either directly or representatively, or in any other capacity, shall commence or prosecute any action or proceeding asserting any of the Released Claims, as defined in the Settlement Agreement, against Defendant CBS RADIO, INC. herein in any court.

  8. IT IS FURTHER ORDERED that any party to this case, including Class Members, may appear at the Final Approval Hearing in person or by counsel, and may be heard to the extent allowed by the Court, in support of or in opposition to, the Court's determination of the good faith, fairness, reasonableness and adequacy of the proposed Settlement, the requested attorneys' fees and litigation

expenses, and any Order of Final Approval and Judgment regarding such Settlement, fees and expenses; provided, however, that no person, except Class Counsel and counsel for Defendant shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice of Class Action Settlement, including the filing of a timely objection in writing, which conditions are incorporated herein.

9. IT IS FURTHER ORDERED that if for any reason the Court does not execute and file an Order of Final Approval, or if the Final Effective Date of settlement does not occur for any reason whatsoever, the proposed Settlement Agreement and the proposed Settlement subject of this Order and all evidence and proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties to the litigation as more specifically set forth in the Settlement Agreement.

10. IT IS FURTHER ORDERED that, pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time to time without further notice to the Class Members.

IT IS SO ORDERED.

Dated: August __, 2008

_____
UNITED STATES DISTRICT JUDGE